UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

FAYELYNN SAMS, Individually, and on
behalf of a class of all others similarly
situated,

                    Plaintiffs,

    v.

YAHOO! INC.,
                   Defendant.

Civil Action File No.
10-CV-03509-GET

## DEFENDANT YAHOO! INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3) AND 12(b)(6)

Defendant Yahoo! Inc. ("Yahoo!") hereby files its motion to dismiss the

complaint filed by Plaintiff Fayelynn Sams ("Sams") pursuant to Rule 12(b)(3) and

Rule 12(b)(6) of the Federal Rules of Civil Procedure and shows the Court as

follows:

## <u>INTRODUCTION</u>

Plaintiff Fayelynn Sams' complaint challenging Yahoo!'s production of

subscriber information in response to two valid state Grand Jury subpoenas should

be dismissed because: (a) it was filed in the wrong forum; (b) Yahoo! has complete

immunity for responding to grand jury subpoenas regardless of how they are

1

served; and, (c) Yahoo!'s contract with its users expressly contemplates the types of disclosures at issue.  Accordingly, this Court should dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(3) because venue is improper and under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim.

Sams' complaint in this case fails to discuss either the legal contract or the federal statute that controls this case.  As to the contract, the Terms of Service ("TOS") that governs Yahoo!'s relationships with its users (Exhibit A, Yahoo! Terms of Service, last updated November 24, 2008), plainly requires all actions to be filed in state or federal courts in California.  Similarly, her complaint contains no reference to the key immunity provision in the Stored Communications Act ("SCA"), 18 U.S.C. § 2703(e), which grants Yahoo! complete immunity for its compliance with valid court orders, warrants, or subpoenas, and not even Sams contests that the subpoenas were validly propounded, only the manner in which they were served.  Even if such immunity were somehow inapplicable, the complaint also should be dismissed because it contains no allegations that can overcome Yahoo!'s immunity under the alternate immunity provision contained in 18 U.S.C. § 2707(e).  Lastly, Plaintiff's state law claims for breach of contract are

contrary to the express terms of her agreement with Yahoo! and therefore barred as a matter of law.

## FACTUAL ALLEGATIONS[1]

Yahoo! is an international Internet company with a large network of properties and services that it offers to over 500 million users worldwide, many of which (for example, email) are offered for free. (Plaintiff's Complaint ("Compl.") ¶ 9.) Plaintiff has or had a free email account(s) with Yahoo!. (*Id.*) Plaintiff complains because Yahoo! provided unspecified user data to law enforcement in response to state grand jury subpoenas on or about December 2, 2008. (*Id.* at ¶ 5.)

As the attached subpoenas indicate, both were propounded to Yahoo! by a Chief Assistant District Attorney for the Southern Judicial Circuit and were signed by the Lowndes County Clerk of Court. (Ex. B at 2, Ex. C at 2). [2] Both subpoenas

-------------------

[1] Only the well pleaded factual allegations are accepted as true for purposes of this Motion to Dismiss. Except as expressly stated herein, Yahoo! does not admit the factual allegations contained in Plaintiff's Complaint.

[2] This Court may consider the actual Grand Jury subpoenas served upon Yahoo! as well as Yahoo!'s TOS when examining this motion to dismiss because the Complaint refers to and clearly is based upon them, they are material to Plaintiff's allegations, and their authenticity is not subject to reasonable dispute. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (documents referred to and central to complaint may be considered on motion to dismiss without converting motion to a motion for summary judgment). The Court may consider documents which are central to

were transmitted to Yahoo! via facsimile from the District Attorney's Office in

Valdosta, Georgia.  (Ex. B at 2, Ex. C at 2).  The first subpoena required

production of subscriber information for the Yahoo! ID lynnsams or

lynnsams@yahoo.com, including "name and address, date account created,

account status, Yahoo! E-mail address, alternate e-mail address, registration from

IP, date IP registered and login IP address associated with session time and dates"

in November of 2008.  (Ex. B at 3.)  The second subpoena required production of

"[a]ny and all I.P. login tracker for 'lynnsams' or 'lynnsams@yahoo.com'" for

dates in December 2008.  (Ex. C at 3.)  Both subpoenas required that Yahoo! not

reveal the existence of the subpoena to the subscriber.  (Ex. B at 3, Ex. C at 3).

The Complaint fails to mention or file with the Court the binding written

contract between Yahoo! and Sams, the TOS, and instead only alleges portions of

the Yahoo! Privacy Policy incorporated by reference.  As the attached screenshot

demonstrates, in order to register for a Yahoo! account, Ms. Sams (and all Yahoo!

---

plaintiff's claim whose authenticity is not challenged, whether the document is physically
attached to the complaint or not, without converting the motion into one for summary
judgment.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Maxcess, Inc. v. Lucent
Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).  While not attached to the
complaint, the TOS's authenticity is also not subject to reasonable dispute.  The TOS is
available at http://info.yahoo.com/legal/us/yahoo/utos/utos-173.html (Ex. A.)

users) must first indicate their acceptance of Yahoo!'s TOS.  (Ex. D, Screenshot of

Yahoo! Registration Process).  In the TOS, Plaintiff agreed not only to bring all

causes of action in California, but the express provisions foreclose the claims here:

> You acknowledge, consent and agree that Yahoo! may access,
> preserve and **disclose your account information and
> Content if required to do so by law or in a good faith belief
> that such access preservation or disclosure is reasonably
> necessary to: (i) comply with legal process**; (ii) enforce the
> TOS; (iii) respond to claims that any Content violates the
> rights of third parties; (iv) respond to your requests for
> customer service; or (v) protect the rights, property or personal
> safety of Yahoo!, its users and the public.

(Ex. C ¶ 6 (emphasis added).)  Plaintiff alleges that Yahoo! breached the Privacy

Policy by "unlawfully accepting as valid legal process subpoenas or warrants faxed

from outside California.  (Compl. ¶ 90.)  Plaintiff, of course, was unable to and did

not allege that the Grand Jury subpoenas were not issued by valid law enforcement

agencies, that they lacked signatures (or other indicia of authenticity), or that a

reasonable person would believe that the subpoenas or warrants were false.  (*See*

Compl. ¶¶ 15, 17-18.)  Plaintiff's key omissions are fatal to her claims as they do

nothing to suggest that federal immunity is not properly applied to Yahoo!.

Similarly, Plaintiff's allegations related to the incorporated Privacy Policy

do not save her claim.  (Compl. ¶¶ 13, 77.)  The Privacy Policy provides:

5

> We respond to subpoenas, court orders, or legal process, or to establish or exercise our legal rights or defend against legal claims.
> We believe it is necessary to share information in order to investigate, prevent, or take action regarding illegal activities, suspected fraud, situations involving potential threats to the physical safety of any person, violations of Yahoo!'s terms of use, or as otherwise required by law.

(Ex. A to Compl., *see* Compl. ¶ 13.) Plaintiff's assertion that the above statement constitutes a "claim" by Yahoo! that it "conform[s] with the strict requirements of the applicable federal statutes when releasing personal and private user information and data..." is a fanciful interpretation of the agreement at odds with its express terms and, as described above, with Yahoo!'s TOS. (Compl. ¶ 14)  The TOS and the Privacy Policy make it clear that Yahoo! may respond to valid law enforcement requests where it has a good faith belief that disclosure is necessary to comply with legal process.  Plaintiff does not contest that the subpoenas were properly issued by law enforcement, only that Yahoo! violated the SCA by accepting and responding to such process by fax.

## ARGUMENT AND CITATION OF AUTHORITIES

### I.      Standard of Review

Where, as here a contractual forum selection clause is mandatory and not permissive, a  motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) is properly

6

granted. *First State Bank of Nw. Ark. v. Ga. 4-S Inves.* LLLP, No. 1:09-CV-2828-ODE, 2010 WL 2228450 at *1 (N.D. Ga. April 1, 2010); *see also Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998).

Under Fed. R. Civ. P. 12(b)(6), a court should grant a motion to dismiss where the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 29 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F.2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). However, this is inapplicable if the allegations are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1940. Where, as here, the federal statutory immunity bars all of plaintiff's claims, dismissal without leave to amend should be granted.

## II.    The Terms of Service Mandates Dismissal.

The Yahoo! TOS, not the Yahoo! Privacy Policy, is the key contract between Yahoo! and Sams.  The TOS requires dismissal in this case because Plaintiff agreed to bring all causes of action in California.  The Privacy Policy, which Plaintiff relied on in her Complaint, only becomes part of the agreement between Yahoo! and its users through Yahoo!'s TOS.  (Ex. A ¶4).  Ms. Sams (like all Yahoo! users) indicated her acceptance of Yahoo!'s TOS as part of the registration process.  (Ex. D).  Sams does not allege that she did not assent to Yahoo!'s TOS nor that the TOS is otherwise inapplicable.  In fact, her express reliance on the Privacy Policy indicates the contrary.

Yahoo!'s TOS contains a mandatory forum selection clause that covers all claims arising out of Yahoo!'s relationship with its users.[3]

> *Choice of Law and Forum.*  You and Yahoo! each agree that
> the TOS and the relationship between the parties shall be
> governed by the laws of the State of California without regard
> to its conflict of law provisions and that **any and all claims,**
> **causes of action or disputes (regardless of theory) arising**
> **out of or relating to the TOS**, or the relationship between

---

[3] Forum selection clauses are equally applicable to contract and other causes of action where interpretation of the contract is integral to resolution of the other causes of action. *See Bancomer, S.A. v. Super. Ct.*, 52 Cal. Rptr. 2d 435, 442-43 (Cal. Ct. App. 1996); *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509 (9th Cir. 1988).

>you and Yahoo!, **shall be brought exclusively** in the courts
>located in the county of Santa Clara, California or the U.S.
>District Court for the Northern District of California. You and
>Yahoo! agree to submit to the personal jurisdiction of the
>courts located within the county of Santa Clara, California or
>the Northern District of California, and agree to waive any and
>all objections to the exercise of jurisdiction over the parties by
>such courts and to venue in such courts.

(Yahoo! TOS ¶ 27 (emphasis added).)[4]  Eleventh Circuit case law is clear that a

forum selection clause, such as this one, which states that "[v]enue **shall** be in

Broward County," is mandatory and not permissive, and thus compels dismissal of

this action. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269,

1272 (11th Cir.2004) (emphasis added).

    The forum selection clause should not be ignored.  Plaintiff bears the burden

of demonstrating the invalidity of the clause and will be unable to do so in this

case.  Forum-selection clauses are presumptively valid and enforceable unless

enforcement would be unfair or unreasonable under the circumstances.  *Krenkel v.

Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279 (11th Cir. 2009); *M/S Bremen v. Zapata

Off-Shore Co.*, 407 U.S. 1 (1972).  "A forum-selection clause will be invalidated

---

[4] The TOS also contains a one year statute of limitations.  (Ex. A ¶ 27).  The defined
class, which includes all users whose information was disclosed after January 1, 2006
thus cannot survive a motion to dismiss.

9

when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281.

None of those factors support invalidating Yahoo!'s TOS. Courts routinely uphold online click through agreements,[5] including forum selection clauses, regardless of whether plaintiffs alleged that they have read the terms, where assent is a prerequisite for installing software or using a service.[6] Plaintiff is not deprived of her day in court or of a remedy because of any inconvenience or unfairness by

---

[5] *See, e.g., Specht v. Netscape Commc'ns. Corp.*, 306 F.3d 17, 22 n. 4 (2d Cir.2002); *DeJohn v. The. TV Corp. Int'l*, 245 F. Supp. 2d 913, 921 (N.D. Ill. 2003). *See also ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1451 (7th Cir. 1996) (upholding the enforceability of "shrinkwrap" agreements contained inside boxed and sold computer software).

[6] *See Burcham v. Expedia, Inc.*, No. 4:07CV1963 CDP, 2009 WL 586513 at *2 (E.D. Mo. Mar. 6, 2009); *Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F. Supp. 2d 756, 783 (N.D. Tex. 2006) (noting that where installation of software without assent to terms is impossible, claim that plaintiff did not see or read terms is without merit.); *see also Imageline, Inc. v. Fotolia LLC*, 663 F. Supp. 2d 1367, 1379 (N.D. Ga. 2009) (upholding a forum selection clause in a "click-wrap" agreement in determining that the court did not have personal jurisdiction over defendant); *Hughes v. McMenamon*, 204 F. Supp. 2d 178, 180-81 (D. Mass. 2002) (upholding forum selection clause in email TOS); *Forrest v. Verizon CommCommc'ns, Inc.*, 805 A. 2d 1007, 1010 (D.C. 2002) (enforcing forum selection clause found in final section of on-line terms and conditions available for review in on-line scroll box).

litigating in California, and it is not unduly burdensome for her to bring these

purported nationwide class claims in California as she agreed.[7]  Indeed, the forum

selection is an integral part of allowing service providers like Yahoo! to provide

free or low cost Internet services such as email to subscribers across the United

States, and to avoid inconsistency in interpretation of its global TOS.  Such varied

interpretations would leave Yahoo! with conflicting duties and render it unlikely or

unable to offer its services for free.  Finally, all of the witnesses, documents and

other information (apart from the Plaintiff) are located in California, including the

personnel who responded to the subpoenas at issue, not Georgia.  Accordingly, the

case should be dismissed under Fed. R. Civ. P. 12(b)(3).

---

[7] *See P&S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003)
("The financial difficulty that a party might have in litigating in the selected forum is not
a sufficient ground by itself for refusal to enforce a valid forum selection clause.");
*Hughes*, 204 F. Supp. 2d at 181 (upholding forum selection clause in  online agreement,
rejecting claim that clause was burdensome); *see Bonny v. Soc'y of Lloyd's,* 3 F.3d 156,
160 n.11 (7th Cir. 1993) ("party's financial status at any given time in the course of
litigation cannot be the basis for enforcing or not enforcing a valid forum selection
clause."); *Seung v. Regent Seven Seas Cruises, Inc.*, No. 10-10810, 2010 WL 3273535 at
*1 (11th Cir. Aug. 19, 2010).

**III.   Yahoo!'s Immunity From Suit Under The Stored Communications Act Mandates That Plaintiff's Claims Be Dismissed With Prejudice.**

Dismissal with prejudice pursuant to Rule 12(b)(6) is warranted because Yahoo! has broad immunity from suit in responding to law enforcement legal process, and further amendment is futile. *See, e.g., Sibley v. Lando,* 437 F.3d 1067, 1073-74 (11th Cir. 2005) (holding that a trial court's denial of a motion for leave to amend a complaint was not erroneous because amendment would be futile where the claims against the defendants were barred by judicial immunity).

   *A.    The SCA's Two Immunity Provisions Bar Plaintiff's Claims*

The SCA, 18 U.S.C. §§ 2701 *et seq.*, contains two separate immunity provisions:  (1) Section § 2703(e), which provides complete immunity to any provider of wire or electronic communications service for compliance "with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter;" and (2) Section 2707(e), which provides a defense for a provider *even if* a defendant exceeds the terms of the subpoena and produces information not called for by the subpoena so long as the provider responds in good faith. *See United States v. Councilman,* 418 F.3d 67, 83-84 & n.16 (1st Cir. 2005) (analyzing identical immunity provision under the Wiretap Act 18 U.S.C.

§ 2520(d)).[8] Section 2703(e) is the basic immunity provision, and Section 2707(e)
provides for additional immunity if the legal process later turns out to be deficient
or if it requires production of information not allowed under the SCA as long as the
provider acts in good faith.

Plaintiff shockingly makes no mention of the complete immunity afforded to
providers under § 2703(e), and contests only the good faith immunity contained in
§ 2707(e). As set forth below, § 2703(e) immunity applies to this case where
Yahoo! complied with the terms of two grand jury subpoenas, and § 2707(e)
immunity likewise applies because Plaintiff lacks standing to contest Yahoo!'s
decision to waive formal service requirements, and such a decision does not
undermine Yahoo!'s good faith.

  1. Section 2703(e) of the SCA Bars Plaintiffs Claims

Section 2703(e) provides that a provider is immune from suit if it complies
with the terms of a valid court order, warrant, subpoena, statutory authorization, or
certification:

---

[8] Thus, there are actually three immunity provisions in the Electronic Communications
Privacy Act ("ECPA") if the immunity provision in the Wiretap Act for interceptions and
disclosures under that statute is included. *See* 18 U.S.C. § 2520(d). That immunity
parallels immunity under § 2707(e) and would apply to any claim that Yahoo! violated
the Wiretap Act.

> **No cause of action against a provider disclosing information under this chapter.** — No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter.

18 U.S.C. § 2703(e).

Although Plaintiff wholly ignores Section 2703(e), she cannot allege that Yahoo! is not a provider of wire or electronic communication service, or that its employees provided information other than in accordance with a court order, warrant, subpoena, statutory authorization, or certification within the meaning of the section. Instead, she only alleges that the manner in which the grand jury subpoenas were served is improper, arguing that Yahoo! is not entitled to immunity because it did not insist upon personal service. The decision not to object to improper service, however, is not a basis to override Yahoo!'s clear statutory immunity.

The court in *Booker v. Dominion Virginia Power*, No. 3:09-cv-759, 2010 WL 1848474 (E.D. Va. May 7, 2010), considered and rejected the identical claim Plaintiff raises here. In *Booker*, the plaintiff brought invasion of privacy claims against a power company and a telecommunications provider based upon

14

acceptance of subpoenas via facsimile.  Rejecting those claims, the court stated

that "the right to insist on service by a particular means is a right personal to [the

recipient of a subpoena] that [Plaintiff] lacks standing to challenge."  *Id.* at *5.

The *Booker* court specifically found that the immunity provided under 18 U.S.C.

§ 2703(e) "bars *any* cause of action against a … provider for providing information

in response to a subpoena."  *Id.* at *7.  As in this case, the only allegation in

*Booker* was that service was improper—not that the subpoenas themselves were

defective.  Sams does not allege that Yahoo! acted beyond the scope of the

subpoenas, that Yahoo! provided more information than requested by the

subpoenas, that the subpoenas were not actually issued by duly authorized law

enforcement officials or that they were not genuine.  Accordingly, as in *Booker*,

this Court should reject the claim based on improper service by fax and dismiss

this case under Section 2703(e).

### 2.    Section 2707(e) of the SCA Bars Plaintiff's Claims

Even if § 2703(e)'s immunity provision were inapplicable, Section 2707(e)

would nevertheless provide a complete defense to Plaintiff's claims.  Section

2707(e) states that a provider is entitled to immunity if it demonstrates:

> A good faith reliance on—
>> (1) a court warrant or order, a grand jury subpoena, a legislative authorization, or a statutory authorization (including a request of a governmental entity under section 2703(f) of this title);
>> (2) a request of an investigative or law enforcement officer under section 2518(7) of this title; or
>> (3) a good faith determination that section 2511(3) of this title permitted the conduct complained of[.]

A good faith defense may be shown where a defendant "'can demonstrate (1) that he had a subjective good faith belief that he acted legally pursuant to a court order; and (2) that this belief was reasonable.'" *Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638, 648 (E.D. Va. 2004) (quoting *Jacobson v. Rose,* 592 F.2d 515, 523 (9th Cir.1978)); *see also In re Application of the United States for a Nunc Pro Tunc Order for Disclosure of Telecomms. Records*, 352 F. Supp. 2d 45, 47 (D. Mass. 2005) (provider is entitled to immunity for complying with a request for an emergency production of records pursuant to 18 U.S.C § 2702(c)(4)); *Jayne v. Sprint PCS*, No. CIV S-07-2522 LKK GGH P, 2009 WL 426117 at *7 (E.D. Cal. Feb. 20, 2009) (provider entitled to dismissal with prejudice for compliance with request for emergency production)).

Plaintiff alleges nothing to demonstrate that Yahoo! lacked a good faith belief that it acted lawfully in response to legal process. In *McCready v. eBay,*

*Inc.*, 453 F.3d 882 (7th Cir. 2006), the Seventh Circuit addressed the 2707(e) good faith defense and held that the provider was entitled to immunity where it had no reason to believe a subpoena was "phony." *Id.* at 892.[9]  In so holding, the Court noted that the subpoena had been issued by a federal district court, quoted the applicable federal rules correctly, and was received by mail.

As in *McCready*, the subpoenas at issue contained no indicia supporting a reasonable interpretation that they were "phony."  The subpoenas were issued by state courts and Plaintiff alleges no facial defects, just that they were received by facsimile.  Yahoo!, however, regularly accepts valid subpoenas by facsimile and there was nothing about that method of service that would indicate the valid subpoenas were not legitimate.  In fact, the facsimile transmissions all support the

─────────────────

[9] The legislative history comports with this interpretation of the Seventh Circuit's reasoning.  The Senate report accompanying the adoption of the identical immunity provision in 18 U.S.C. § 2520 provisions makes clear what a complaint must allege to avoid this bar:

> The complaint must allege that a wire or electronic communications service provider (or one of its employees) ... (b) acted without a facially valid court order or certification; (c) acted beyond the scope of a court order or certification; or (d) acted on bad faith.  Acting in bad faith would include failing to read the order or collusion.  If the complaint fails to make any of these allegations, the defendant can move to dismiss the complaint for failure to state a claim upon which relief can be granted.

S. Rep. No. 99-541, at 26 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 2580.

17

view that the grand jury subpoenas were genuine. The facsimile cover sheets indicate that the District Attorney of the Southern Judicial Circuit (J. David Miller) caused them to be issued (Ex. B at 1, Ex. C at 1). The facsimile transmission stamp also indicated that it came from the District Attorney's office. (*Id.*) The number from which the valid subpoenas were transmitted matches the number on the printed letterhead from the District Attorney's office. (*Id.*) Moreover, Yahoo!'s response to the first valid subpoena was received by the proper office and the response caused law enforcement to respond with additional process. (Ex. C). Even today (two years later), an Internet search of that facsimile number shows that it corresponds to the District Attorney's office in Valdosta, Georgia.[10] Lastly, the subpoenas contain the signature of Sara L. Crow, the Clerk of Superior Court in Lowndes County, Georgia. (Ex. B. at 3, Ex. C at 3). Accordingly, while Plaintiff complains only of the manner of service, there was no reasonable basis for Yahoo! to believe the valid subpoena was not what it purported to be – and – was a lawful subpoena issued at the request of the District Attorney.

---

[10] *See* http://www.southernjudicialcircuit.com/sodr.htm

## IV.   Plaintiff Cannot Contest Yahoo!'s Decision to Waive Rights Personal to Yahoo!.

Only Yahoo! can object to or contest the method of service used by the government.  As the one court has explained, "any defect in the method of service employed here threatens only the rights of the served party .... Accordingly, [Plaintiff] lacks standing to object to the method of service employed." *Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.*, 45 F. Supp. 2d 982, 984 (C.D. Cal. 1999).[11]  Indeed, "[t]he rules of service ... are designed to protect the *served* party's rights and interests and any defect in service must be complained of by the *served* party, or not at all." *Id.* (emphasis added).[12]  Similarly, courts in this Circuit have also recognized the personal nature of certain rights relating to the service of subpoenas in other contexts, holding that a party lacks standing to challenge valid

---

[11] *Cf. United States v. Tomison*, 969 F. Supp. 587, 596 (E.D.Cal.1997) (Government lacks standing to move to quash subpoena served on third party as "unreasonable or oppressive" because "the government lacks the sine qua non of standing, an injury in fact relative to th[e] grounds [for the proposed challenge]."); *United States v. Evans*, 574 F.2d 1287, 1288 (5th Cir.1978) ("Evans lacks standing to object that records admitted at his trial were obtained from his employer through an administrative summons rather than by subpoena or search warrant.").

[12] *See United States v. Viltrakis*, 108 F.3d 1159, 1160-61 (9th Cir.1997) (collecting decisions that "turn on the principle that the person served with process is the proper party to allege error"); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Col. 1997) (defendant lacks standing to move to quash third-party subpoena on grounds of defective service).

subpoenas served on another "on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).[13]  Rules regarding service of process are thus intended to protect only the *recipient* of the process, not the individual whose records are sought.

Georgia law does not change this analysis or provide Plaintiff with a means to challenge service of process.  The valid subpoena in this case was issued pursuant to O.C.G.A. § 17-7-190 which does not provide Plaintiff with a means of challenging service.  Like the federal statute authorizing the issuance of an administrative subpoena in *Booker*, there is no provision in Georgia law that provides a plaintiff with an express right to challenge a grand jury subpoena issued to a third party based on improper service.  As such, Plaintiff cannot challenge the alleged defects in service of process.

Plaintiff also alleges that warrants and valid subpoenas have no effect outside the jurisdiction where they are issued.  (Compl. ¶ 15, 18.)  But, as is the

---

[13] *See also* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice And Procedure Civil 2D § 2035 ("A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person.")

case with service of process, Yahoo!'s right to assert a defense for lack of personal

jurisdiction is a right personal to it, and as such may be waived in the same way as

Yahoo!'s right to insist on service of process. *Ins. Corp. of Ir., Ltd. v. Compagnie*

*des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) (The right to insist on personal

jurisdiction is "first of all an individual right" and "it can, like other such rights, be

waived"); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("[A] party

may insist that the limitation be observed, or he may forgo that right, effectively

consenting to the court's exercise of adjudicatory authority.").[14]

In addition to Yahoo!'s ability to waive a personal jurisdiction defense,

Yahoo! may well be subject to jurisdiction in most states, including Georgia, at

least for the purpose of providing responses to Grand Jury subpoenas and warrants

seeking information related to local subscribers. As such, many of the objections

to jurisdiction that Plaintiff argues Yahoo! should have raised would have been

futile, and in all cases would have significantly increased Yahoo!'s costs. Indeed,

by filing this Complaint, Plaintiff assumes that Georgia courts have personal

---

[14] *See also* Cal. Penal Code § 1524.2(c), which states that electronic communications
services in California must accept out of state warrants as if those warrants were issued
by a California court.

jurisdiction over Yahoo!.  Here, as with the Grand Jury subpoenas, it is up to

Yahoo! and Yahoo! alone to decide whether it will contest jurisdiction.

**V.     Plaintiff Fails to State a Claim for Breach of Contract or Breach of the
         Implied Duty of Good Faith and Fair Dealing**

Yahoo!'s TOS and Privacy Policy permit Yahoo! to produce documents in

response to facially valid legal process, without requiring it to first contest personal

jurisdiction or proper service in every forum:

> You acknowledge, consent and agree that Yahoo! may access,
> preserve and disclose your account information and Content if
> required to do so by law or in a good faith belief that such
> access preservation or disclosure is reasonably necessary to:
> (i) comply with legal process; (ii) enforce the TOS; (iii)
> respond to claims that any Content violates the rights of third
> parties; (iv) respond to your requests for customer service; or
> (v) protect the rights, property or personal safety of Yahoo!,
> its users and the public.

(Ex. A at ¶ 6.)  The TOS unambiguously states that users *consent* to the production

of information when Yahoo! is required to do so by law or when disclosure is

*reasonably necessary* to comply with legal process.  There is no indication that

Yahoo! contractually agreed to assert any particular defenses to legal process or to

insist on personal service of subpoenas.  In fact, Plaintiff's allegation that Yahoo!

"claims to conform with the strict requirements of the applicable federal statutes"

22

is consistent only with an interpretation that Yahoo! will, in fact, comply with the SCA and the Wiretap Act—neither of which require Yahoo! to assert the personal defense of improper service of process or lack of personal jurisdiction. (Compl. ¶ 17). As such, the immunity provisions in the SCA and the Wiretap Act also preclude Plaintiff's breach of contract claims.

## VI.   Plaintiff Lacks Standing to Bring Any Claims Based on Improper Compliance with a Warrant or Improper Disclosure of the Contents of Communications

Because Plaintiff did not have any of the content of her communications disclosed to law enforcement, nor were disclosures made pursuant to a warrant, she lacks standing to bring claims on behalf of those classes of individuals.  Class representatives must have standing on the issues as to which they seek adjudication. *Bailey v. Patterson,* 369 US 31, 32 (1962).  A plaintiff may not seek relief for any putative class member unless he or she alone can establish the requisite case or controversy. *See Simon v. E. Ky. Welfare Rights Org.,* 426 U.S. 26, 40 n.20 (1976) (quoting *Warth v. Seldin,* 422 U.S. 490, 502 (1975)) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other,

unidentified members of the class to which they belong and which they purport to represent.'"). Accordingly, to bring suit against Yahoo!, Plaintiff must show that she *personally* "has actually been injured by the defendant's challenged conduct." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001 (9th Cir. 2001) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000)).

 As demonstrated by Exhibits B and C, Plaintiff's subscriber information was requested pursuant to a facially valid subpoena—not a warrant, and in accordance with the SCA, the information disclosed was non-content information. *Compare* 18 U.S.C. § 2703(a), *with* § 2703(c). Plaintiff therefore was not injured by the alleged acceptance of warrants by facsimile or by the disclosure of content. Consequently, Plaintiff may not assert any claims for improper compliance with a warrant.[15] Furthermore, Plaintiff's Wiretap Act claims based on violations of 18 U.S.C. § 2511 must be dismissed, as that claim requires the disclosure of the

---

[15] Even if Plaintiff had standing, California law specifically allows for the acceptance of out of state warrants served by facsimile. Cal. Penal Code § 1524.2(C)

content of communications, not merely subscriber records.  *See e.g.* 18 U.S.C.

§ 2703 (distinguishing between content and subscriber records).[16]

## CONCLUSION

For the foregoing reasons, Yahoo!'s motion to dismiss under Fed. R. Civ. P.

12(b)(3) for improper venue should be granted.  Additionally, immunity plainly

exists pursuant to the Stored Communications Act and cannot be cured by further

amendment, the Court should grant the motion to dismiss pursuant to Fed. R. Civ.

P. 12(b)(6) without leave to amend.

This 4th day of November, 2010.

<div style="margin-left:40%">

/s/ Jeanine G. Garvie, Esq.

Christian S. Genetski, Esq.
Georgia Bar No. 289715
Marc J. Zwillinger, Esq.
*Pro Hac Vice Application Pending*
ZWILLINGER GENETSKI LLP
1705 N Street, NW
Washington, D.C.  20036
Phone:  (202) 296-3585
Fax:  (202) 706-5298
christian@zwillgen.com
marc@zwillgen.com

</div>

---

[16] The Wiretap Act, 18 U.S.C. § 2520(e) provides an identical good faith defense to 2707(d).  As such, for the reasons stated in above Plaintiffs claims under the Wiretap Act should also be dismissed.

Jeanine G. Garvie, Esq.
Georgia Bar No. 292590
Candice Wilson, Esq.
Georgia Bar No. 118221
MCKENNA LONG & ALDRIDGE LLP
303 Peachtree St. NE
Suite 5300
Atlanta, Georgia 30308
Phone:  (404) 527-4000
Fax:  (404) 527-4198
jgarvie@mckennalong.com
cvwilson@mckennalong.com

*Attorneys for Defendant Yahoo! Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| FAYELYNN SAMS, Individually, and on behalf of a class of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>YAHOO! INC.,<br>                    Defendant. | CIVIL ACTION FILE NO.<br>10-CV-03509-GET |

**CERTIFICATE UNDER LOCAL RULE 7.1(D)**

Pursuant to Local Rule 7.1(D), I certify that the foregoing pleading is a computer-generated document, prepared in Times New Roman, 14-point font and that the document does not contain more than 10 characters per inch of type, in accordance with Local Rule 5.1(B).

This 4th day of November, 2010

/s/ Jeanine G. Garvie, Esq.
Jeanine G. Garvie, Esq.
Georgia Bar No. 292590
MCKENNA LONG & ALDRIDGE LLP

27

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

FAYELYNN SAMS, Individually, and on
behalf of a class of all others similarly
situated,

                Plaintiffs,

v.

YAHOO! INC.,

                Defendant.

No.  10-CV-03509-GET

**CERTIFICATE OF SERVICE**

I hereby certify that on  November 4, 2010, I electronically filed

DEFENDANT **YAHOO! INC.'S MEMORANDUM OF LAW IN**

**SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R.**

**CIV. P. 12(b)(3) AND 12(b)(6)** with the Clerk of Court using CM/ECF

system which will automatically send email notification of such filing to the

following attorneys of record:

        Joshua A. Millican
        Law Offices of Joshua A. Millican, P.C.
        44 Broad Street NW
        Suite 607
        Atlanta, GA 30303
        (404) 522-1152
        joshua.millican@lawofficepc.com

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Anthony J. Morgese
> Morgese Law Firm
> 3233 S. Cherokee Lane
> Building 1000
> Woodstock, GA 30188
> (770) 517-6711

> /s/ Jeanine G. Garvie, Esq.
> Jeanine G. Garvie, Esq.
> Georgia Bar No. 292590
> MCKENNA LONG & ALDRIDGE LLP
> 303 Peachtree St. NE
> Suite 5300
> Atlanta, Georgia 30308
> Phone:  (404) 527-4000
> Fax:  (404) 527-4198
> jgarvie@mckennalong.com

# EXHIBIT A

Yahoo! Terms of Service

Email     Print

# Yahoo! Terms of Service

1. ACCEPTANCE OF TERMS

   Yahoo! Inc. ("Yahoo!") welcomes you. Yahoo! provides the Yahoo! Services (defined below) to you subject to the following Terms of Service ("TOS"), which may be updated by us from time to time without notice to you. You can review the most current version of the TOS at any time at: http://info.yahoo.com/legal/us/yahoo/utos/utos-173.html. By accessing and using the Yahoo! Services, you accept and agree to be bound by the terms and provision of the TOS. In addition, when using particular Yahoo! owned or operated services, you and Yahoo! shall be subject to any posted guidelines or rules applicable to such services, which may be posted and modified from time to time. All such guidelines or rules (including but not limited to our Spam Policy) are hereby incorporated by reference into the TOS. Yahoo! may also offer other services that are governed by different Terms of Service. For instance, different terms apply to members of AT&T Yahoo! Dial or AT&T Yahoo! High Speed.

2. DESCRIPTION OF YAHOO! SERVICES

   Yahoo! provides users with access to a rich collection of resources, including without limitation various communications tools, forums, shopping services, search services, personalized content and branded programming through its network of properties which may be accessed through any various medium or device now known or hereafter developed (the "Yahoo! Services"). You also understand and agree that the Yahoo! Services may include advertisements and that these advertisements are necessary for Yahoo! to provide the Yahoo! Services. You also understand and agree that the Yahoo! Services may include certain communications from Yahoo!, such as service announcements, administrative messages and the Yahoo! Newsletter, and that these communications are considered part of Yahoo! membership and you will not be able to opt out of receiving them. Unless explicitly stated otherwise, any new features that augment or enhance the current Yahoo! Services, including the release of new Yahoo! properties, shall be subject to the TOS. You understand and agree that the Yahoo! Services is provided "AS-IS" and that Yahoo! assumes no responsibility for the timeliness, deletion, mis-delivery or failure to store any user communications or personalization settings. You are responsible for obtaining access to the Yahoo! Services, and that access may involve third-party fees (such as Internet service provider or airtime charges). You are responsible for those fees, including those fees associated with the display or delivery of advertisements. In addition, you must provide and are responsible for all equipment necessary to access the Yahoo! Services.

   You understand that the technical processing and transmission of the Yahoo! Services, including your Content, may involve (a) transmissions over various networks; and (b) changes to conform and adapt to technical requirements of connecting networks or devices.

   Please be aware that Yahoo! has created certain areas on the Yahoo! Services that contain adult or mature content. You must be at least 18 years of age to access and view such areas.

3. YOUR REGISTRATION OBLIGATIONS

   In consideration of your use of the Yahoo! Services, you represent that you are of legal age to form a binding contract and are not a person barred from receiving the Yahoo! Services under the laws of the United States or other applicable jurisdiction. You also agree to: (a) provide true, accurate, current and complete information about yourself as prompted by the Yahoo! Service's registration form (the "Registration Data") and (b)

maintain and promptly update the Registration Data to keep it true, accurate, current and complete. If you provide any information that is untrue, inaccurate, not current or incomplete, or Yahoo! has reasonable grounds to suspect that such information is untrue, inaccurate, not current or incomplete, Yahoo! has the right to suspend or terminate your account and refuse any and all current or future use of the Yahoo! Services (or any portion thereof). Yahoo! is concerned about the safety and privacy of all its users, particularly children. For this reason, parents of children under the age of 13 who wish to allow their children access to the Yahoo! Services must create a Yahoo! Family Account. When you create a Yahoo! Family Account and add your child to the account, you certify that you are at least 18 years old and that you are the legal guardian of the child/children listed on the Yahoo! Family Account. By adding a child to your Yahoo! Family Account, you also give your child permission to access many areas of the Yahoo! Services, including, email, message boards and instant messaging (among others). Please remember that the Yahoo! Services is designed to appeal to a broad audience. Accordingly, as the legal guardian, it is your responsibility to determine whether any of the Yahoo! Services areas and/or Content (as defined in Section 6 below) are appropriate for your child.

4.  YAHOO! PRIVACY POLICY

Registration Data and certain other information about you are subject to our applicable privacy policy. For more information, see the full Yahoo! Privacy Policy at http://info.yahoo.com/privacy/us/yahoo/, or if you came from Yahoo! Kids, then see our Yahoo! Kids Privacy Policy at http://info.yahoo.com/privacy/us/yahoo/kids. You understand that through your use of the Yahoo! Services you consent to the collection and use (as set forth in the applicable privacy policy) of this information, including the transfer of this information to the United States and/or other countries for storage, processing and use by Yahoo! and its affiliates.

5.  MEMBER ACCOUNT, PASSWORD AND SECURITY

You will receive a password and account designation upon completing the Yahoo! Service's registration process. You are responsible for maintaining the confidentiality of the password and account and are fully responsible for all activities that occur under your password or account. You agree to (a) immediately notify Yahoo! of any unauthorized use of your password or account or any other breach of security, and (b) ensure that you exit from your account at the end of each session. Yahoo! cannot and will not be liable for any loss or damage arising from your failure to comply with this Section 5.

6.  MEMBER CONDUCT

You understand that all information, data, text, software, music, sound, photographs, graphics, video, messages, tags, or other materials ("Content"), whether publicly posted or privately transmitted, are the sole responsibility of the person from whom such Content originated. This means that you, and not Yahoo!, are entirely responsible for all Content that you upload, post, email, transmit or otherwise make available via the Yahoo! Services. Yahoo! does not control the Content posted via the Yahoo! Services and, as such, does not guarantee the accuracy, integrity or quality of such Content. You understand that by using the Yahoo! Services, you may be exposed to Content that is offensive, indecent or objectionable. Under no circumstances will Yahoo! be liable in any way for any Content, including, but not limited to, any errors or omissions in any Content, or any loss or damage of any kind incurred as a result of the use of any Content posted, emailed, transmitted or otherwise made available via the Yahoo! Services.

You agree to not use the Yahoo! Services to:

    a. upload, post, email, transmit or otherwise make available any Content that is unlawful, harmful, threatening, abusive, harassing, tortious, defamatory, vulgar, obscene, libelous, invasive of another's privacy, hateful, or racially, ethnically or otherwise objectionable;

    b. harm minors in any way;

c.  impersonate any person or entity, including, but not limited to, a Yahoo! official, forum leader, guide or host, or falsely state or otherwise misrepresent your affiliation with a person or entity;

d.  forge headers or otherwise manipulate identifiers in order to disguise the origin of any Content transmitted through the Yahoo! Service;

e.  upload, post, email, transmit or otherwise make available any Content that you do not have a right to make available under any law or under contractual or fiduciary relationships (such as inside information, proprietary and confidential information learned or disclosed as part of employment relationships or under nondisclosure agreements);

f.  upload, post, email, transmit or otherwise make available any Content that infringes any patent, trademark, trade secret, copyright or other proprietary rights ("Rights") of any party;

g.  upload, post, email, transmit or otherwise make available any unsolicited or unauthorized advertising, promotional materials, "junk mail," "spam," "chain letters," "pyramid schemes," or any other form of solicitation, except in those areas (such as shopping) that are designated for such purpose (please read our complete Spam Policy);

h.  upload, post, email, transmit or otherwise make available any material that contains software viruses or any other computer code, files or programs designed to interrupt, destroy or limit the functionality of any computer software or hardware or telecommunications equipment;

i.  disrupt the normal flow of dialogue, cause a screen to "scroll" faster than other users of the Yahoo! Services are able to type, or otherwise act in a manner that negatively affects other users' ability to engage in real time exchanges;

j.  interfere with or disrupt the Yahoo! Services or servers or networks connected to the Yahoo! Services, or disobey any requirements, procedures, policies or regulations of networks connected to the Yahoo! Services, including using any device, software or routine to bypass our robot exclusion headers;

k.  intentionally or unintentionally violate any applicable local, state, national or international law, including, but not limited to, regulations promulgated by the U.S. Securities and Exchange Commission, any rules of any national or other securities exchange, including, without limitation, the New York Stock Exchange, the American Stock Exchange or the NASDAQ, and any regulations having the force of law;

l.  provide material support or resources (or to conceal or disguise the nature, location, source, or ownership of material support or resources) to any organization(s) designated by the United States government as a foreign terrorist organization pursuant to section 219 of the Immigration and Nationality Act;

m.  "stalk" or otherwise harass another; and/or

n.  collect or store personal data about other users in connection with the prohibited conduct and activities set forth in paragraphs a through m above.

You acknowledge that Yahoo! may or may not pre-screen Content, but that Yahoo! and its designees shall have the right (but not the obligation) in their sole discretion to pre-screen, refuse, or remove any Content that is available via the Yahoo! Services. Without limiting the foregoing, Yahoo! and its designees shall have the right to remove any Content that violates the TOS or is otherwise objectionable. You agree that you must evaluate, and bear all risks associated with, the use of any Content, including any reliance on the

accuracy, completeness, or usefulness of such Content. In this regard, you acknowledge that you may not rely on any Content created by Yahoo! or submitted to Yahoo!, including without limitation information in Yahoo! Message Boards and in all other parts of the Yahoo! Services.

You acknowledge, consent and agree that Yahoo! may access, preserve and disclose your account information and Content if required to do so by law or in a good faith belief that such access preservation or disclosure is reasonably necessary to: (i) comply with legal process; (ii) enforce the TOS; (iii) respond to claims that any Content violates the rights of third parties; (iv) respond to your requests for customer service; or (v) protect the rights, property or personal safety of Yahoo!, its users and the public.

You understand that the Yahoo! Services and software embodied within the Yahoo! Services may include security components that permit digital materials to be protected, and that use of these materials is subject to usage rules set by Yahoo! and/or content providers who provide content to the Yahoo! Services. You may not attempt to override or circumvent any of the usage rules embedded into the Yahoo! Services. Any unauthorized reproduction, publication, further distribution or public exhibition of the materials provided on the Yahoo! Services, in whole or in part, is strictly prohibited.

7.  INTERSTATE NATURE OF COMMUNICATIONS ON YAHOO! NETWORK

When you register with Yahoo!, you acknowledge that in using the Yahoo! Services to send electronic communications (including but not limited to email, search queries, sending messages to Yahoo! Chat or Yahoo! Groups, uploading photos and files to Flickr, and other Internet activities), you will be causing communications to be sent through Yahoo!'s computer networks, portions of which are located in California, Texas, Virginia, and other locations in the United States and portions of which are located abroad. As a result, and also as a result of Yahoo!'s network architecture and business practices and the nature of electronic communications, even communications that seem to be intrastate in nature can result in the transmission of interstate communications regardless of where you are physically located at the time of transmission. Accordingly, by agreeing to this TOS, you acknowledge that use of the service results in interstate data transmissions.

8.  SPECIAL ADMONITIONS FOR INTERNATIONAL USE AND EXPORT AND IMPORT COMPLIANCE

Recognizing the global nature of the Internet, you agree to comply with all local rules regarding online conduct and acceptable Content. Use of the Yahoo! Services and transfer, posting and uploading of software, technology, and other technical data via the Yahoo! Services may be subject to the export and import laws of the United States and other countries. You agree to comply with all applicable export and import laws and regulations. In particular, you: (a) represent that you are not a party identified on any government export exclusion list, including but not limited to the U.S. Denied Persons, Entity, and Specially Designated Nationals Lists, nor will you transfer software, technology, and other technical data via the Yahoo! Services to parties identified on such lists; (b) agree not to use the Yahoo! Services for military, nuclear, missile, chemical or biological weaponry end uses in violation of U.S. export laws; (c) agree not to transfer, upload, or post via the Yahoo! Services any software, technology or other technical data in violation of U.S. or other applicable export or import laws.

9.  CONTENT SUBMITTED OR MADE AVAILABLE FOR INCLUSION ON THE YAHOO! SERVICES

Yahoo! does not claim ownership of Content you submit or make available for inclusion on the Yahoo! Services. However, with respect to Content you submit or make available for inclusion on publicly accessible areas of the Yahoo! Services, you grant Yahoo! the following worldwide, royalty-free and non-exclusive license(s), as applicable:

a.  With respect to Content you submit or make available for inclusion on publicly accessible areas of Yahoo! Groups, the license to use, distribute, reproduce, modify, adapt, publicly perform and publicly display such Content on the

Yahoo! Services solely for the purposes of providing and promoting the specific Yahoo! Group to which such Content was submitted or made available. This license exists only for as long as you elect to continue to include such Content on the Yahoo! Services and will terminate at the time you remove or Yahoo! removes such Content from the Yahoo! Services.

b. With respect to photos, graphics, audio or video you submit or make available for inclusion on publicly accessible areas of the Yahoo! Services other than Yahoo! Groups, the license to use, distribute, reproduce, modify, adapt, publicly perform and publicly display such Content on the Yahoo! Services solely for the purpose for which such Content was submitted or made available. This license exists only for as long as you elect to continue to include such Content on the Yahoo! Services and will terminate at the time you remove or Yahoo! removes such Content from the Yahoo! Services.

c. With respect to Content other than photos, graphics, audio or video you submit or make available for inclusion on publicly accessible areas of the Yahoo! Services other than Yahoo! Groups, the perpetual, irrevocable and fully sublicensable license to use, distribute, reproduce, modify, adapt, publish, translate, publicly perform and publicly display such Content (in whole or in part) and to incorporate such Content into other works in any format or medium now known or later developed.

"Publicly accessible" areas of the Yahoo! Services are those areas of the Yahoo! network of properties that are intended by Yahoo! to be available to the general public. By way of example, publicly accessible areas of the Yahoo! Services would include Yahoo! Message Boards and portions of Yahoo! Groups and Flickr that are open to both members and visitors. However, publicly accessible areas of the Yahoo! Services would not include portions of Yahoo! Groups that are limited to members, Yahoo! services intended for private communication such as Yahoo! Mail or Yahoo! Messenger, or areas off of the Yahoo! network of properties such as portions of World Wide Web sites that are accessible via hypertext or other links but are not hosted or served by Yahoo!.

10. CONTRIBUTIONS TO YAHOO!

By submitting ideas, suggestions, documents, and/or proposals ("Contributions") to Yahoo! through its suggestion or feedback webpages, you acknowledge and agree that: (a) your Contributions do not contain confidential or proprietary information; (b) Yahoo! is not under any obligation of confidentiality, express or implied, with respect to the Contributions; (c) Yahoo! shall be entitled to use or disclose (or choose not to use or disclose) such Contributions for any purpose, in any way, in any media worldwide; (d) Yahoo! may have something similar to the Contributions already under consideration or in development; (e) your Contributions automatically become the property of Yahoo! without any obligation of Yahoo! to you; and (f) you are not entitled to any compensation or reimbursement of any kind from Yahoo! under any circumstances.

11. INDEMNITY

You agree to indemnify and hold Yahoo! and its subsidiaries, affiliates, officers, agents, employees, partners and licensors harmless from any claim or demand, including reasonable attorneys' fees, made by any third party due to or arising out of Content you submit, post, transmit, modify or otherwise make available through the Yahoo! Services, your use of the Yahoo! Services, your connection to the Yahoo! Services, your violation of the TOS, or your violation of any rights of another.

12. NO COMMERCIAL REUSE OF YAHOO! SERVICES

You agree not to reproduce, duplicate, copy, sell, trade, resell or exploit for any commercial purposes, any portion or use of, or access to, the Yahoo! Services (including Content, advertisements, Software and your Yahoo! ID).

13. GENERAL PRACTICES REGARDING USE AND STORAGE

You acknowledge that Yahoo! may establish general practices and limits concerning use of the Yahoo! Services, including without limitation the maximum number of days that email messages, message board postings or other uploaded Content will be retained by the Yahoo! Services, the maximum number of email messages that may be sent from or received by an account on the Yahoo! Services, the maximum size of any email message that may be sent from or received by an account on the Yahoo! Services, the maximum disk space that will be allotted on Yahoo!'s servers on your behalf, and the maximum number of times (and the maximum duration for which) you may access the Yahoo! Services in a given period of time. You agree that Yahoo! has no responsibility or liability for the deletion or failure to store any messages and other communications or other Content maintained or transmitted by the Yahoo! Services. You acknowledge that Yahoo! reserves the right to log off accounts that are inactive for an extended period of time. You further acknowledge that Yahoo! reserves the right to modify these general practices and limits from time to time.

Yahoo! Messenger, including any web-based versions, will allow you and the people with whom you communicate to save your conversations in your Yahoo! accounts located on Yahoo! servers. This means you can access and search your message history from any computer with access to the internet. Whether or not you use this feature, other users may choose to use it to save conversations with you in their account on Yahoo! too. Your agreement to this TOS constitutes your consent to allow Yahoo! to store these communications on its servers.

14. MODIFICATIONS TO YAHOO! SERVICES

Yahoo! reserves the right at any time and from time to time to modify or discontinue, temporarily or permanently, the Yahoo! Services (or any part thereof) with or without notice. You agree that Yahoo! shall not be liable to you or to any third party for any modification, suspension or discontinuance of the Yahoo! Services (or any part thereof).

15. TERMINATION

You may terminate your Yahoo! account, any associated email address and access to the Yahoo! Services by submitting such termination request to Yahoo!.

You agree that Yahoo! may, *without prior notice*, immediately terminate, limit your access to or suspend your Yahoo! account, any associated email address, and access to the Yahoo! Services. Cause for such termination, limitation of access or suspension shall include, but not be limited to, (a) breaches or violations of the TOS or other incorporated agreements or guidelines, (b)requests by law enforcement or other government agencies, (c) discontinuance or material modification to the Yahoo! Services (or any part thereof), (d) unexpected technical or security issues or problems, (e) extended periods of inactivity, (f) engagement by you in fraudulent or illegal activities, and/or (g) nonpayment of any fees owed by you in connection with the Yahoo! Services. Further, you agree that all terminations, limitations of access and suspensions for cause shall be made in Yahoo!'s sole discretion and that Yahoo! shall not be liable to you or any third party for any termination of your account, any associated email address, or access to the Yahoo! Services.

Termination of your Yahoo! account includes any or all of the following: (a) removal of access to all or part of the offerings within the Yahoo! Services, (b) deletion of your password and all related information, files and content associated with or inside your account (or any part thereof), and (c) barring of further use of all or part of the Yahoo! Services.

16. DEALINGS WITH ADVERTISERS

Your correspondence or business dealings with, or participation in promotions of, advertisers found on or through the Yahoo! Services, including payment and delivery of related goods or services, and any other terms, conditions, warranties or representations associated with such dealings, are solely between you and such advertiser. You agree that Yahoo! shall not be responsible or liable for any loss or damage of any sort incurred as the

result of any such dealings or as the result of the presence of such advertisers on the Yahoo! Services.

17. LINKS

The Yahoo! Services may provide, or third parties may provide, links to other World Wide Web sites or resources. You acknowledge and agree that Yahoo! is not responsible for the availability of such external sites or resources, and does not endorse and is not responsible or liable for any Content, advertising, products or other materials on or available from such sites or resources. You further acknowledge and agree that Yahoo! shall not be responsible or liable, directly or indirectly, for any damage or loss caused or alleged to be caused by or in connection with use of or reliance on any such Content, goods or services available on or through any such site or resource.

18. YAHOO!'S PROPRIETARY RIGHTS

You acknowledge and agree that the Yahoo! Services and any necessary software used in connection with the Yahoo! Services ("Software") contain proprietary and confidential information that is protected by applicable intellectual property and other laws. You further acknowledge and agree that Content contained in advertisements or information presented to you through the Yahoo! Services or by advertisers is protected by copyrights, trademarks, service marks, patents or other proprietary rights and laws. Except as expressly permitted by applicable law or as authorized by Yahoo! or the applicable licensor (such as an advertiser), you agree not to modify, rent, lease, loan, sell, distribute, transmit, broadcast, publicly perform or create derivative works based on the Yahoo! Services, such Content or the Software, in whole or in part.

Yahoo! grants you a personal, non-transferable and non-exclusive right and license to use the object code of its Software on a single computer; provided that you do not (and do not allow any third party to) copy, modify, create a derivative work from, reverse engineer, reverse assemble or otherwise attempt to discover any source code, sell, assign, sublicense, grant a security interest in or otherwise transfer any right in the Software. You agree not to modify the Software in any manner or form, nor to use modified versions of the Software, including (without limitation) for the purpose of obtaining unauthorized access to the Yahoo! Services. You agree not to access the Yahoo! Services by any means other than through the interface that is provided by Yahoo! for use in accessing the Yahoo! Services.

19. DISCLAIMER OF WARRANTIES

YOU EXPRESSLY UNDERSTAND AND AGREE THAT:

    a. YOUR USE OF THE YAHOO! SERVICES AND SOFTWARE ARE AT YOUR SOLE RISK. THE YAHOO! SERVICES AND SOFTWARE ARE PROVIDED ON AN "AS IS" AND "AS AVAILABLE" BASIS. YAHOO AND ITS SUBSIDIARIES, AFFILIATES, OFFICERS, EMPLOYEES, AGENTS, PARTNERS AND LICENSORS EXPRESSLY DISCLAIM ALL WARRANTIES OF ANY KIND, WHETHER EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO THE IMPLIED WARRANTIES OF TITLE, MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND NON-INFRINGEMENT.

    b. YAHOO! AND ITS SUBSIDIARIES, AFFILIATES, OFFICERS, EMPLOYEES, AGENTS, PARTNERS AND LICENSORS MAKE NO WARRANTY THAT (i) THE YAHOO! SERVICES OR SOFTWARE WILL MEET YOUR REQUIREMENTS; (ii) THE YAHOO! SERVICES OR SOFTWARE WILL BE UNINTERRUPTED, TIMELY, SECURE OR ERROR-FREE; (iii) THE RESULTS THAT MAY BE OBTAINED FROM THE USE OF THE YAHOO! SERVICES OR SOFTWARE WILL BE ACCURATE OR RELIABLE; (iv) THE QUALITY OF ANY PRODUCTS, SERVICES, INFORMATION OR OTHER MATERIAL PURCHASED OR OBTAINED BY YOU THROUGH THE YAHOO! SERVICES OR SOFTWARE WILL MEET YOUR EXPECTATIONS; AND (v) ANY ERRORS IN THE SOFTWARE WILL

BE CORRECTED.

c. ANY MATERIAL DOWNLOADED OR OTHERWISE OBTAINED THROUGH THE USE OF THE YAHOO! SERVICES OR SOFTWARE IS ACCESSED AT YOUR OWN DISCRETION AND RISK, AND YOU WILL BE SOLELY RESPONSIBLE FOR AND HEREBY WAIVE ANY AND ALL CLAIMS AND CAUSES OF ACTION WITH RESPECT TO ANY DAMAGE TO YOUR COMPUTER SYSTEM, INTERNET ACCESS, DOWNLOAD OR DISPLAY DEVICE, OR LOSS OF DATA THAT RESULTS FROM THE DOWNLOAD OF ANY SUCH MATERIAL.

d. NO ADVICE OR INFORMATION, WHETHER ORAL OR WRITTEN, OBTAINED BY YOU FROM YAHOO! OR THROUGH OR FROM THE YAHOO! SERVICES OR SOFTWARE SHALL CREATE ANY WARRANTY NOT EXPRESSLY STATED IN THE TOS.

e. A SMALL PERCENTAGE OF USERS MAY EXPERIENCE EPILEPTIC SEIZURES WHEN EXPOSED TO CERTAIN LIGHT PATTERNS OR BACKGROUNDS ON A COMPUTER SCREEN OR WHILE USING THE YAHOO! SERVICE. CERTAIN CONDITIONS MAY INDUCE PREVIOUSLY UNDETECTED EPILEPTIC SYMPTOMS EVEN IN USERS WHO HAVE NO HISTORY OF PRIOR SEIZURES OR EPILEPSY. IF YOU, OR ANYONE IN YOUR FAMILY, HAVE AN EPILEPTIC CONDITION, CONSULT YOUR PHYSICIAN PRIOR TO USING THE YAHOO! SERVICE. IMMEDIATELY DISCONTINUE USE OF THE YAHOO! SERVICES AND CONSULT YOUR PHYSICIAN IF YOU EXPERIENCE ANY OF THE FOLLOWING SYMPTOMS WHILE USING THE YAHOO! SERVICE: DIZZINESS, ALTERED VISION, EYE OR MUSCLE TWITCHES, LOSS OF AWARENESS, DISORIENTATION, ANY INVOLUNTARY MOVEMENT, OR CONVULSIONS.

20. LIMITATION OF LIABILITY

YOU EXPRESSLY UNDERSTAND AND AGREE THAT YAHOO! AND ITS SUBSIDIARIES, AFFILIATES, OFFICERS, EMPLOYEES, AGENTS, PARTNERS AND LICENSORS SHALL NOT BE LIABLE TO YOU FOR ANY PUNITIVE, INDIRECT, INCIDENTAL, SPECIAL, CONSEQUENTIAL OR EXEMPLARY DAMAGES, INCLUDING, BUT NOT LIMITED TO, DAMAGES FOR LOSS OF PROFITS, GOODWILL, USE, DATA OR OTHER INTANGIBLE LOSSES (EVEN IF YAHOO! HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES), RESULTING FROM: (a) THE USE OR THE INABILITY TO USE THE YAHOO! SERVICE; (b) THE COST OF PROCUREMENT OF SUBSTITUTE GOODS AND SERVICES; (c) UNAUTHORIZED ACCESS TO OR ALTERATION OF YOUR TRANSMISSIONS OR DATA; (d) STATEMENTS OR CONDUCT OF ANY THIRD PARTY ON THE YAHOO! SERVICE; OR (e) ANY OTHER MATTER RELATING TO THE YAHOO! SERVICE.

21. EXCLUSIONS AND LIMITATIONS

SOME JURISDICTIONS DO NOT ALLOW THE EXCLUSION OF CERTAIN WARRANTIES OR THE LIMITATION OR EXCLUSION OF LIABILITY FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES. ACCORDINGLY, SOME OF THE ABOVE LIMITATIONS OF SECTIONS 19 AND 20 MAY NOT APPLY TO YOU.

22. SPECIAL ADMONITION FOR YAHOO! SERVICES RELATING TO FINANCIAL MATTERS

If you intend to create or join any service, receive or request any news, messages, alerts or other information from the Yahoo! Services concerning companies, stock quotes, investments or securities, please read the above Sections 19 and 20 again. They go doubly for you. In addition, for this type of information particularly, the phrase "Let the investor beware" is apt. The Yahoo! Services is provided for informational purposes only, and no Content included in the Yahoo! Services is intended for trading or investing purposes. Yahoo! and its licensors shall not be responsible or liable for the accuracy,

usefulness or availability of any information transmitted or made available via the Yahoo! Services, and shall not be responsible or liable for any trading or investment decisions based on such information.

23. NO THIRD-PARTY BENEFICIARIES

You agree that, except as otherwise expressly provided in this TOS, there shall be no third-party beneficiaries to this agreement.

24. NOTICE

Yahoo! may provide you with notices, including those regarding changes to the TOS, including by but not limited to email, regular mail, SMS, MMS, text message, postings on the Yahoo! Services, or other reasonable means now known or hereafter developed. Such notices may not be received if you violate this TOS by accessing the Yahoo! Services in an unauthorized manner. Your agreement to this TOS constitutes your agreement that you are deemed to have received any and all notices that would have been delivered had you accessed the Yahoo! Services in an authorized manner.

25. TRADEMARK INFORMATION

You agree that all of Yahoo!'s trademarks, trade names, service marks and other Yahoo! logos and brand features, and product and service names are trademarks and the property of Yahoo! Inc. (the "Yahoo! Marks"). Without Yahoo!'s prior permission, you agree not to display or use in any manner the Yahoo! Marks.

26. NOTICE AND PROCEDURE FOR MAKING CLAIMS OF COPYRIGHT OR INTELLECTUAL PROPERTY INFRINGEMENT

Yahoo! respects the intellectual property of others, and we ask our users to do the same. Yahoo! may, in appropriate circumstances and at its discretion, disable and/or terminate the accounts of users who may be repeat infringers. If you believe that your work has been copied in a way that constitutes copyright infringement, or your intellectual property rights have been otherwise violated, please provide Yahoo!'s Copyright Agent the following information:

    a. an electronic or physical signature of the person authorized to act on behalf of the owner of the copyright or other intellectual property interest;

    b. a description of the copyrighted work or other intellectual property that you claim has been infringed;

    c. a description of where the material that you claim is infringing is located on the site;

    d. your address, telephone number, and email address;

    e. a statement by you that you have a good faith belief that the disputed use is not authorized by the copyright owner, its agent, or the law;

    f. a statement by you, made under penalty of perjury, that the above information in your notice is accurate and that you are the copyright or intellectual property owner or authorized to act on the copyright or intellectual property owner's behalf.

Yahoo!'s Agent for Notice of claims of copyright or other intellectual property infringement can be reached as follows:

By mail:
Copyright Agent
c/o Yahoo! Inc.
701 First Avenue
Sunnyvale, CA 94089

By phone: (408) 349-5080
By fax: (408) 349-7821
By email: copyright@yahoo-inc.com

27. GENERAL INFORMATION

*Entire Agreement.* The TOS constitutes the entire agreement between you and Yahoo! and governs your use of the Yahoo! Services, superseding any prior version of this TOS between you and Yahoo! with respect to the Yahoo! Services. You also may be subject to additional terms and conditions that may apply when you use or purchase certain other Yahoo! services, affiliate services, third-party content or third-party software.

*Choice of Law and Forum.* You and Yahoo! each agree that the TOS and the relationship between the parties shall be governed by the laws of the State of California without regard to its conflict of law provisions and that any and all claims, causes of action or disputes (regardless of theory) arising out of or relating to the TOS, or the relationship between you and Yahoo!, shall be brought exclusively in the courts located in the county of Santa Clara, California or the U.S. District Court for the Northern District of California. You and Yahoo! agree to submit to the personal jurisdiction of the courts located within the county of Santa Clara, California or the Northern District of California, and agree to waive any and all objections to the exercise of jurisdiction over the parties by such courts and to venue in such courts.

*Waiver and Severability of Terms.* The failure of Yahoo! to exercise or enforce any right or provision of the TOS shall not constitute a waiver of such right or provision. If any provision of the TOS is found by a court of competent jurisdiction to be invalid, the parties nevertheless agree that the court should endeavor to give effect to the parties' intentions as reflected in the provision, and the other provisions of the TOS remain in full force and effect.

*No Right of Survivorship and Non-Transferability.* You agree that your Yahoo! account is non-transferable and any rights to your Yahoo! ID or contents within your account terminate upon your death. Upon receipt of a copy of a death certificate, your account may be terminated and all contents therein permanently deleted.

*Statute of Limitations.* You agree that regardless of any statute or law to the contrary, any claim or cause of action arising out of or related to use of the Yahoo! Services or the TOS must be filed within one (1) year after such claim or cause of action arose or be forever barred.

The section titles in the TOS are for convenience only and have no legal or contractual effect.

28. VIOLATIONS

Please report any violations of the TOS to our Customer Care group.

Last updated November 24, 2008

Copyright © 2010 Yahoo! Inc. All Rights Reserved.

Privacy | Legal

# EXHIBIT B

RECEIVED DEC 1 6 2008

VALDOSTA OFFICE
Post Office Box 99
Valdosta, Georgia 31603-0099
PH (229) 244-7170
FAX (229) 245-5281

THOMASVILLE OFFICE
Post Office Box 2596
Thomasville, Georgia 31799-2596
PH (229) 226-6141
FAX (229) 225-4170

MOULTRIE OFFICE
Post Office Box 2498
Moultrie, Georgia 31776-2498
PH (229) 616-7476
FAX (229) 616-7479

# J. DAVID MILLER
### DISTRICT ATTORNEY
### SOUTHERN JUDICIAL CIRCUIT



CHIEF ASSISTANT D.A.
Bradfield M. Shealy

SENIOR ASSISTANT D.A.'S
Robert T. Gilchrist
Robert Ray Auman

OFFICE COORDINATOR
Cynthia Anderson

VICTIM SERVICES COORDINATOR
Carla D. Leggett

Please reply to:

✱ VALdosta
Office ✱

## FACSIMILE COVER SHEET

DATE: 12/16/08

PLEASE DELIVER TO: Yahoo! Legal - Christian Lee

LOCATION:

FAX NUMBER: 408-349-7945

FROM: INV. Wendy Lain

REGARDING: SUBPOENA

TOTAL NUMBER OF PAGES: _____ (INCLUDING COVER SHEET)

MESSAGE: Thanks so much!

IF ALL PAGES ARE NOT RECEIVED CLEARLY, PLEASE CONTACT: _____

*Serving Brooks, Colquitt, Echols, Lowndes and Thomas Counties*

**VALDOSTA OFFICE**
Post Office Box 99
Valdosta, Georgia 31603-0099
PH (229) 244-7170
FAX (229) 245-5281

**THOMASVILLE OFFICE**
Post Office Box 2596
Thomasville, Georgia 31799-2596
PH (229) 226-6141
FAX (229) 225-4170

**MOULTRIE OFFICE**
Post Office Box 2498
Moultrie, Georgia 31776-2498
PH (229) 616-7476
FAX (229) 616-7479

# J. DAVID MILLER

### DISTRICT ATTORNEY
### SOUTHERN JUDICIAL CIRCUIT



December 15, 2008

**CHIEF ASSISTANT D.A.**
Bradfield M. Shealy

**SENIOR ASSISTANT D.A.'S**
Robert T. Gilchrist
Robert Ray Auman

**OFFICE COORDINATOR**
Cynthia Anderson

**ASSOCIATE OFFICE COORDINATOR**
Debbie M. Baker

**VICTIM SERVICES COORDINATOR**
Carla D. Leggett

**SENIOR INVESTIGATOR**
B. David Ferrell

Please reply to:

Yahoo! Legal Compliance Team
701 1st Avenue
Sunnyvale, CA 94089

## RE: GRAND JURY SUBPOENA FOR PRODUCTION OF EVIDENCE

Dear Sir/Madame:

You are being served with a subpoena for the production of evidence which requires that you appear and produce the evidence described in the subpoena before the Lowndes County Grand Jury on the date and time specified in the subpoena. Please contact **Inv. Wendy Lain at (229) 244-7170** of the **District Attorney's Office, Southern Judicial Circuit,** as you receive this subpoena in order that we may coordinate your appearance before the Grand Jury.

As the subpoena indicates, you are required by law to appear and produce the evidence described in the subpoena before the Grand Jury on the date and time specified. Prior to your appearance, you may wish to voluntarily provide copies of this evidence to **Inv. Wendy Lain** at the **District Attorney's Office, Southern Judicial Circuit, P.O. Box 99, Valdosta, GA 31601 or fax to 229-245-5281.**

By voluntarily providing us with copies prior to your scheduled appearance, you will make it possible for us to review the evidence in your possession in advance. This should expedite your appearance before the Grand Jury and may make it possible for us to put you on call. If you are willing to do this, please indicate this when you call concerning this subpoena so that we can schedule an appointment for someone familiar with the case to meet with you. <u>You are only required to appear and produce the evidence directly to the Grand Jury as commanded by the subpoena.</u>

If you have any questions regarding this matter, please do not hesitate to contact me.

Sincerely,

Bradfield M. Shealy
Chief Asst. District Attorney
Southern Judicial Circuit

*Serving Brooks, Colquitt, Echols, Lowndes and Thomas Counties*

## SUBPOENA FOR THE PRODUCTION OF EVIDENCE

**STATE OF GEORGIA**
**COUNTY OF LOWNDES**

Yahoo! Legal Compliance Team
701 1st Avenue
Sunnyvale, CA 94089

Phone Number: (408) 349-3687
Fax Number: (408) 349-7941

You are hereby required to be and appear at the September 2008 Term of the Lowndes County Grand Jury, in the Grand Jury Room located in the District Attorney's Office, 285 Norman Drive, Valdosta, Georgia 31601 at 8:30 a.m. on the 28th day of **January, 2009** and to bring with you into said Grand Jury certain **evidence** in a certain case pending between the State of Georgia and ___John Doe___ (Lowndes County District Attorney - Case #08LOW00635).

The following records are hereby subpoenaed:

Any and all I.P. login tracker for "<u>lynnsams</u>" or "<u>lynnsams@yahoo.com</u>" for the dates of December 1, 2008, December 3, 2008, December 8, 2008, and December 9, 2008. **Do not reveal the existence of this subpoena to your subscriber. Revealing this information may jeopardize a pending criminal investigation.**

Herein fail not, under penalty of the law.

Witness, _Richard M Cowart_ Judge of said Court this ____15____ day of December, 2008.

If you have any questions, contact
J. DAVID MILLER
District Attorney
Southern Judicial Circuit
Telephone: (229) 244-7170

_Sara L Crow_
Sara L. Crow
Clerk of Superior Court
Lowndes County, Georgia

**STATE OF GEORGIA**

**COUNTY OF LOWNDES**

The undersigned, _____, certifies that he or she is a person responsible for the keeping of the records for **Yahoo! Legal Compliance Team** and that the within and attached are the records (or true and accurate copies) of any and all I.P. login tracker for "lynnsams" or "lynnsams@yahoo.com" for the dates of December 1, 2008, December 3, 2008, December 8, 2008, and December 9, 2008, which are kept in the aforesaid office.


_____
Signature


Sworn to and Subscribed this

_____ day of _____, 2008.

_____
Notary Public

# EXHIBIT C

12/02/2008   16:5...                                                    PAGE   01/04
RECEIVED DEC 02 2008

115744

**J. DAVID MILLER**
DISTRICT ATTORNEY
SOUTHERN JUDICIAL CIRCUIT



<u>VALDOSTA OFFICE</u>
Post Office Box 99
Valdosta, Georgia  31603-0099
PH (229) 244-7170
FAX (229) 245-5281

<u>THOMASVILLE OFFICE</u>
Post Office Box 2596
Thomasville, Georgia  31799-2596
PH (229) 226-6141
FAX (229) 225-4170

<u>MOULTRIE OFFICE</u>
Post Office Box 2498
Moultrie, Georgia  31776-2498
PH (229) 616-7476
FAX (229) 616-7479

<u>CHIEF ASSISTANT D.A.</u>
Bradfield M. Shealy

<u>SENIOR ASSISTANT D.A.'S</u>
Robert T. Gilchrist
Robert Ray Auman

<u>OFFICE COORDINATOR</u>
Cynthia Anderson

<u>VICTIM SERVICES COORDINATOR</u>
Carla D. Leggett

Please reply to:

✱ VAldosta ✱
Office

<u>FACSIMILE COVER SHEET</u>

<u>DATE:</u>  12/2/08

<u>PLEASE DELIVER TO:</u>  Yahoo! Legal

<u>LOCATION:</u>

<u>FAX NUMBER:</u>  408-349-7941

<u>FROM:</u>  INV. Wendy Lain

<u>REGARDING:</u>  SUBPOENA

<u>TOTAL NUMBER OF PAGES:</u>  4       (INCLUDING COVER SHEET)

MESSAGE:  This is A Child poRnogRaphy case.
Please Rush.

Thanks.

IF ALL PAGES ARE NOT RECEIVED CLEARLY, PLEASE CONTACT: _____

*Serving Brooks, Colquitt, Echols, Lowndes and Thomas Counties*

**VALDOSTA OFFICE**
Post Office Box 99
Valdosta, Georgia  31603-0099
PH (229) 244-7170
FAX (229) 245-5281

**THOMASVILLE OFFICE**
Post Office Box 2596
Thomasville, Georgia  31799-2596
PH (229) 226-6141
FAX (229) 225-4170

**MOULTRIE OFFICE**
Post Office Box 2498
Moultrie, Georgia  31776-2498
PH (229) 616-7476
FAX (229) 616-7479

# J. DAVID MILLER

### DISTRICT ATTORNEY
### SOUTHERN JUDICIAL CIRCUIT



**CHIEF ASSISTANT D.A.**
Bradfield M. Shealy

**SENIOR ASSISTANT D.A.'S**
Robert T. Gilchrist
Robert Ray Auman

**OFFICE COORDINATOR**
Cynthia Anderson

**ASSOCIATE OFFICE COORDINATOR**
Debbie M. Baker

**VICTIM SERVICES COORDINATOR**
Carla D. Leggett

**SENIOR INVESTIGATOR**
B. David Ferrell

December 2, 2008

Please reply to:

Yahoo! Legal Compliance Team
701 1st Avenue
Sunnyvale, CA 94089

## RE: GRAND JURY SUBPOENA FOR PRODUCTION OF EVIDENCE

Dear Sir/Madame;

You are being served with a subpoena for the production of evidence which requires that you appear and produce the evidence described in the subpoena before the Lowndes County Grand Jury on the date and time specified in the subpoena.  Please contact **Inv. Wendy Lain** at **(229) 244-7170** of the **District Attorney's Office, Southern Judicial Circuit,** as you receive this subpoena in order that we may coordinate your appearance before the Grand Jury.

As the subpoena indicates, you are required by law to appear and produce the evidence described in the subpoena before the Grand Jury on the date and time specified.  Prior to your appearance, you may wish to voluntarily provide copies of this evidence to **Inv. Wendy Lain** at the **District Attorney's Office, Southern Judicial Circuit, P.O. Box 99, Valdosta, GA 31601 or fax to 229-245-5281.**

By voluntarily providing us with copies prior to your scheduled appearance, you will make it possible for us to review the evidence in your possession in advance.  This should expedite your appearance before the Grand Jury and may make it possible for us to put you on call.  If you are willing to do this, please indicate this when you call concerning this subpoena so that we can schedule an appointment for someone familiar with the case to meet with you.  <u>You are only required to appear and produce the evidence directly to the Grand Jury as commanded by the subpoena.</u>

If you have any questions regarding this matter, please do not hesitate to contact me.

Sincerely,

Bradfield M. Shealy
Chief Asst. District Attorney
Southern Judicial Circuit

*Serving Brooks, Colquitt, Echols, Lowndes and Thomas Counties*

## SUBPOENA FOR THE PRODUCTION OF EVIDENCE

STATE OF GEORGIA
COUNTY OF LOWNDES

Yahoo! Legal Compliance Team
701 1st Avenue
Sunnyvale, CA 94089

Phone Number: (408) 349-3687
Fax Number: (408) 349-7941

You are hereby required to be and appear at the September 2008 Term of the Lowndes County Grand Jury, in the Grand Jury Room located in the District Attorney's Office, 285 Norman Drive, Valdosta, Georgia 31601 at 8:30 a.m. on the 28th day of January, 2009 and to bring with you into said Grand Jury certain evidence in a certain case pending between the State of Georgia and __John Doe__ (Lowndes County District Attorney - Case #08LOW00635).

The following records are hereby subpoenaed:

Any and all records regarding the identification of a user with the Yahoo! ID "lynnsams" or "lynnsams@yahoo.com", to include name and address, date account created, account status, Yahoo! E-mail address, alternate e-mail address, registration from IP, date IP registered and login IP addresses associated with session time and dates of November 12, 2008 at 3:45 p.m. GMT, November 13, 2008 at 3:24 p.m. GMT, November 18, 2008 at 4:04 p.m. GMT, and December 1, 2008 at 3:43 p.m. GMT. **Do not reveal the existence of this subpoena to your subscriber. Revealing this information may jeopardize a pending criminal investigation.**

Herein fail not, under penalty of the law.

Witness, _Richard McCawart_ Judge of said Court this ___2___ day of December, 2008.

_Sara L Crow_

If you have any questions, contact
J. DAVID MILLER
District Attorney
Southern Judicial Circuit
Telephone: (229) 244-7170

Sara L. Crow
Clerk of Superior Court
Lowndes County, Georgia

**STATE OF GEORGIA**

**COUNTY OF LOWNDES**

The undersigned, _____, certifies that he or she is a person responsible for the keeping of the records for **Yahoo! Legal Compliance Team** and that the within and attached are the records (or true and accurate copies) of any and all records regarding the identification of a user with the Yahoo! ID "lynnsams" or "lynnsams@yahoo.com", to include name and address, date account created, account status, Yahoo! E-mail address, alternate e-mail address, registration from IP, date IP registered and login IP addresses associated with session time and dates of November 12, 2008 at 3:45 p.m. GMT, November 13, 2008 at 3:24 p.m. GMT, November 18, 2008 at 4:04 p.m. GMT, and December 1, 2008 at 3:43 p.m. GMT, which are kept in the aforesaid office.

_____
Signature

Sworn to and Subscribed this

_____ day of _____, 2008.

_____
Notary Public

# EXHIBIT D

# YAHOO!®

## With a Yahoo! Account, get free email and other leading web services.

Already have a Yahoo! ID?

Sign In

Can't access my account

| | | |
|---|---|---|
| Name | First Name | Last Name |
| Gender | - Select One - | |
| Birthday | - Select Month - | Day        Year |
| Country | United States | |
| Postal Code | | |

## Select an ID and password

| | | |
|---|---|---|
| Yahoo! ID and Email | @  yahoo.com | Check |
| Password | | Password Strength |
| Re-type Password | | |

## In case you forget your ID or password...

| | |
|---|---|
| Alternate Email (optional) | |
| Secret Question 1 | - Select One - |
| Your Answer | |
| Secret Question 2 | - Select One - |
| Your Answer | |

Type the code shown

◄♫ Need audio assistance ?

IVG13J4y

Try a new code

By clicking the "Create My Account" button below, I certify that I have read and agree to the Yahoo! Terms of Service, Yahoo! Privacy Policy and Mail Terms of Service, and to receive account related communications from Yahoo! electronically.

**Create My Account**

Copyright © 2010 Yahoo! Inc. All rights reserved. Copyright/IP Policy | Terms of Service | Guide to Online Security
Code verification technology developed in collaboration with the Captcha Project at Carnegie Mellon University.
NOTICE: We collect personal information on this site. To learn more about how we use your information, see our Privacy Policy