IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FAYELYNN SAMS, Individually, and on behalf of a class of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> YAHOO! INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | Civil Action: <br> 1:10-CV-3509-TCB |

<u>FIRST AMENDED CLASS ACTION COMPLAINT</u>

Plaintiff Fayelynn Sams ("Plaintiff"), on behalf of herself individually and a class of all others similarly situated, brings this action against Yahoo! Inc. ("Yahoo!" or "Defendant").

## PRELIMINARY STATEMENT

1.     This is a class action lawsuit, brought by, and on behalf of, a class of individuals whose privacy rights were violated by Yahoo!'s improper, voluntary disclosure of personal and private data and information of users of Yahoo! products and services (hereinafter "Yahoo! Users").

2.     Yahoo! disclosed personal and private data and information regarding Yahoo! Users to law enforcement and other government entities without the users'

knowledge or authorization and without valid and enforceable legal process. The impermissibly disclosed personal and private data and information included, but not limited to, some or all of the following: name, address, phone number, birth date, gender, social security number, date account created, account status, Yahoo! email address, alternate email address, the content of email communications, contact lists, photos, files, website posts, registration from Internet Protocol (IP), date IP registered, login IP addresses and other IP address information.

3.    Yahoo!'s unlawful disclosure of personal and private data and information violates Yahoo! Users' rights under federal and state statutes as well as common law.

4.    Plaintiff, on behalf of herself and all other similarly situated, seeks monetary damages, including statutory damages, punitive damages, equitable relief, attorneys' fees and expenses of litigation.

## PARTIES, JURISDICTION AND VENUE

5.    Plaintiff is a resident of the State of Georgia and a Yahoo! Internet User.  On or about December 2, 2008, and December 15, 2008, Plaintiff had her personal and private user information and data disclosed by Yahoo! to law enforcement and other government entities without proper compliance with the compelled disclosure provisions of the Electronic Communications Privacy Act

and Stored Communications Act.

6.     Defendant Yahoo! Inc. is a Delaware corporation that does business and operates in the State of Georgia. Yahoo! Inc. may be properly served through its registered agent of service, CT Corporation System at 1201 Peachtree Street NE in Atlanta, Georgia 30361.

7.     Defendant Yahoo! Inc. is subject to the jurisdiction of this Court and venue is proper.  Alternatively, as set forth in Plaintiff's Motion to Transfer Venue and as asserted by Defendant Yahoo! Inc., venue is proper in the United States District Court for the Northern District of California, to which District Plaintiff requests transfer.

8.     This Court has subject matter jurisdiction over this action and venue is proper.  Alternatively, as set forth in Plaintiff's Motion to Transfer Venue and as asserted by Defendant Yahoo! Inc., venue is proper in the United States District Court for the Northern District of California, to which District Plaintiff requests transfer.

## STATEMENT OF FACTS

9.     Yahoo! Inc. is a global Internet business and consumer services company that offers a comprehensive branded network of properties and services, many of which are free, to more than 500 million unique users worldwide.

Currently, Yahoo! has about 230 million registered users and attracts hundreds of millions of users every month through its innovative technology and engaging content and services, making it one of the most visited Internet destinations and a world-class online media company. Yahoo! profits by selling advertising, the value of which is dependent at least in part on the number of users of its content and services.

10.    The Electronic Communications Privacy Act and Stored Communications Act set forth a system of statutory privacy rights for customers and users of internet business and consumer services providers, such as Yahoo!.

11.    The Yahoo! Terms of Service and Yahoo! Privacy Policy collectively attached hereto as Exhibit A and incorporated herein by reference, set forth the rights of Yahoo!'s Users concerning the collection, protection, use and disclosure of Yahoo! Users' personal and private information and data as required by law and by Yahoo!'s applicable privacy policies.

12.    Yahoo! claims to protect user privacy as required by law and applicable privacy policies but indicates that it may be required to share personal and private information to respond to subpoenas, court orders, or legal process or as otherwise required by law.

13.    Although Yahoo! claims to conform with the strict requirements of

the applicable federal statutes and other laws when releasing personal and private user information and data, Yahoo! routinely and unlawfully accepts as valid legal process from law enforcement and other government entities facsimile transmissions of state grand jury or trial subpoenas, often with express instructions on the face of the state subpoena to not provide notice of the subpoena to the Yahoo! User.

14.    State grand jury or trial subpoenas have no force and effect outside of the state of issuance, and when faxed or sent out of state, said subpoenas are invalid and unenforceable.

15.    Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to a state grand jury or trial subpoena is improper, violative of federal and state statutes and common law.

16.    Although Yahoo! claims to conform with the strict requirements of the applicable federal statutes and other laws when releasing personal and private user information and data, Yahoo! routinely and unlawfully accepts as valid legal process from law enforcement and other government entities facsimile transmissions of search warrants signed by state magistrates and other state judges.

17.    Search warrants signed by state magistrates and other state judges have no force and effect outside of the state of issuance, and when faxed or sent

out of state, said search warrants are invalid., unenforceable and not deemed issued by a court of competent jurisdiction.

18.    Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to a foreign state search warrant is improper, violative of federal and state statutes and common law.

19.    Although Yahoo! claims to conform with the strict requirements of the applicable federal statutes and other laws when releasing personal and private user information and data, Yahoo! routinely and unlawfully produces personal and private information in response to letter requests from law enforcement and other government entities in lieu of proper service and response to grand jury subpoenas and/or search warrants signed by state magistrates and other state judges.

20.    The letters from law enforcement and other government entities requesting personal and private information referenced in the preceding paragraph are neither "warrants issued using the procedures described in the Federal Rules of Criminal Procedure (or, in the case of a State court, issued using State warrant procedures) by a court of competent jurisdiction" nor administrative subpoenas authorized by a Federal or State statute nor Federal or State grand jury or trial subpoenas.  Such letters do not constitute valid or enforceable legal process which would require or permit Yahoo! to produce personal and private information.

21.    Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to letter requests is improper, violative of federal and state statutes and common law.

22.    Yahoo!'s disclosure of Plaintiff Sams' personal and private information are representative of the unlawful disclosures of personal and private information at issue in this lawsuit.

23.    On December 2, 2008, Investigator Wendy Lain with the Lowndes County, Georgia District Attorney's Office faxed a letter from Mr. Bradfield M. Sheely, Chief Assistant District Attorney, to the Yahoo! Legal Compliance Team in Sunnyvale, California.

24.    The December 2, 2008, letter from Mr. Sheely was accompanied by a grand jury subpoena purporting to require "Yahoo!'s Legal Compliance Team" to appear and give testimony and produce documents before a Lowndes County grand jury on January 28, 2009, in Valdosta, Georgia.

25.    The December 2, 2008, letter from Mr. Sheely expressly stated that the subpoena which accompanied his letter required only that a witness attend and produce records to the grand jury on January 29, 2009, in Lowndes County, Georgia.

26.    The December 2, 2008, letter from Mr. Sheely also suggested that

Yahoo! might wish to **voluntarily** disclose the records in question and suggested that, as a convenience to Yahoo!, such production might obviate the need to respond to the subpoena.

27.     On December 15, 2008, Investigator Wendy Lain with the Lowndes County, Georgia District Attorney's Office faxed a letter from Bradfield M. Sheely, Chief Assistant District Attorney, to Christian Lee at Yahoo!'s Legal Compliance Team in Sunnyvale, California.

28.     The December 15, 2008, letter was accompanied by a grand jury subpoena purporting to require "Yahoo!'s Legal Compliance Team" to appear and give testimony and produce documents before a Lowndes County grand jury on January 29, 2009, in Valdosta, Georgia.

29.     The December 15, 2008, letter from Mr. Sheely expressly stated that the subpoena which accompanied his letter only required the attendance of a witness before and production of records to the grand jury on January 28, 2009, in Lowndes County, Georgia.

30.     The December 15, 2008, letter from Mr. Sheely also suggested that Yahoo! might wish to **voluntarily** disclose the records in question and suggested that, as a convenience to Yahoo!, such production might obviate the need to respond to the subpoena.

31.   The grand jury subpoena attached to Mr. Sheely's letter was facially invalid and enforceable, as it was not properly served on Yahoo!.

32.   The grand jury subpoena attached to Mr. Sheely's letter was facially invalid and not enforceable, as it purported to compel a response from a witness outside the State of Georgia.

33.   The grand jury subpoena attached to Mr. Sheely's letter was facially invalid and not enforceable, as it was directed to "Yahoo!'s Legal Compliance Team," which is not a legal person or entity to whom a subpoena may be issued.

34.   Pursuant to the suggestion from Mr. Sheely, Yahoo! voluntarily produced the requested records, notwithstanding its actual knowledge that the subpoena was invalid and unenforceable, because it was more convenient to Yahoo! to voluntarily produce the requested records.

## CLASS ACTION ALLEGATIONS

35.   Plaintiff brings this action on behalf of herself and all other persons in the following similarly situated class: individuals in the United States, who are or were, Yahoo! Users and have had personal and private data or information regarding their Yahoo! accounts disclosed to law enforcement and other government entities, without the users' knowledge or authorization and without and not in response to a valid subpoena, warrant or Court order at any time from

January 1, 2006, to the present (the "Class"). The "Class Period" is from January 1, 2006, to the present.

36.     The Class is composed of numerous people, whose joinder in this action would be impracticable.  The disposition of their claims through this class action will benefit Class members, the parties and the Courts. Upon information and belief, there are thousands of persons in the Class, and the actual number, identities and contact information of the individual members of the Class can be ascertained through Yahoo!'s electronic records.

37.     There is a well-defined community of interest in questions of law and fact affecting the Class. These questions of law and fact predominate over individual questions affecting individual Class members, including, but not limited to, the following:

a.     whether Yahoo! disclosed to law enforcement and other government entities personal and private data and information regarding Class members and their Yahoo! accounts;

b.     whether Yahoo! disclosed to law enforcement and other government entities personal and private data and information regarding Class members and their Yahoo! accounts without and not in response to a valid and enforceable grand

jury subpoena;

c.     whether Yahoo! disclosed to law enforcement and other government entities personal and private data and information regarding Class members and their Yahoo! accounts without a valid and enforceable search warrant;

d.     whether Yahoo! disclosed to law enforcement and other government entities personal and private data and information regarding Class members and their Yahoo! accounts without and not in response to a valid and enforceable Court order;

e.     whether Yahoo!'s conduct described herein violated its Terms of Service, Privacy Policy and other representations to Yahoo! Users;

f.     whether Yahoo!'s conduct described herein violates the Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.*;

g.     whether Yahoo!'s conduct described herein violates the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*;

h.     whether Yahoo!'s conduct described herein violates California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*;

i.     whether Yahoo!'s conduct described herein violates Cal. Bus. & Prof.

Code § 17500 *et seq.*;

j.      whether Yahoo!'s conduct described herein constitutes a public disclosure of private facts;

k.      whether Yahoo!'s conduct described herein constitutes a breach of contract;

l.      whether Yahoo!'s conduct described herein constitutes a breach of implied duty of good faith and fair dealing;

m.      to what extent personal and private data and information was disclosed by Yahoo! to law enforcement;

n.      whether Class members are entitled to damages as a result of Yahoo!'s conduct described herein, and if so, what is the measure of those damages;

o.      whether Class members are entitled to statutory damages as a result of Yahoo!'s conduct described herein, and if so, what is the measure of those statutory damages; and

p.      whether Class members are entitled to injunctive, declarative and monetary relief as a result of Yahoo!'s conduct described herein.

38.     Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and the other members of the Class each sustained damages arising out of Yahoo!'s wrongful conduct as complained of herein. Yahoo! engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Class members. Similar or identical statutory and common law violations, business practices and injuries are involved. Individual questions, if any, pale by comparison to the numerous common questions that dominate.

39.     The injuries sustained by the Class members flow from a common nucleus of operative facts.  In each case, Yahoo! disclosed to law enforcement and other government entities personal and private data and information regarding Class members and their Yahoo! accounts without valid and enforceable legal process.

40.     Given the similar nature of the Class members' claims and absence of material differences in the statutes and common law upon which the Class members' claims are based, a nationwide class will be easily managed by the Court and the parties as the identities of the Class members are known to Yahoo!, and damages, including the applicable statutory damages, can be calculated to a reasonable certainty through expert testimony.

41.     Because of the relatively small size of the Class members' claims and given the significant expense required to prosecute the foregoing claims against Yahoo!, no Class member could afford to seek legal redress on an individual basis.

42.     Plaintiff is not aware of any litigation concerning this controversy that has already been initiated by or against any members of this Class.

43.     Plaintiff's claims are typical of those of the Class as all members of the Class are similarly affected by Yahoo!'s uniform and actionable conduct described herein.

44.     Yahoo! has acted and failed to act on grounds generally applicable to Plaintiff and other Class members requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward Class members.

45.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and complex litigation.  Plaintiff has no interests antagonistic to, or in conflict with, those of the Class they seek to represent.

46.     Plaintiff reserves the right to revise the above class definition based on facts learned in discovery.

**COUNT ONE**

**(Violation of the Electronic Communications Privacy Act)**

47.     Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

48.     The Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq.* (the "ECPA") broadly defines an "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate or foreign commerce…" 18 U.S.C. § 2510(12).

49.     The ECPA also broadly defines the contents of a communication. Pursuant to the ECPA, "contents" of a communication, when used with respect to any wire, oral, or electronic communications, include any information concerning the substance, purport, or meaning of that communication. 18 U.S.C. § 2510(8). "Contents," when used with respect to any wire or oral communication, includes any information concerning the identity of the parties to such communication or the existence, substance, purport, or meaning of that communication. The definition thus includes all aspects of the communication itself. No aspect, including the identity of the parties, the substance of the communication between

them, or the fact of the communication itself, is excluded. The privacy of the communication to be protected is intended to be comprehensive.

50. Pursuant to the ECPA, "electronic storage" means any "temporary storage of a wire or electronic communication incidental to the electronic transmission thereof." 18 U.S.C. § 2510(17)(A).

51. Pursuant to the ECPA, Yahoo! operates an "electronic communications service" as defined in 18 U.S.C. § 2510(15).

52. Yahoo!'s Users' contact lists, email communications, photos, files, website posts and other IP address information are electronic communications within the meaning of 18 U.S.C. § 2510(12).

53. By disclosing users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable grand jury subpoena, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) & (c).

54. By disclosing Yahoo! Users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address law enforcement and other government entities without and not in response

to a valid and enforceable grand jury subpoena, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications of Yahoo!'s Users to persons other than the intended recipients in violation of 18 U.S.C. § 2511(3)(a).

55.   By disclosing users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable court warrant issued by a court of competent jurisdiction, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) & (c).

56.   By disclosing Yahoo! Users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable court warrant issued by a court of competent jurisdiction, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications of Yahoo! Users to persons other than the intended recipients in violation of 18 U.S.C. § 2511(3)(a).

57.   By disclosing users' personal and private information and data,

contact lists, email communications, photos, files, website posts and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable court order issued by a court of competent jurisdiction, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization intercepted and disclosed electronic communications in violation of 18 U.S.C. § 2511(1)(a) & (c).

58.   By disclosing Yahoo! Users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address information to law enforcement and other government entities without and not in response to a valid and enforceable court order issued by a court of competent jurisdiction, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications of Yahoo! Users to persons other than the intended recipients in violation of 18 U.S.C. § 2511(3)(a).

59.   Yahoo! is not a party to any of the above-mentioned communications, nor have any of the parties to the communications given prior consent to Yahoo!'s interception or divulging of those communications as defined by 18 U.S.C. § 2511(2)(d).

60.   Yahoo! engaged in the foregoing acts and omissions without first begin served with and not in response to a valid and enforceable grand jury

subpoena.

61.    Yahoo! engaged in the foregoing acts and omissions without first being served with and not in response to a valid and enforceable court warrant issued by a court of competent jurisdiction.

62.    Yahoo! engaged in the foregoing acts and omissions without first being served with and not in response to a valid and enforceable court order issued by a court of competent jurisdiction.

63.    None of the foregoing acts and omissions taken by Yahoo! were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2511(2).

64.    None of the foregoing acts and omissions taken by Yahoo! were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2511(3)(b).

65.    None of the foregoing acts and omissions taken by Yahoo! were based on a valid and enforceable grand jury subpoena or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).

66.    None of the foregoing acts and omissions taken by Yahoo! were based

on a valid and enforceable court warrant or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).

67.     None of the foregoing acts and omissions taken by Yahoo! were based on a valid and enforceable court order or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).

68.     None of the foregoing acts and omissions taken by Yahoo! were based on valid and enforceable legal process or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2520(d).

69.     Each incident in which Yahoo! divulged personal and private data and information of Yahoo! Users is a separate and distinct violation of the ECPA.

70.     Yahoo!'s disclosures of its users' personal and private data and information was willful and intentional.

71.     Plaintiff, on behalf of herself and the Class, is entitled to appropriate relief, including preliminary and other equitable or declaratory relief as this court may deem appropriate Pursuant to 18 U.S.C. § 2520(b)(1).

72.     Plaintiff, on behalf of herself and the Class, is entitled to recover punitive damages as provided by 18 U.S.C. § 2520(b)(2).

73.     Plaintiff, on behalf of herself and the Class, is entitled to reasonable attorneys' fees and other litigation costs reasonably incurred as provided by 18 U.S.C. § 2520(b)(3).

74.     Plaintiff, on behalf of herself and the Class, is entitled to statutory damages in the amount of not less than $10,000.00 per Class member as provided by 18 U.S.C. § 2520(c)(2).

## COUNT TWO
### (Violations of the Stored Communications Act)

75.     Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

76.     The Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA") sets forth a system of statutory privacy rights for customers and users of electronic communications service providers and remote computing service providers such as Yahoo!.

77.     18 U.S.C § 2702 regulates voluntary disclosure by internet service providers of customer communications and records, including specific prohibitions.

78.     Pursuant to the SCA, "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage on that service." 18 U.S.C § 2702(a)(1).

79.     Pursuant to the SCA "a person or entity providing remote computing service to the public shall not knowingly divulge to any person or entity the contents of any communication which is carried or maintained on that service." 18 U.S.C § 2702(a)(2).

80.     18 U.S.C. § 2703 articulates the steps that federal and state law enforcement officers and other government entities must follow to compel providers to disclose the content of stored wire or electronic communications and other private personal data and information.

81.     Pursuant to 18 U.S.C. § 2703, law enforcement and other government entities can compel disclosure after obtaining a valid grand jury or trial subpoena and with notice of the subpoena to the user.

82.     State grand jury or trial subpoenas are invalid, unenforceable and have no force and effect outside of their state of issuance and cannot be used or served in another state to compel a provider in the foreign state to give testimony or produce records.

83.    Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to or in lieu of response to a foreign state grand jury or trial subpoena is improper and violative of the SCA.

84.    Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to or in lieu of response to a foreign state grand jury or trial subpoena without notice of the subpoena to the Yahoo! User is improper and violative of the SCA.

85.    By disclosing user, account and Internet Protocol ("IP") address information in response to or in lieu of response to a foreign state grand jury or trial subpoena that is invalid, unenforceable and has no force and effect outside of the state of issuance, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications while those communications were maintained in electronic storage in violation of 18 U.S.C. §2702(a)(1).

86.    Pursuant to 18 U.S.C. § 2703(c)(1)(A), a law enforcement officer can compel disclosure after obtaining a warrant issued by a court of competent jurisdiction.

87.    Search warrants, however, signed by state magistrates and other state judges are invalid, unenforceable and have no force and effect outside of the state

of issuance, and therefore those search warrants are not issued by a court of competent jurisdiction.

88.    Yahoo!'s disclosure of a Yahoo! User's personal and private information and data in response to or in lieu of response to a foreign state search warrant is improper and violative of the SCA.

89.    By disclosing user, account and IP address information in response to or in lieu of response to a foreign state search warrant that has no force and effect outside of the state of issuance, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications while those communications were maintained in electronic storage in violation of 18 U.S.C. §2702(a)(1).

90.    Yahoo! provides remote computing services to the public as defined in 18 U.S.C. § 2711(2) because it provides computer storage or processing services by means of an electronic communications system.

91.    Yahoo! carries and maintains its Yahoo! Users' personal and private information and data, contact lists, email communications, photos, files, website posts and other IP address information on behalf of the Yahoo! Users.

92.    Yahoo! carries and maintains some of its Yahoo! Users' personal and private information and data, contact lists, email communications, photos, files,

website posts and other IP address information solely for the purpose of providing storage and computer processing services to its users. Yahoo! is not authorized to access this information for purposes other than providing storage and computer processing.

93.     By engaging in the foregoing acts and omissions, Yahoo! knowingly, willfully, unlawfully, intentionally and without authorization divulged the contents of communications that are carried and maintained by Yahoo! on behalf of, and received by transmission from, Yahoo! Users in violation of 18 U.S.C. § 2702(a).

94.     Yahoo!'s knowing, willful, unlawful, and intentional disclosure of the contents of communications that are carried and maintained by Yahoo! on behalf of, and received by transmission from, Yahoo! Users were not made pursuant to any exceptions to the prohibitions against disclosure as set forth in 18 U.S.C. § 2702(b).

95.     Yahoo! also engaged in the foregoing acts and omissions without first being served with a valid and enforceable warrant issued by a court of competent jurisdiction as required by 18 U.S.C. § 2703(c)(1)(A).

96.     Yahoo! also engaged in the foregoing acts and omissions without first being served with a valid and enforceable grand jury or trial subpoena as required by 18 U.S.C. § 2703(b).

97.    Yahoo! engaged in the foregoing acts and omissions without first being served with a valid and enforceable court order issued by a court of competent jurisdiction.

98.    Yahoo! also engaged in the foregoing acts and omissions without prior notice from the government entity to the user as required by 18 U.S.C. § 2703(b).

99.    None of the foregoing acts and omissions taken by Yahoo! were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2702(b).

100.   None of the foregoing acts and omissions taken by Yahoo! were permissible pursuant to any exceptions to the prohibition against disclosure as set forth in 18 U.S.C. § 2702(c).

101.   None of the foregoing acts and omissions taken by Yahoo! were based on a valid and enforceable grand jury subpoena or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2707(e).

102.   None of the foregoing acts and omissions taken by Yahoo! were based on a valid and enforceable court warrant or a good faith reliance on the same so as

to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2707(e).

103.   None of the foregoing acts and omissions taken by Yahoo! were based on a valid and enforceable court order or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2707(e).

104.   None of the foregoing acts and omissions taken by Yahoo! were based on valid and enforceable legal process or a good faith reliance on the same so as to constitute a complete defense to this civil action as set forth in 18 U.S.C. § 2707(e).

105.   None of the foregoing acts and omissions taken by Yahoo! were in accordance with a valid and enforceable subpoena as to preclude a cause of action against Yahoo! as set forth in 18 U.S.C. § 2703(e).

106.   None of the foregoing acts and omissions taken by Yahoo! were in accordance with a valid and enforceable court warrant as to preclude a cause of action against Yahoo! as set forth in 18 U.S.C. § 2703(e).

107.   None of the foregoing acts and omissions taken by Yahoo! were in accordance with a valid and enforceable court order as to as to preclude a cause of action against Yahoo! as set forth in 18 U.S.C. § 2703(e).

108. None of the foregoing acts and omissions taken by Yahoo! were in accordance with a valid and enforceable legal process or anything else as to preclude a cause of action against Yahoo! as set forth in 18 U.S.C. § 2703(e).

109. Each incident in which Yahoo! divulged personal and private data and information of Yahoo! Users is a separate and distinct violation of the SCA.

110. Yahoo!'s disclosures of its users' personal and private data and information was willful and intentional.

111. Plaintiff, on behalf of herself and the Class, is entitled to appropriate relief, including preliminary and other equitable or declaratory relief as this court may deem appropriate pursuant to 18 U.S.C. § 2707(b)(1).

112. Plaintiff, on behalf of herself and the Class, is entitled to a reasonable attorneys' fees and other litigation costs reasonably incurred as provided by 18 U.S.C. § 2707(b)(3).

113. Plaintiff, on behalf of herself and the Class, is entitled to recover monetary damages including actual damages, and statutory damages in the amount of not less than $1,000.00 per Class member as provided by 18 U.S.C. § 2707(c).

114. Plaintiff, on behalf of herself and the Class, is entitled to recover punitive damages as provided by 18 U.S.C. § 2707(c).

## COUNT THREE
### (Violation of California's Unfair Competition Law)

115.   Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

116.   California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, protects both consumers and competitors by promoting fair competition in commercial markets for goods and services.

117.   The UCL prohibits any unlawful, unfair or fraudulent business act or practice. A business practice need only meet one of the three criteria to be considered unfair competition. An unlawful business practice is anything that can properly be called a business practice and that at the same time is forbidden by law.

118.   As described herein, Yahoo!'s disclosure of personal and private data and information regarding Yahoo! Users to law enforcement and other government entities without the users' knowledge or authorization and without a valid and enforceable grand jury subpoena, warrant or court order is a violation of the UCL.

119.   Yahoo! has violated the "unlawful" prong of the UCL in that Yahoo!'s conduct violated the ECPA (18 U.S.C. § 2510 *et seq.*) and the SCA (18 U.S.C. § 2701 *et seq.*).

120.   Yahoo! violated the fraudulent prong of the UCL by explicitly representing in its Terms of Service and Privacy Policy that it would not disclose personal and private data and information regarding Yahoo! Users without the user's knowledge or authorization, without being required to do so by law, or without valid legal process.

121.   Yahoo! used those misrepresentations to induce users to submit their personal and private data and information to its website.

122.   Yahoo! then knowingly disclosed that personal and private data and information to law enforcement and other government entities without the user's knowledge or authorization and without a valid and enforceable grand jury subpoena, warrant or Court order.

123.   Yahoo! violated the unfair prong of the UCL by disclosing that personal and private data and information to law enforcement and other government entities without the user's knowledge or authorization, without a valid and enforceable grand jury subpoena, warrant or Court order and under false pretenses.

124.   Yahoo!'s unfair or deceptive practices occurred primarily and substantially in California. Decisions concerning the retention and safeguarding the disclosure of Yahoo! Users' personal and private data and information were made

in California; Yahoo! maintains all or a substantial part of its computer systems containing Yahoo! Users' personal and private data and information in California; and the disclosure of its users' personal and private data and information took place primarily and substantially in California.

125.   Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order of this Court permanently enjoining Yahoo! from continuing to engage in the unfair and unlawful conduct described herein. Plaintiff seeks an order requiring Yahoo! to: (1) immediately cease the unlawful practices stated in this Complaint; and (2) awarding Plaintiff and the Class reasonable costs and attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5.

## COUNT FOUR
### (Violation of Cal. Bus. & Prof. Code § 17500 *et seq.*)

126.   Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

127.   The acts, omissions and practices of Yahoo! alleged herein include untrue or misleading statements made in connection with the provision of services which were known, or which by the exercise of reasonable care should have been known, to be untrue or misleading, in violation of California Business &

Professions Code § 17500 *et seq.* These untrue or misleading statements include, but are in no way limited to, the following:

      a.      Representing that Yahoo! takes its users' privacy seriously;

      b.      Representing that Yahoo! respects and protects the privacy of its users' personal information;

      c.      Representing that Yahoo! only shares personal information in limited circumstances;

      d.      Representing that Yahoo! has physical, electronic and procedural safeguards that comply with federal regulations to protect personal information about Yahoo! Users;

      e.      Representing that Yahoo! will keep private whatever information users communicate absent a compelling reason;

      f.      Representing that Yahoo! would not disclose personal and private data and information regarding Yahoo! Users without the user's knowledge or authorization;

      g.      Representing that Yahoo! would not disclose personal and private data and information regarding Yahoo! Users without being required to do so by law;

      h.      Representing that Yahoo! would not disclose personal and private

data and information regarding Yahoo! Users without valid legal process; and

     i.     Other untrue or misleading statements as alleged above.

128.   Plaintiff and the Class have suffered harm as a result of Yahoo!'s violations, including suffering the public disclosure of their private information.

129.   Upon information and belief, Yahoo! continues to knowingly disclose personal and private data and information of Yahoo! Users to law enforcement and other government entities without the user's knowledge or authorization, without being required to do so by law, and without a valid and enforceable grand jury subpoena, warrant or Court order. There is no indication that Yahoo! will stop this conduct in the future. Yahoo!'s unlawful and unfair business practices will continue to cause harm to Plaintiff and members of the Class.

130.  Yahoo!'s unfair or deceptive practices occurred primarily and substantially in California.  Decisions concerning the retention and safeguarding the disclosure of Yahoo! Users' personal and private data and information were made in California, Yahoo! maintains all or a substantial part of its computer systems containing Yahoo! Users' personal and private data and information in California, and the disclosure of its users' personal and private data and information took place primarily and substantially in California.

131.   Pursuant to California Business & Professions Code § 17535, Plaintiff seeks an order of this Court permanently enjoining Yahoo! from continuing to engage in the unfair and unlawful conduct described herein. Plaintiff also seeks attorneys' fees and pursuant to California Code of Civil Procedure § 1021.5, as well as such other and further relief as the Court deems appropriate.

## COUNT FIVE
### (Public Disclosure of Private Facts)

132.   Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

133.   By its conduct, Yahoo! has knowingly and intentionally caused the public disclosure of private facts concerning Plaintiff and members of the Class. These private facts are ones that a reasonable person would not wish disclosed and that are not newsworthy.

134.   Plaintiff and members of the Class have suffered harm as a result of Yahoo!'s public disclosure of private facts about them.

135.   Plaintiff and members of the Class are entitled to actual and punitive damages and injunctive relief for these torts.

## COUNT SIX
### (Breach of Contract)

136.   Plaintiff, on behalf of herself and the class, realleges and incorporates

by reference the foregoing allegations as if fully set forth herein.

137.   In order to register for and use its Yahoo! services, Yahoo! required that Plaintiff and the Class affirmatively assent to its Terms and Conditions and Privacy Policy (the "Agreement") regarding the disclosure of its users' personal and private information and data.

138.   The Agreement sets forth the rights of Yahoo! Users concerning the collection, protection, use and disclosure of a Yahoo! User's personal and private information and data as required by law and by Yahoo!'s applicable privacy policies.

139.   Plaintiff and the Class were the intended beneficiaries of such Agreement.

140.   The Agreement's provisions constitute a valid and enforceable contract between Plaintiff and the Class on the one hand, and Yahoo! on the other.

141.   Yahoo! breached the Agreement by disclosing Yahoo! Users' personal and private information and data to law enforcement and other government entities without private data and information without the user's knowledge or authorization, without being required to do so by law, and without a valid and enforceable grand jury subpoena, warrant or Court order.

142.   As a beneficiary of the Agreement with Yahoo!, Plaintiff, on behalf of

herself and the Class, asserts this breach of contract claim against Yahoo!.

143.   Yahoo! is liable to Plaintiff and members of the Class for the damages resulting from said unlawful disclosures in violation of the Agreement during the Class Period, plus prejudgment interest and any other relief ordered by the Court.

144.   All conditions precedent to bringing this Count have been completed, performed and/or waived.

## COUNT SEVEN
### (Breach of Duty of Good Faith and Fair Dealing)

145.   Plaintiff, on behalf of herself and the class, realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

146.   Every contract implies a covenant or duty of good faith and fair dealing in the performance of the agreement and its enforcement, including Yahoo!'s Agreement with its Yahoo! Users regarding the disclosure of Yahoo! Users' personal and private information and data.

147.   Under the duty of good faith and fair dealing, both parties to a contract impliedly promise to perform their promises and provide such cooperation as is required for the other party's performance.

148.   Under the duty of good faith and fair dealing, both parties to a contract impliedly promise compliance with the spirit, and not merely the letter, of a contract.

149.   Plaintiff and the Class reasonably relied on Yahoo! to comply with its duty of good faith and fair dealing with regard to the terms of the Agreement.

150.   Yahoo! has a duty to exercise good faith in its protection of its Yahoo! Users' personal and private information and data by requiring a valid and enforceable grand jury subpoena, warrant or Court order prior to disclosure of its users' personal and private information and data.

151.   Yahoo! breached its implied duty of good faith and fair dealing by exercising bad faith in automatically and unlawfully accepting as valid legal process, facsimile transmissions of state grand jury or trial subpoenas, which are invalid, unenforceable and have no force and effect outside of their state of issuance.

152.   Yahoo! breached its implied duty of good faith and fair dealing by exercising bad faith in automatically and unlawfully accepting as valid legal process, facsimile transmissions of search warrants signed by state magistrates and other state judges, which are invalid, unenforceable and have no force and effect outside of their state of issuance.

153.   Yahoo! is liable to Plaintiff and members of the Class for the damages resulting from said breach of implied duty of good faith and fair dealing during the Class Period, plus prejudgment interest and any other relief ordered by the Court.

154.   All conditions precedent to bringing this Count have been completed, performed and/or waived.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays that the Court enter judgment and grant the following relief to Plaintiff and the Class:

(a)   Certify this case as a class action on behalf of the Class defined above, appoint Plaintiff as class representatives, and appoint her counsel as class counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)   Declare that Yahoo!'s actions, as described herein, violate the ECPA (18 U.S.C. § 2510 *et seq.*), the SCA (18 U.S.C. § 2701 *et seq.*), the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*), Cal. Bus. & Prof. Code § 17500 *et seq.*, and constitute public disclosure of private facts, breach of contract, and breach of duty of good faith and fair dealing;

(c)     Award injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including, *inter alia*, an order prohibiting Yahoo! from engaging in the wrongful and unlawful acts described herein;

(d)     Award damages, including statutory damages where applicable, to Plaintiff and the Class in an amount to be determined at trial;

(e)     Award all economic, monetary, actual, consequential, and compensatory damages caused Yahoo!'s conduct, and if its conduct is proved willful, award Plaintiff and the Class exemplary damages;

(f)     Award restitution against Yahoo! for all money to which Plaintiff and the Class are entitled in equity;

(g)     Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

(h)     Award Plaintiff and the Class pre-judgment and post-judgment interest, to the extent allowable; and

(i)     Award such other and further relief allowed by law as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 26, 2010

Respectfully submitted,


s/ Joshua A. Millican
Joshua A. Millican, Esq.
Georgia Bar No. 508998
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133
joshua.millican@lawofficepc.com

Matthew C. Billips
Georgia Bar No.  057110
BILLIPS & BENJAMIN LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
Telephone: (770) 859-0751
Facsimile: (770) 859-0752
billips@bandblawyers.com

Lisa T. Millican
Georgia Bar No. 309046
GREENFIELD MILLICAN P.C.
607 The Grant Building
44 Broad Street, N.W.
Atlanta, Georgia 30303
(404) 522-1122 (telephone)
(404) 522-1133 (facsimile)
lisa.millican@lawofficepc.com

Anthony J. Morgese, Esq.

Georgia Bar No. 523430
MORGESE LAW FIRM
3233 S. Cherokee Lane, Building 1000
Woodstock, GA 30188
Telephone: (770) 517-6711
Facsimile: (770) 517-6715
lawpair@aol.com

**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this day, I electronically filed the FIRST AMENDED CLASS ACTION COMPALINT with the Clerk of Court in the United States District Court, for the Northern District of  Georgia, Atlanta Division, using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

MCKENNA LONG & ALDRIDGE, LLP
Jeanine G. Garvie, Esq.
Candice Wilson, Esq.

ZWILLINGER GENETSKI LLP
Christian S. Genetski, Esq.
Marc J. Zwillinger, Esq.

Dated:  November 26, 2010.

s/ Joshua A. Millican
Joshua A. Millican
Georgia Bar No. 508998
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, Georgia 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133
joshua.millican@lawofficepc.com

**Counsel for Plaintiff**