Jennifer Stisa Granick, Esq. (CA Bar No. 168423)
ZWILLINGER GENETSKI LLP
1705 N Street, NW
Washington, D.C. 20036
Phone: (202) 296-3585
Fax: (202) 706-5298
jennifer@zwillgen.com

*Attorneys for Defendant Yahoo! Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYELYNN SAMS, Individually, and on behalf of a class of all others similarly situated, | Case No. 3:10-CV-05897-TEH |
| Plaintiffs, | **DEFENDANT YAHOO! INC.'S AMENDED NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT.** |
| v. | |
| YAHOO! INC., | Date: March 7, 2011 |
| Defendant. | Time: 10:00am |
| | Dep't: Hon. Thelton Henderson |

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 7, 2011 at 10:00 a.m., in Courtroom 12 of the Northern District of California, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, Defendant Yahoo! Inc. ("Yahoo!") will, and hereby does move to dismiss the First Amended Complaint (Dkt. 13) with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is based on this Notice of Motion and Motion, the accompanying Memorandum in support thereof, and such further and additional arguments and papers that may be presented to the Court at or before the hearing on this motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.      Introduction ........................................................................................................... 1

II.     Procedural History ............................................................................................... 2

III.    Factual Allegations .............................................................................................. 3

IV.     Standard of Review .............................................................................................. 5

V.      Yahoo!'s Immunity Under The Stored Communications Act Mandates
        That Plaintiff's Claims Be Dismissed With Prejudice ......................................... 6

        A.      The SCA's Two Immunity Provisions Bar Plaintiff's Claims ................. 6

                1.      Section 2703(e) of the SCA Bars Plaintiffs Claims .................. 7

                2.      Section 2707(e) of the SCA and Section 2520(e) of the
                        Wiretap Act Bar Plaintiff's Claims ........................................... 8

VI.     Plaintiff Cannot Contest Yahoo!'s Decision to Waive Rights Personal to
        Yahoo! ................................................................................................................. 10

VII.    Plaintiff Fails to State a Claim for Breach of Contract or Breach of the
        Implied Duty of Good Faith and Fair Dealing ................................................... 12

VIII.   Plaintiff's Claims Under Cal. Bus. & Prof. Code §§ 17200 & 17500 Must
        Fail ..................................................................................................................... 14

IX.     Plaintiff Lacks Standing to Bring Any Claims Based on Improper
        Compliance with a Warrant or Improper Disclosure of the Contents of
        Communications ................................................................................................ 16

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Anderson v. Fishback*, No. CV-05-0729-ROS (PC), 2009 WL 2423327 (E.D.Cal.
    Aug. 2, 2009) ................................................................................................. 4

*Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ........................................................... 6

*Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005) ................... 11

*Bailey v. Patterson,* 369 U.S. 31 (1962) ............................................................ 16

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ........................................ 6

*Booker v. Dominion Virginia Power*, No. 3:09-cv-759, 2010 WL 1848474 (E.D. Va.
    May 7, 2010) ......................................................................................... 7, 8, 11

*Burcham v. Expedia, Inc.*, No. 4:07CV1963 CDP, 2009 WL 586513 (E.D.  Mo.
    Mar. 6, 2009) ................................................................................................ 13

*Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939 (S.D. Cal. 2007) ........................................ 14

*DeJohn v. The TV Corp. Int'l*, 245 F. Supp. 2d 913 (N.D. Ill. 2003) ............................ 13

*Forrest v. Verizon CommCommc'ns, Inc.*, 805 A. 2d 1007 (D.C. 2002) ............................... 13

*Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638 (E.D. Va. 2004)............................... 9

*Friends of the Earth, Inc. v. Laidlaw Envtl Servs., Inc.*, 528 U.S. 167 (2000)............................. 17

*Guadagno v. E*Trade Bank*, 592 F.Supp.2d 1263 (C.D.Cal.2008) ............................... 13

*Hughes v. McMenamon,* 204 F. Supp. 2d 178 (D. Mass. 2002).................................... 13

*Imageline, Inc. v. Fotolia LLC*, 663 F. Supp. 2d 1367 (N.D. Ga. 2009) ........................................ 13

*In re Application of the United States for a Nunc Pro Tunc Order for Disclosure of
    Telecomms. Records*, 352 F. Supp. 2d 45 (D. Mass. 2005)................................. 9

*Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982)...................... 12

*Inter-Mark USA, Inc. v. Intuit, Inc.*, No. c-07-04178, 2008 WL 552482 (N.D. Cal.
    Feb. 27, 2008) ............................................................................................... 13

*Jacobson v. Rose*, 592 F.2d 515 (9th Cir.1978)................................................................. 9

*Jayne v. Sprint PCS*, No. CIV S-07-2522 LKK GGH P, 2009 WL 426117 (E.D. Cal.
    Feb. 20, 2009) ................................................................................................. 9

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) .......................................... 15

-iii-

*Laster v. T-Mobile USA Inc.*, 407 F. Supp. 2d 1181 (S.D. Cal. 2005) ........................................... 14

*Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580 (9th Cir. 2008) .................................. 4

*Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001) ................................................. 17

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) ................................................................. 6

*Marder v. Lopez*, 450 F.3d 445 (9th Cir.2006) .................................................................. 3

*McCready v. eBay, Inc.*, 453 F.3d 882 (7th Cir. 2006) ................................................ 9, 10

*ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447 (7th Cir. 1996) .............................................. 13

*Recursion Software, Inc. v. Interactive Intelligence, Inc.*, 425 F. Supp. 2d 756 (N.D. Tex. 2006) .......................................................................................................... 13

*Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.*, 45 F. Supp. 2d 982 (C.D. Cal. 1999). ................................................................................................................ 11

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) ................................................. 12

*Sanders v. Brown*, 504 F.3d 903 (9th Cir. 2007) ............................................................... 3

*Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26 (1976) ............................................... 16

*Specht v. Netscape Commc'ns. Corp.*, 306 F.3d 17 (2d Cir. 2002) ................................. 13

*Stern v. Great Western Bank*, 959 F. Supp. 478 (N.D. Ill. 1997) ................................... 14

*United States v. Councilman*, 418 F.3d 67 (1st Cir. 2005) ............................................... 6

*United States v. Evans*, 574 F.2d 1287 (5th Cir. 1978) .................................................... 11

*United States v. Tomison*, 969 F. Supp. 587 (E.D.Cal. 1997) ........................................ 11

*United States v. Viltrakis*, 108 F.3d 1159 (9th Cir. 1997) .............................................. 11

*Warth v. Seldin*, 422 U.S. 490 (1975) .............................................................................. 16

*Windsor v. Martindale*, 175 F.R.D. 665 (D. Col. 1997) .................................................. 11

**State Cases**

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 973 P.2d 527 (1999) ............................................................................................... 15

*Manufacturers Life Ins. Co. v. Superior Court*, 10 Cal.4th 257, 283 (1995) ................. 15

*In re Tobacco II Cases*, 46 Cal. 4th 298 (2009) ..................................................... 14, 15, 16

*Khoury v. Maly's of Cal., Inc.*, 17 Cal. Rptr. 2d 708 (Cal. Ct. App. 1993) .............. 13, 15

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

**Federal Statutes**

18 U.S.C. § 2520 ............................................................................ 6, 9, 16, 17

18 U.S.C. § 2511 ...................................................................................... 17

18 U.S.C § 2702(c)(4) ................................................................................. 9

18 U.S.C. § 2703(a) ............................................................................ 17, 18

18 U.S.C. § 2703(e) ............................................................................ *passim*

18 U.S.C. § 2707(e) ............................................................................ *passim*

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................................ 1, 2, 13, 14

Cal. Bus. & Prof. Code § 17500 ........................................................ 1, 2, 14

Cal. Penal Code § 1524.2(c) ............................................................. 12, 17

O.C.G.A. § 17-7-190 ......................................................................... 11

**Federal Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................... 1, 6, 17

**Miscellaneous**

8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice And
        Procedure Civil 2D § 2035 ...................................................... 11

S. Rep. No. 99-541, at 26 (1986), reprinted in 1986 U.S.C.C.A.N. 3555, 2580 ............ 9

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

1

## I.    INTRODUCTION

2

Plaintiff Fayelynn Sams' complaint challenging Yahoo!'s production of subscriber

3

information in response to two valid state Grand Jury subpoenas should be dismissed

4

because: (a) Yahoo! has complete immunity for any and all claims arising under federal or

5

state law for providing user information in response to grand jury subpoenas and warrants

6

regardless of how they are served; and, (b) Yahoo!'s contract with its users expressly

7

contemplates the types of disclosures at issue. Accordingly, this Court should dismiss Plaintiff's

8

complaint pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a claim.

9

Sams' complaint in this case fails in light of the key immunity provision in the

10

Stored Communications Act ("SCA"), 18 U.S.C. § 2703(e), which grants Yahoo! complete

11

immunity for compliance with valid court orders, warrants, or subpoenas.  Sams does not

12

dispute that the subpoenas were validly issued, only that they were improperly served.  This

13

entire dispute, therefore, is about whether accepting state grand jury subpoenas by fax rather

14

than insisting on personal service voids an ISP's absolute immunity under federal law.  Of

15

course, as a matter of law, it does not.  Further, the complaint also should be dismissed

16

because it contains no allegations that overcome Yahoo!'s immunity under the good faith

17

reliance provision contained in 18 U.S.C. § 2707(e).  If service by fax is invalid under

18

Georgia law even when the recipient waives service, Yahoo! is still entitled to good faith

19

immunity for responding to the subpoenas.  Plaintiff's claims under Cal. Bus. & Prof. Code

20

§§ 17200 & 17500 also fail because she has not alleged actual reliance on the alleged

21

misstatements, the alleged misstatements and practices are not unfair, unlawful, or

22

fraudulent, the alleged practices and misstatements are not the "but for" cause of Plaintiff's

23

alleged injury, and Plaintiff has not lost "money or property" as a result of Yahoo!'s alleged

24

actions.  Lastly, Plaintiff's state law claims for breach of contract, as well as claims under

25

Cal. Bus. Prof. Code §§ 17200 & 17500 are contrary to the express terms of her agreement

26

with Yahoo! and therefore barred as a matter of law.

27

-1-

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

28

## II.   PROCEDURAL HISTORY

Plaintiff Fayelynn Sams ("Sams" or "Plaintiff") filed her class action complaint in the Superior Court of Fulton County for the State of Georgia on September 28, 2010. Plaintiff served Yahoo!'s agent in Georgia on September 29, 2010.  (Dkt. 1, Ex. A). Yahoo! removed the case to the Northern District of Georgia on October 28, 2010, and filed a motion to dismiss the complaint on November 4, 2011 for failure to state a claim and for improper venue.  (Dkt. 4).  On November 22, 2010, the parties filed a consent motion to extend Plaintiff's deadlines to respond to Defendant's motion to dismiss, and provided that no response was required if Plaintiff filed an amended complaint.  (Dkt. 12).  On November 26, 2010, Plaintiff filed a first amended complaint, which contained substantially the same allegations but added two causes of action under California law for unfair trade practices. (Dkt. 13).  The same day, Plaintiff filed a motion to transfer the case to the Northern District of California.  (Dkt. 14).  On December 10, 2010, Yahoo! responded to that motion to transfer, reiterating that the amended complaint should be dismissed pursuant to the grounds asserted in its first motion to dismiss, but agreed that transfer to the Northern District of California was one appropriate remedy in light of Yahoo!'s terms of service.  (Dkt. 17).

Also on December 10, 2010, both parties filed a consent motion to stay all deadlines in this case until a ruling on the motion to transfer was issued.  The consent motion contemplated that if the motion was denied, Yahoo! would have 14 days to file its motion to dismiss the amended complaint.  It did not specify the deadline for the filing of the Motion to Dismiss following any transfer of the case.  The United States District Court never entered the consent motion, but ordered the case transferred on December 20, 2010. Pursuant to that order, the case was terminated in the Northern District of Georgia on December 20, 2010.  The case was then re-filed by virtue of transfer in the Northern District of California on December 27, 2010, and counsel for Yahoo! discovered on its own accord that transfer was complete when the transfer appeared on ECF/Pacer on December 29, 2010.

-2-

1  Accordingly, no briefing schedule has yet been set for the filing of the Motion to Dismiss

2  following the transfer.  However, 14 days following the re-filing of the case is January 10,

3  2011.  Accordingly, Yahoo!'s motion is timely.

4  **III.    FACTUAL ALLEGATIONS[1]**

5        Yahoo! is an international Internet company with a large network of properties and

6  services that it offers to over 500 million users worldwide, many of which (for example,

7  email) are offered for free.  (Plaintiff's First Amended Complaint  ("Compl.") ¶ 9.)  Plaintiff

8  has or had a free email account(s) with Yahoo!.  (*Id.*)  Plaintiff complains because Yahoo!

9  provided unspecified user data to law enforcement in response to grand jury subpoenas

10  issued by the District Attorney's office for Lowndes County, Georgia on or about December

11  2, 2008.  (*Id.* at ¶ 5.)

12        As the subpoenas indicate, both were propounded to Yahoo! by a Chief Assistant

13  District Attorney for the Southern Judicial Circuit and were signed by the Lowndes County

14  Clerk of Court.  (Yahoo!'s First Motion to Dismiss, Dkt. 5, Ex. B at 2, Ex. C at 2).[2]  Both

[1] Only the well pleaded factual allegations are accepted as true for purposes of this Motion to Dismiss.  Except as expressly stated herein, Yahoo! does not admit the factual allegations contained in Plaintiff's Complaint.

[2] This Court may consider the actual Grand Jury subpoenas served upon Yahoo! as well as Yahoo!'s TOS when examining this motion to dismiss because the Complaint refers to and clearly is based upon them, they are material to Plaintiff's allegations, and their authenticity is not subject to reasonable dispute.  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (in ruling on a motion to dismiss for failure to state a claim "[a] court may consider evidence on which the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion"); *see also Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) ( "Review is generally limited to the contents of the complaint, but a court can consider a document on which the complaint relies if the document is central to the plaintiff's claim, and no party questions the authenticity of the document.")  "Moreover, a court 'need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice.'"  *Anderson v. Fishback*, No. CV-05-0729-ROS (PC), 2009 WL 2423327, *2 (E.D. Cal. Aug. 2, 2009) (quoting *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)).  While not attached to the complaint, the TOS's authenticity is also not subject to reasonable dispute.  The TOS is available at http://info.yahoo.com/legal/us/yahoo/utos/utos-173.html (Yahoo!'s Motion to Dismiss, Dkt. 5, Ex. A.)

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

subpoenas were transmitted to Yahoo! via facsimile from the District Attorney's Office in

Valdosta, Georgia.  (Dkt. 5, Ex. B at 2, Ex. C at 2).  The first subpoena required production

of subscriber information for the Yahoo! ID lynnsams or lynnsams@yahoo.com, including

"name and address, date account created, account status, Yahoo! E-mail address, alternate

e-mail address, registration from IP, date IP registered and login IP address associated with

session time and dates" in November of 2008.  (Dkt. 5, Ex. B at 3.)  The second subpoena

required production of "[a]ny and all I.P. login tracker for 'lynnsams' or

'lynnsams@yahoo.com'" for dates in December 2008.  (Dkt. 5, Ex. C at 3.)  Both

subpoenas required that Yahoo! not reveal the existence of the subpoena to the subscriber.

(Dkt. 5, Ex. B at 3, Ex. C at 3).

The Complaint fails to mention or file with the Court the binding written contract

between Yahoo! and Sams, the TOS, and instead only alleges portions of the Yahoo!

Privacy Policy incorporated by reference.  As the attached screenshot demonstrates, in order

to register for a Yahoo! account, Ms. Sams (and all Yahoo! users) must first indicate their

acceptance of Yahoo!'s TOS.  (Dkt. 5, Ex. D, Screenshot of Yahoo! Registration Process).

The express provisions of the TOS foreclose the claims here:

> You acknowledge, consent and agree that Yahoo! may access,
> preserve and **disclose your account information and Content if**
> **required to do so by law or in a good faith belief that such**
> **access preservation or disclosure is reasonably necessary to: (i)**
> **comply with legal process**; (ii) enforce the TOS; (iii) respond to
> claims that any Content violates the rights of third parties; (iv)
> respond to your requests for customer service; or (v) protect the
> rights, property or personal safety of Yahoo!, its users and the
> public.

(Dkt. 5, Ex. C ¶ 6 (emphasis added).)  Plaintiff alleges that Yahoo! breached the Privacy

Policy by "unlawfully accepting as valid legal process subpoenas or warrants faxed from

outside California.  (Compl. ¶ 151.)  Plaintiff, of course, did not allege that the Grand Jury

subpoenas were not issued by valid law enforcement agencies, that they lacked signatures

(or other indicia of authenticity), or that a reasonable person would believe that the

-4-

subpoenas or warrants were false.  (*See, e.g.,* Compl. ¶¶ 31-33 (improper service only alleged defect.))  Plaintiff's key omissions are fatal to her claims as they do nothing to suggest that Yahoo! is not immune under federal law.

Similarly, Plaintiff's allegations related to the incorporated Privacy Policy do not save her claim.  (Compl. ¶¶ 11.)  The Privacy Policy provides:

> We respond to subpoenas, court orders, or legal process, or to establish or exercise our legal rights or defend against legal claims.
>
> We believe it is necessary to share information in order to investigate, prevent, or take action regarding illegal activities, suspected fraud, situations involving potential threats to the physical safety of any person, violations of Yahoo!'s terms of use, or as otherwise required by law.

(Ex. A to Compl., *see* Compl. ¶ 11.)  Plaintiff's assertion that the above statement constitutes a "claim" by Yahoo! that it "conform[s] with the strict requirements of the applicable federal statutes when releasing personal and private user information and data…" is a fanciful interpretation of the agreement at odds with its express terms and, as described above, with Yahoo!'s TOS.  (Compl. ¶ 13)   The TOS and the Privacy Policy make it clear that Yahoo! may respond to valid law enforcement requests where it has a good faith belief that disclosure is necessary to comply with legal process.  Plaintiff does not contest that the subpoenas were properly issued by law enforcement, only that Yahoo! violated the SCA by accepting and responding to such process by fax.

## IV.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a court should grant a motion to dismiss where the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  Where, as here, federal

-5-

1    statutory immunity bars all of Plaintiff's claims, and further amendment is futile, the Court

2    should dismiss without leave to amend as a matter of law. *See, e.g., Lopez v. Smith*, 203

3    F.3d 1122, 1127 (9th Cir. 2000) (leave to amend need not be allowed where amendment

4    would be futile)

**V.    YAHOO!'S IMMUNITY UNDER THE STORED COMMUNICATIONS**
5    **ACT MANDATES THAT PLAINTIFF'S CLAIMS BE DISMISSED WITH**
     **PREJUDICE.**
6

7          **A.    The SCA's Two Immunity Provisions Bar Plaintiff's Claims**

8          The SCA, 18 U.S.C. §§ 2701 *et seq*., contains two separate immunity provisions:

9    (1) 18 U.S.C. § 2703(e), which provides complete immunity to any provider of wire or

10   electronic communications service for compliance "with the terms of a court order, warrant,

11   subpoena, statutory authorization, or certification under this chapter;" and (2) 18 U.S.C. §

12   2707(e), which provides a defense for a provider *even if* a defendant exceeds the terms of

13   the subpoena and produces information not called for by the subpoena so long as the

14   provider responds in good faith.  *See United States v. Councilman*, 418 F.3d 67, 83-84 &

15   n.16 (1st Cir. 2005) (analyzing identical immunity provision under the Wiretap Act 18

16   U.S.C. § 2520(d)).[3]  Section 2703(e) is the basic immunity provision, and Section 2707(e)

17   provides for additional immunity if the legal process later turns out to be deficient or if it

18   requires production of information not allowed under the SCA as long as the provider acts

19   in good faith.

20         As set forth below, § 2703(e) immunity applies to this case where Yahoo! complied

21   with the terms of two grand jury subpoenas, and § 2707(e) immunity also applies because

22   Plaintiff lacks standing to contest Yahoo!'s decision to waive formal service requirements,

23

24   ─────────────────
     [3] Thus, there are actually three immunity provisions in the Electronic Communications
25   Privacy Act ("ECPA") if the immunity provision in the Wiretap Act for interceptions and
     disclosures under that statute is included.  *See* 18 U.S.C. § 2520(d).  That immunity
26   parallels immunity under § 2707(e) and would apply to any claim that Yahoo! violated the
     Wiretap Act.
27
                                            -6-

and such a decision does not undermine Yahoo!'s good faith.

           1.  <u>Section 2703(e) of the SCA Bars Plaintiffs Claims</u>

      Section 2703(e) provides that a provider is immune from suit if it complies with the terms of a valid court order, warrant, subpoena, statutory authorization, or certification:

> **No cause of action against a provider disclosing information under this chapter.** — No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under this chapter.

18 U.S.C. § 2703(e).

      Although Plaintiff wholly ignores Section 2703(e), she cannot allege that Yahoo! is not a provider of wire or electronic communication service, or that its employees provided information other than in accordance with a court order, warrant, subpoena, statutory authorization, or certification within the meaning of the section.  Instead, she only alleges that the manner in which the grand jury subpoenas were served is improper, arguing that Yahoo! is not entitled to immunity because it did not insist upon personal service in Georgia.  The decision not to object to improper service, however, is not a basis to override Yahoo!'s clear statutory immunity.

      The court in *Booker v. Dominion Virginia Power*, No. 3:09-cv-759, 2010 WL 1848474 (E.D. Va. May 7, 2010), considered and rejected the identical claim Plaintiff raises here.  In *Booker*, the plaintiff brought invasion of privacy claims against a power company and a telecommunications provider based upon acceptance of subpoenas via facsimile. Rejecting those claims, the court stated that "the right to insist on service by a particular means is a right personal to [the recipient of a subpoena] that [Plaintiff] lacks standing to challenge."  *Id.* at *5.  The *Booker* court specifically found that the immunity provided under 18 U.S.C. § 2703(e) "bars *any* cause of action against a … provider for providing

-7-

information in response to a subpoena." *Id.* at \*7. [4] As in this case, the only allegation in

*Booker* was that service was improper—not that the subpoenas themselves were defective.

Sams does not allege that Yahoo! acted beyond the scope of the subpoenas, that Yahoo!

provided more information than requested by the subpoenas, that the subpoenas were not

actually issued by duly authorized law enforcement officials or that they were not genuine.

Accordingly, as in *Booker*, this Court should reject the claim based on improper service by

fax and dismiss this case under Section 2703(e).

> 2.   Section 2707(e) of the SCA and Section 2520(e) of the Wiretap
>        Act Bar Plaintiff's Claims

Even if § 2703(e)'s immunity provision were inapplicable, Section 2707(e) would

nevertheless provide a complete defense to Plaintiff's claims.   Section 2707(e) states that a

provider is entitled to immunity if it demonstrates:

> A good faith reliance on—
>
> (1) a court warrant or order, a grand jury subpoena, a legislative
> authorization, or a statutory authorization (including a request of a
> governmental entity under section 2703(f) of this title);
>
> (2) a request of an investigative or law enforcement officer under
> section 2518(7) of this title; or

(3) a good faith determination that section 2511(3) of this title permitted the conduct

complained of[.] Though, for the reasons stated below, Plaintiff lacks standing to bring

claims under the Wiretap Act, 18 U.S.C. § 2520(e) also provides an identical good faith

defense to 2707(e).

A good faith defense may be shown where a defendant "'can demonstrate (1) that he

---

[4] The Complaint also alleges that Yahoo! produced materials "voluntarily" by providing
them to law enforcement in advance of a court date in order to avoid travelling to Georgia.
(*See e.g.* Compl. ¶ 26).  Plaintiff, however, provides no indication that the subpoena itself
was invalid or that Yahoo! would not have been required to produce the documents if it had
travelled to Georgia.  Yahoo!'s is not required to travel to Georgia merely to deliver
documents, and thus advance production of the documents does not render these immunity
provisions invalid.

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

had a subjective good faith belief that he acted legally pursuant to a court order; and (2) that this belief was reasonable.'"  *Freedman v. Am. Online, Inc.*, 325 F. Supp. 2d 638, 648 (E.D. Va. 2004) (quoting *Jacobson v. Rose,* 592 F.2d 515, 523 (9th Cir.1978)); *see also In re Application of the United States for a Nunc Pro Tunc Order for Disclosure of Telecomms. Records*, 352 F. Supp. 2d 45, 47 (D. Mass. 2005) (provider is entitled to immunity for complying with a request for an emergency production of records pursuant to 18 U.S.C § 2702(c)(4)); *Jayne v. Sprint PCS*, No. CIV S-07-2522 LKK GGH P, 2009 WL 426117 at *7 (E.D. Cal. Feb. 20, 2009) (provider entitled to dismissal with prejudice for compliance with request for emergency production)).

Plaintiff alleges nothing to demonstrate that Yahoo! lacked a good faith belief that it acted lawfully in response to legal process.  In *McCready v. eBay, Inc.*, 453 F.3d 882 (7th Cir. 2006), the Seventh Circuit addressed the 2707(e) good faith defense and held that the provider was entitled to immunity where it had no reason to believe a subpoena was "phony."  *Id.* at 892.[5]  In so holding, the Court noted that the subpoena had been issued by a federal district court, quoted the applicable federal rules correctly, and was received by mail.

As in *McCready*, the subpoenas at issue contained no indicia supporting a reasonable interpretation that they were "phony."  The subpoenas were issued by state courts and Plaintiff alleges no facial defects, just that they were received by facsimile.

---

[5] The legislative history comports with this interpretation of the Seventh Circuit's reasoning. The Senate report accompanying the adoption of the identical immunity provision in 18 U.S.C. § 2520 provisions makes clear what a complaint must allege to avoid this bar:

> The complaint must allege that a wire or electronic communications service provider (or one of its employees) … (b) acted without a facially valid court order or certification; (c) acted beyond the scope of a court order or certification; or (d) acted on bad faith.  Acting in bad faith would include failing to read the order or collusion. If the complaint fails to make any of these allegations, the defendant can move to dismiss the complaint for failure to state a claim upon which relief can be granted.

S. Rep. No. 99-541, at 26 (1986), *reprinted in* 1986 U.S.C.C.A.N. 3555, 2580.

-9-

Yahoo!, however, regularly accepts valid subpoenas by facsimile and there was nothing about that method of service that would indicate the valid subpoenas were not legitimate.  In fact, the facsimile transmissions all support the view that the grand jury subpoenas were genuine.  The facsimile cover sheets indicate that the District Attorney of the Southern Judicial Circuit (J. David Miller) caused them to be issued (Ex. B at 1, Ex. C at 1).  The facsimile transmission stamp also indicated that it came from the District Attorney's office. (*Id.*)  The number from which the valid subpoenas were transmitted matches the number on the printed letterhead from the District Attorney's office.  (*Id.*)  Moreover, Yahoo!'s response to the first valid subpoena was received by the proper office and the response caused law enforcement to respond with additional process.  (Ex. C).  Even today (two years later), an Internet search of that facsimile number shows that it corresponds to the District Attorney's office in Valdosta, Georgia.[6]  Lastly, the subpoenas contain the signature of Sara L. Crow, the Clerk of Superior Court in Lowndes County, Georgia.  (Ex. B. at 3, Ex. C at 3).  Accordingly, while Plaintiff complains only of the manner of service, there was no reasonable basis for Yahoo! to believe the valid subpoena was not what it purported to be – and was –a lawful subpoena issued at the request of the District Attorney.

## VI.  PLAINTIFF CANNOT CONTEST YAHOO!'S DECISION TO WAIVE RIGHTS PERSONAL TO YAHOO!.

Only Yahoo! can object to or contest the method of service used by the government. As the one court has explained, "any defect in the method of service employed here threatens only the rights of the served party ….  Accordingly, [Plaintiff] lacks standing to object to the method of service employed."  *Ribbens Int'l, S.A. de C.V. v. Transp. Int'l Pool, Inc.*, 45 F. Supp. 2d 982, 984 (C.D. Cal. 1999).[7]  Indeed, "[t]he rules of service … are

---

[6] *See* http://www.southernjudicialcircuit.com/sodr.htm

[7] *Cf. United States v. Tomison,* 969 F. Supp. 587, 596 (E.D. Cal.1997) (Government lacks standing to move to quash subpoena served on third party as "unreasonable or oppressive" because "the government lacks the sine qua non of standing, an injury in fact relative to th[e] grounds [for the proposed challenge]."); *United States v. Evans,* 574 F.2d 1287, 1288

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

designed to protect the *served* party's rights and interests and any defect in service must be complained of by the *served* party, or not at all." *Id.* (emphasis added).[8]  Similarly, courts in this Circuit have also recognized the personal nature of certain rights relating to the service of subpoenas in other contexts, holding that a party lacks standing to challenge valid subpoenas served on another "on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).[9]  Rules regarding service of process are thus intended to protect only the *recipient* of the process, not the individual whose records are sought.

Georgia law does not change this analysis or provide Plaintiff with a means to challenge service of process.  The valid subpoena in this case was issued pursuant to O.C.G.A. § 17-7-190 which does not provide Plaintiff with a means of challenging service.  Like the federal statute authorizing the issuance of an administrative subpoena in *Booker*, there is no provision in Georgia law that provides a plaintiff with an express right to challenge a grand jury subpoena issued to a third party based on improper service.  As such, Plaintiff cannot challenge the alleged defects in service of process.  In fact, Yahoo! would be in no position to insist on proper service because it has previously communicated to state and local law enforcement that it is willing to waive service and accept service by fax for

---

(5th Cir. 1978) ("Evans lacks standing to object that records admitted at his trial were obtained from his employer through an administrative summons rather than by subpoena or search warrant.").

[8] *See United States v. Viltrakis*, 108 F.3d 1159, 1160-61 (9th Cir. 1997) (collecting decisions that "turn on the principle that the person served with process is the proper party to allege error"); *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Col. 1997) (defendant lacks standing to move to quash third-party subpoena on grounds of defective service).

[9] *See also* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice And Procedure Civil 2D § 2035 ("A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person.")

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

1    subpoenas from state and local law enforcement  seeking documents only (and not

2    testimony).

3            Plaintiff also alleges that warrants and valid subpoenas have no effect outside the

4    jurisdiction where they are issued.  (Compl. ¶ 14, 17.)  But, as is the case with service of

5    process, Yahoo!'s right to assert a defense for lack of personal jurisdiction is a right

6    personal to it, and as such may be waived in the same way as Yahoo!'s right to insist on

7    service of process.  *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S.

8    694, 703 (1982) (The right to insist on personal jurisdiction is "first of all an individual

9    right" and "it can, like other such rights, be waived"); *Ruhrgas AG v. Marathon Oil Co.*,

10   526 U.S. 574, 584 (1999) ("[A] party may insist that the limitation be observed, or he may

11   forgo that right, effectively consenting to the court's exercise of adjudicatory authority.").[10]

12           In addition to Yahoo!'s ability to waive a personal jurisdiction defense,  Yahoo! may

13   well be subject to jurisdiction in most states, including Georgia, at least for the purpose of

14   providing responses to Grand Jury subpoenas and warrants seeking information related to

15   local subscribers.  As such, many of the objections to jurisdiction that Plaintiff argues

16   Yahoo! should have raised would have been futile, and in all cases would have significantly

17   increased Yahoo!'s costs.  Indeed, by initially filing this Complaint in Georgia, Plaintiff

18   assumed that Georgia courts had personal jurisdiction over Yahoo!.  As with the Grand Jury

19   subpoenas, it is up to Yahoo! and Yahoo! alone to decide whether it will contest

20   jurisdiction.

## VII.   PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT OR BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

23           Courts routinely uphold online click through agreements,[11] including forum

---

[10] *See also* Cal. Penal Code § 1524.2(c), which states that electronic communications services in California must accept out of state warrants as if those warrants were issued by a California court.

[11] *See, e.g., Specht v. Netscape Commc'ns. Corp.,* 306 F.3d 17, 22 n. 4 (2d Cir. 2002);

-12-

selection clauses, regardless of whether plaintiffs alleged that they have read the terms,

where assent is a prerequisite for installing software or using a service.[12]  Yahoo!'s TOS

and Privacy Policy permit Yahoo! to produce documents in response to facially valid legal

process, without requiring it to first contest personal jurisdiction or proper service in every

forum:

> You acknowledge, consent and agree that Yahoo! may access, preserve and disclose your account information and Content if required to do so by law or in a good faith belief that such access preservation or disclosure is reasonably necessary to: (i) comply with legal process; (ii) enforce the TOS; (iii) respond to claims that any Content violates the rights of third parties; (iv) respond to your requests for customer service; or (v) protect the rights, property or personal safety of Yahoo!, its users and the public.

(Ex. A at ¶ 6.)  The TOS unambiguously states that users *consent* to the production of

information when Yahoo! is required to do so by law or when Yahoo! believes that

disclosure is *reasonably necessary* to comply with legal process.  There is no indication that

Yahoo! contractually agreed to assert any particular defenses to legal process or to insist on

personal service of subpoenas.  In fact, Plaintiff's allegation that Yahoo! "claims to conform

---

*DeJohn v. The. TV Corp. Int'l,* 245 F. Supp. 2d 913, 921 (N.D. Ill. 2003); *Guadagno v. E\*Trade Bank,* 592 F.Supp.2d 1263, 1271 (C.D. Cal.2008) (explaining that a party may be bound by a 'clickwrap' agreement if the terms are clear and acceptance is unambiguous, regardless of whether he actually reads them); *Inter-Mark USA, Inc. v. Intuit, Inc.,* No. c-07-04178, 2008 WL 552482, \*9 (N.D. Cal. Feb. 27, 2008) (enforcing click-wrap agreement). *See also ProCD, Inc. v. Zeidenberg,* 86 F.3d 1447, 1451 (7th Cir. 1996) (upholding the enforceability of "shrinkwrap" agreements contained inside boxed and sold computer software).

[12] *See Burcham v. Expedia, Inc.*, No. 4:07CV1963 CDP, 2009 WL 586513 at \*2 (E.D. Mo. Mar. 6, 2009); *Recursion Software, Inc. v. Interactive Intelligence, Inc.,* 425 F. Supp. 2d 756, 783 (N.D. Tex. 2006) (noting that where installation of software without assent to terms is impossible, claim that plaintiff did not see or read terms is without merit.); *see also Imageline, Inc. v. Fotolia LLC,* 663 F. Supp. 2d 1367, 1379 (N.D. Ga. 2009) (upholding a forum selection clause in a "click-wrap" agreement in determining that the court did not have personal jurisdiction over defendant); *Hughes v. McMenamon,* 204 F. Supp. 2d 178, 180-81 (D. Mass. 2002) (upholding forum selection clause in email TOS); *Forrest v. Verizon CommCommc'ns, Inc.,* 805 A. 2d 1007, 1010 (D.C. 2002) (enforcing forum selection clause found in final section of on-line terms and conditions available for review in on-line scroll box).

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

with the strict requirements of the applicable federal statutes" is consistent only with an interpretation that Yahoo! will, in fact, comply with the SCA and the Wiretap Act—neither of which require Yahoo! to assert the personal defense of improper service of process or lack of personal jurisdiction. (Compl. ¶ 16). As such, the immunity provisions in the SCA and the Wiretap Act also preclude Plaintiff's breach of contract claims.

## VIII.   PLAINTIFF'S CLAIMS UNDER CAL. BUS. & PROF. CODE §§ 17200 & 17500 MUST FAIL

In addition to being barred by the SCA's immunity provisions, Plaintiff fails to state a claim under the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, or California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500.[13] For both the FAL and UCL claims premised on fraud, Plaintiffs must allege that they *relied* on the alleged omission or misstatements such that the failure to disclose the allegedly fraudulent or false practices to users is the "but for" cause of a legally cognizable injury. *In re Tobacco II Cases*, 46 Cal.4th 298, 327-28 (2009); *see also Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 947 (S.D. Cal. 2007) (plaintiffs must plead actual reliance); *Laster v. T-Mobile USA Inc.*, 407 F. Supp. 2d 1181, 1194 (S.D. Cal. 2005) (holding that plaintiffs must allege that they "actually relied on" challenged statements to adequately allege causation) *aff'd*, 252 Fed. Appx. 777 (9th Cir. 2007). Moreover, boilerplate allegations that the plaintiff suffered injury in fact and has lost money and/or property as a result of fraudulent, unfair, and/or unlawful trade practices are insufficient to support UCL and FAL claims. *See Khoury v. Maly's of Cal., Inc.*, 17 Cal. Rptr. 2d 708, 712 (Cal. Ct. App. 1993) ("A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation.").

---

[13] Plaintiff also fails to state a claim for "Public Disclosure" of private facts for the same reason and such claims are similarly barred by the SCA. Yahoo! only disclosed the allegedly private facts in compliance with the SCA, and as such Plaintiff's claims for Public Disclosure of Private Facts are also barred. *See e.g. Stern v. Great Western Bank*, 959 F. Supp. 478 (N.D. Ill. 1997).

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

1    Additionally, in this Circuit, Appellants must meet the heightened pleading requirements

2    under Fed. R. Civ. P. 9(b) to sustain non-disclosure claims under the UCL and CLRA.

3    *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125-27 (9th Cir. 2009).  Finally, the UCL and

4    FAL standing requirements are more stringent because Proposition 64 added the additional

5    requirement that plaintiff must have "lost money or property" in order to sue — *i.e.,*

6    plaintiff's "injury in fact" must involve "lost money or property."  *In re Tobacco II Cases*,

7    46 Cal. 4th at 329.[14]

8        Plaintiff's allegations do not demonstrate that the practices complained of were

9    unlawful, fraudulent, or unfair.  The alleged practices are not unlawful, because, as stated

10   above, Yahoo!'s production of Plaintiff's data was done in compliance with the SCA.[15]  The

11   alleged practices are not fraudulent under the UCL nor false advertising under the FAL

12   because, not only did the SCA permit such disclosures, but the Terms of Service provided

13   users with clear advance notice that their data may be provided in response to law

14   enforcement request.  *See* Section 0, *supra*.

15       Nor are the practices unfair.  Under California law, to show "unfairness" in a

16   consumer case under the UCL, (1) the consumer injury must be substantial; (2) the injury

17   must not be outweighed by any countervailing benefits to consumers or competition; and (3)

18   it must be an injury that consumers themselves could not reasonably have avoided.

19   *Camacho v. Auto. Club of S. California*, 142 Cal. App. 4th 1394, 1403 (2006).  Plaintiff has

20   not alleged any of these three prongs.  No substantial injury is alleged.  And any injury at all

---

[14] As Yahoo!'s terms of service make clear, a Plaintiff's communications stored on Yahoo!'s server are not money or property which a Plaintiff could "lose" through disclosure. Furthermore, Plaintiff does not allege that she was fraudulently induced to pay any money for Yahoo!'s services—nor can she, as those are offered for free.

[15] "A plaintiff may thus not 'plead around' an 'absolute bar to relief' simply 'by recasting the cause of action as one for unfair competition.'" *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 182, 973 P.2d 527, 541 (1999) (quoting *Manufacturers Life Ins. Co. v. Superior Court*, 10 Cal.4th 257, 283 (1995)).

-15-
Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

caused by Yahoo!'s decision not to insist on personal service does not outweigh the substantial benefit of a Nationwide free email service.  And finally, the alleged injury is not unavoidable: as stated above Yahoo! clearly discloses its policies with regard to disclosure to law enforcement in its terms of service.

There is no allegation in the complaint that Yahoo!'s practices with regard to responses to legal process were material to Plaintiff's decision to use the service such that she actually relied on them when registering for Yahoo!'s services.  *In re Tobacco II Cases*, 46 Cal.4th 298, 327-28 (2009).  Furthermore, there is no allegation that Yahoo!'s practices were the "but for" cause of the alleged injury: the disclosure of Plaintiff's personal information.  (Compl. ¶¶ 122, 128).  Plaintiff has not, and cannot allege, that but for Yahoo!'s refusal to insist on a particular method of service of process Plaintiff's personal data would not have been disclosed.  To the contrary, all of the process at issue in this case was valid and Plaintiff makes no allegation that Georgia law enforcement *could not* have served the process on Yahoo!'s agent in Georgia.

## IX.   PLAINTIFF LACKS STANDING TO BRING ANY CLAIMS BASED ON IMPROPER COMPLIANCE WITH A WARRANT OR IMPROPER DISCLOSURE OF THE CONTENTS OF COMMUNICATIONS

Because Plaintiff did not have any of the content of her communications disclosed to law enforcement, nor were disclosures made pursuant to a warrant, she lacks standing to bring claims on behalf of those classes of individuals.   Class representatives must have standing on the issues as to which they seek adjudication.  *Bailey v. Patterson,* 369 U.S. 31, 32 (1962).  A plaintiff may not seek relief for any putative class member unless he or she alone can establish the requisite case or controversy.  *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (quoting *Warth v. Seldin*, 422 U.S. 490, 502 (1975)) ("That a suit may be a class action, however, adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to

-16-

which they belong and which they purport to represent.'").  Accordingly, to bring suit

against Yahoo!, Plaintiff must show that she *personally* "has actually been injured by the

defendant's challenged conduct."  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001 (9th Cir.

2001) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180

(2000)).

    As demonstrated by Exhibits B and C to Defendant's first motion to dismiss,

Plaintiff's subscriber information was requested pursuant to a facially valid subpoena—not

a warrant, and in accordance with the SCA, the information disclosed was non-content

information.  *Compare* 18 U.S.C. § 2703(a), *with* § 2703(c).  Plaintiff therefore was not

injured by the alleged acceptance of warrants by facsimile or by the disclosure of content.

Consequently, Plaintiff may not assert any claims for improper compliance with a warrant.[16]

Furthermore, Plaintiff's Wiretap Act claims based on violations of 18 U.S.C. § 2511 must

be dismissed, as that claim requires the disclosure of the content of communications, not

merely subscriber records.  *See e.g.* 18 U.S.C. § 2510(12) & 2511(2) (distinguishing

between communications from subscriber records or addressing information).[17]

## CONCLUSION

    For the foregoing reasons, immunity plainly exists pursuant under the Stored

Communications Act and Plaintiff's claims cannot be cured by further amendment, the

Court should grant the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) without leave

to amend.

---

[16] Even if Plaintiff had standing, California law specifically allows for the acceptance of out of state warrants served by facsimile.  Cal. Penal Code § 1524.2(c).  Plaintiff alleges Yahoo! did not comply with these requirements because the fax cover sheet was not properly addressed.  As is the case with all service of process defects, Yahoo! may wave those requirements without running afoul of the SCA.

[17] The Wiretap Act, 18 U.S.C. § 2520(e) provides an identical good faith defense to 2707(e).  As such, for the same reasons set forth above, Plaintiff's claims under the Wiretap Act should also be dismissed.

Case No. 3:10-CV-05897-TEH
*Amended Motion to Dismiss and Memorandum in Support by Defendant Yahoo!, Inc.*

This 13th day of January, 2011.

/s/ Jennifer Granick, Esq.

Jennifer Granick, Esq.
CA Bar No. 168423
ZWILLINGER GENETSKI LLP
1705 N Street, NW
Washington, D.C.  20036
Phone:  (202) 296-3585
Fax:  (202) 706-5298
jennifer@zwillgen.com

*Attorneys for Defendant Yahoo! Inc.*