IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FAYELYNN SAMS,

                Plaintiff,

      v.

YAHOO! INC.,

                Defendant.

NO. C10-5897 TEH

ORDER TRANSFERRING CASE TO SAN JOSE DIVISION

      Plaintiff Fayelynn Sams originally filed this case in Georgia state court. After Defendant Yahoo! removed to federal court, the parties agreed that this case should be transferred to the Northern District of California. Yahoo! now moves to transfer the case to the San Jose Division of this district.

      The Court has reviewed the moving and opposition papers and finds a reply brief to be unnecessary. The Court further finds this matter suitable for ruling without oral argument.

      Under Civil Local Rule 3-2(c), a "civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated." Civil actions "aris[ing] in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned to the San Jose Division."[1] Civ. L.R. 3-2(e). The parties do not dispute that Yahoo! is located in Sunnyvale, California, which is in Santa Clara County, or that the claims in this case are based on events alleged to have occurred there. Thus, assignment to the San Jose Division is proper, and this case should have been assigned there upon transfer from the Northern District of Georgia.

---

[1] This case does not fall into one of the excepted categories that are assigned on a district-wide basis. Civ. L.R. 3-2(c) (excepting "Intellectual Property Actions, Securities Class Actions and Capital and Noncapital Prisoner Petitions or Prisoner Civil Rights Actions" from the county-based assignment plan).

Civil Local Rule 3-2(h) provides that:

> Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division within this district in accordance with this rule, or that the convenience of parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

Sams contends that Yahoo! waived any objections to venue, and that the Court therefore may not apply the above rule in this case because doing so would be inconsistent with the Federal Rules of Civil Procedure and a federal statute. The Court is not so persuaded. While Federal Rule of Civil Procedure 12(h) and 28 U.S.C. § 1406(b) provide that a party waives improper venue as a defense if not timely raised, waiving improper venue as a defense does not also waive any contention that venue should be transferred.[2] In addition, Civil Local Rule 3-2(h) grants the Court authority, even without a motion by any party, to transfer this case to the San Jose Division based on a finding that the case was assigned to the wrong division; thus, whether any party objects to venue in this Court is not dispositive.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that this action be transferred to the San Jose Division of this Court and reassigned in accordance with the Court's Assignment Plan.

**IT IS SO ORDERED.**

Dated:   02/09/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court need not and does not decide whether Yahoo! waived a venue defense.

2