1  Michael Testerman (CA Bar No. 146407)
   Executive Director, Administrative Services,
2  California District Attorneys Association
   921 11th St., Suite 300
3  Sacramento, CA  95814
   (916) 443-2017
4

5  Attorney for *Amicus Curiae*
6  National District Attorney's Association
7
8              UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 _____
                                          ) Case No. 3:10-CV-05897-JF
11                                         )
   FAYELYNN SAMS, Individually,            ) **AMENDED BRIEF OF *AMICUS***
12 and on behalf of all others            ) ***CURIAE* NATIONAL**
   similarly situated.                    ) **DISTRICT ATTORNEYS**
13                                         ) **ASSOCIATION IN SUPPORT**
                              Plaintiffs,  ) **OF DEFENDANT YAHOO!**
                                          )  **INC.'S MOTION TO**
14                                         ) **DISMISS PURSUANT TO**
                      v.                   ) **FED. R. CIV. P. 12(b)(6)**
15                                         )
   YAHOO! INC.,                            )
16                                         ) Date:  April 29, 2011
                              Defendant.   ) Time: 9:00 am
17                                         ) Courtroom 3
   _____)
18

19        **<u>STATEMENT OF INTEREST OF AMICUS CURIAE</u>**

20        The National District Attorney's Association is a non-profit professional

21 organization whose membership is comprised of district attorneys, state's

                                   1

1    attorneys, attorneys general, and county and city prosecutors with responsibility for

2    prosecuting criminal violations in every state and territory of the United States.

3    The NDAA serves as a nationwide, interdisciplinary resource center for training,

4    research, technical assistance, and publications reflecting the highest standards and

5    cutting-edge practices of the prosecutorial profession.  The NDAA believes that

6    this brief will assist the Court in its consideration of the proper interpretation and

7    application of the rules governing service of grand jury subpoenas in this case.

8                    **FACTS AND SUMMARY OF THE ARGUMENT**

9            The NDAA relies on the facts as presented in Yahoo!'s Amended Motion to

10   Dismiss.

11           Plaintiff's interpretation of the use of a subpoena *duces tecum* in an

12   interstate criminal investigation and prosecution will have a wide ranging impact

13   on law enforcement if adopted by the Court.  Law enforcement across the nation

14   have partnered with Internet Companies such as Yahoo!, Internet Service

15   Providers, financial institutions, hospitals and other medical care facilities, and

16   other entities keeping and maintaining records that may be required in a criminal

17   investigation.  These companies have partnered with law enforcement to provide

18   for an efficient manner in which to process requests for information while

19   complying with the provisions of the governing law.  Requiring personal service of

20   subpoenas *duces tecum* is unnecessary and would be unduly burdensome to law

1    enforcement and would be an impediment to the administration of sheriffs and

2    prosecutors nationwide.

3    **I.   THE COURT SHOULD DISMISS THE AMENDED COMPLAINT**
     **BECAUSE PLAINTIFF LACKS STANDING TO CHALLENGE THE**
4    **FORM OF SERVICE OF THE SUBPOENAS**

5          Formal service requirements for subpoenas *duces tecum* serve a dual

6    purpose.  First, they put the recipient on notice of the records or information

7    requested, and, perhaps more importantly, place the recipient on notice of the

8    potential for sanctions for noncompliance.  The court in *People v. Delaire*, 610 NE

9    2d. 1277, 1287 (Ill. App. 1993) rejected the Defendant's challenge of subpoenas

10   directed to a telephone company on the basis of an insufficiency of service.  In

11   *DeLaire* the subpoenas were served by mail or facsimile on the telephone company

12   by an unknown person and by the sheriff or coroner as required by Illinois statute.

13   In rejecting the insufficiency of service argument the court reasoned that because

14   the defendant could not be held in contempt for failure to comply with the

15   subpoenas he lacked standing to challenge the manner of issuance of the

16   subpoenas.  *Id*.  The court further reasoned that the right to insist on formal service

17   lies solely with the recipient and not the subject of the subpoena.  *Id* at 1288.

18         This concept was reiterated by the court in *Mehrer v. Diagnostic Imaging*

19   *Center, P.C.*, 157 SW 3d 315, 321 FN1 (Mo. App. W.D. 2005).  Mehrer attempted

20   to subpoena counsel for Diagnostic Imaging by facsimile and regular mail.

3

1   Counsel for Diagnostic Imaging objected based on insufficient service and the

2   subpoenas were quashed.  However, the court noted that the recipient can waive

3   the formal requirements and that only the recipient could object to the means of

4   service.  *Id*.

5        Finally, a similar attack on the formal service requirements was rejected in

6   *Booker v. Dominion Virginia Power*, 2010 WL 1848474 (E.D. Va. May 7, 2010)

7   on the basis of standing.  As in *DeLaire* and *Mehrer*, Booker lacked standing to

8   challenge the subpoenas procedurally because the right to accept service by a

9   particular means was personal to Dominion Virginia Power.  It logically follows

10  that this is because Booker could not be subject to sanctions for noncompliance by

11  the recipient of the subpoena.

12       In the case at bar Plaintiff merely challenges the service of the subpoena

13  by facsimile and does not allege any other defects.  As stated elsewhere in the

14  pleadings Yahoo! has informed law enforcement agencies of its waiver of formal

15  service requirements of subpoenas *duces tecum*.  This is presumably done in

16  conjunction with the large number of subpoena requests it receives and with its

17  obligations under the Stored Communications Act.  To take away the personal

18  right of Yahoo! and other similarly situated entities to waive the formal service

19  requirements would impermissibly infringe upon their right to determine how they

20  accept and respond to properly issued subpoenas in accordance with their business

4

1   practices.  To give a party who is not subject to sanctions for noncompliance with a

2   subpoena the right to insist that the recipient demand compliance with the formal

3   service requirements would  improperly inject a third party into the subpoenaing

4   party-recipient relationship of a criminal investigation.

5   **II.  THE COURT SHOULD DISMISS THE AMENDED COMPLAINT**
    **BECAUSE CHALLENGING THE FORM OF SERVICE OF THE**
6   **SUBPOENAS IN A CIVIL ACTION IS AN IMPERMISSIBLE**
    **COLLATERAL ATTACK ON A CRIMINAL CONVICTION**

7
        A civil plaintiff is barred from "recover[ing] damages for allegedly

8   unconstitutional conviction or imprisonment, or for other harm caused by actions

9   whose unlawfulness would render a conviction or sentence invalid". *Hall v. City*

10  *of Philadelphia***,** 2010 WL 1996379 ( E.D.Pa.,2010) (quoting *Heck v. Humphrey*,

11  512 U.S. 477, 486-87 (1994)).  While such a challenge is permissible when it will

12  not invalidate the defendant's conviction, it is improper where the sufficiency of

13  the evidence absent the alleged unconstitutional search and seizure is inadequate to

14  preserve the conviction.  *Hall*, 2010 WL 1996379, at \*3 (citing *Nelson v.*

15  *Campbell*, 541 U.S. 637, 647 (2004)).

16       Hall challenged his convictions under Racketeer Influenced and Corrupt

17  Organizations Act (RICO) in a 42 U.S.C. §1983 action alleging a conspiracy

18  among law enforcement to violate his Civil Rights.  In granting the Defendant's

19  Motion to Dismiss the court reasoned that because Hall could not have been

20  convicted without the search and seizure of two kilograms of cocaine in his

1  possession, allowing him to recover damages as a result of police conduct would

2  invalidate his conviction.

3       Similarly, the court dismissed Plaintiff's § 1983 claim in *Brown v. Town of*

4  *DeKalb, Miss.*, 519 F.Supp.2d 635, S.D.Miss., (2007).  Brown alleged that illegal

5  search and seizure of his safety deposit box led to his confession where he

6  admitted to embezzlement.  *Id*. at 638. Brown later plead guilty while his motion to

7  suppress the search and seizure of his safety deposit box was pending.  The court

8  held that without the search and seizure of his safety deposit box the State would

9  have no evidence with which to convict him of embezzlement.  *Id*.

10       Although Plaintiff Sams is not bringing a §1983 action against the State of

11  Georgia but rather a civil action against Yahoo!, the *Heck* doctrine applies because

12  in essence this court would have to find that Yahoo! improperly provided records

13  to law enforcement.  Such a finding would be tantamount to a finding that the State

14  of Georgia unconstitutionally searched and seized Plaintiff's records.  However,

15  the burden is on the Plaintiff to demonstrate that the prior conviction has already

16  been invalidated.  *Heck*, 512 U.S. at 487.  Plaintiff's Amended Complaint must be

17  dismissed as an impermissible collateral attack because she is unable to do so.

18  **III.   THE COURT SHOULD DISMISS THE AMENDED COMPLAINT**
**BECAUSE YAHOO!'S COMPLIANCE WITH THE SUBPOENAS WAS**
19  **NOT VOLUNTARY**

1    Plaintiff's use of the term voluntary under 18 U.S.C. §2702 to describe

2    Yahoo!'s response to the subpoenas is inaccurate.  She points to letters either

3    accompanying or preceding the subpoenas and alleges that, in essence, Yahoo! was

4    responding to a request for voluntary disclosure rather than the subpoenas

5    themselves.  An entity can produce records voluntarily by a request for such

6    records.  For purposes of this argument such a request will be termed informal.

7    However, a subpoena is not an informal request but rather a court order to produce

8    such records or challenge the jurisdiction or authority of the subpoenaing party.  If

9    such a challenger, if made, is unsuccessful, further non-compliance is punishable

10   by contempt.  F. R. Civ. P. 45(e); Cal. Civ. Proc. Code § 1991.

11    Plaintiff  likens Yahoo!'s compliance with the subpoena to voluntary

12   compliance in that they did not challenge the subpoena.  However, "[v]oluntariness

13   is not shown by mere acquiescence to authority."  *U.S. v. Swanson*, 155 F.Supp.2d

14   992, 1001 (C.D. Ill. 2001) (citing  *Bumper v. North Carolina*, 391 U.S 543 (1968)).

15   Swanson challenged subpoenas for hair and saliva samples that he complied with

16   which were served on him while he was in custody and had requested but was not

17   yet represented by counsel.  *Swanson*, 155 F. Supp.2d at 1001.  In quashing the

18   subpoenas the court reasoned that his compliance was not voluntary because the

19   subpoenas implicated his 4th Amendment rights and that he was unaware of the

20   process to challenge the subpoenas.  *Id*.  In granting Swanson's Motion to Suppress

7

1    the hair and saliva samples the court reasoned that he did not voluntarily comply

2    with the subpoenas because had he not been in custody he would have been in a

3    position to challenge the validity of the subpoenas, had he chosen to do so.  *Id*. at

4    1002.

5         Yahoo! has legal counsel and presumably has consulted with them in

6    determining how they will accept and respond to investigative subpoenas.  The fact

7    that they have communicated their policy to law enforcement corroborates this.

8    Therefore, it can be said that Yahoo!'s compliance with the subpoenas was

9    voluntary under the *Bumper* analysis in that it was aware of its ability to challenge

10   their validity if they chose to do so.  However, it does not fit the term voluntary in

11   Plaintiff's analysis in that Yahoo! did not produce the records in response to an

12   informal request but rather they complied with a valid subpoena, fully aware of

13   their right to challenge it and the penalties for non-compliance.  What Plaintiff

14   seems to be requiring Yahoo! and other similarly situated entities to insist upon a

15   court order enforcing an already valid court order.  By retaining legal counsel

16   Yahoo! can be presumed to know if and when circumstances exist under which

17   they should challenge a subpoena, unlike Swanson.

18        Furthermore, courts have quashed subpoenas or held the fruits of the

19   subpoenas inadmissible if it is found that compliance with the subpoena has been

20   the result of coercion or was unreasonable or oppressive.  *In Re Nwamu*, 421 F.

8

1   Supp. 1361, 1365-66 (S.D.N.Y. 1976).  The existence of coercion or

2   unreasonableness renders compliance not voluntary.  However, where, as here,

3   compliance despite the lack of coercion or unreasonableness does not equate to

4   voluntary compliance.  The court in *U.S. v. Barr*, 605 F. Supp. 114 (S.D.N.Y 1985)

5   denied Defendant's Motion to Suppress material gained by subpoena because

6   compliance by an agent he had authorized to accept service was deemed voluntary.

7   Although Barr was incarcerated at the time the subpoenas were served and

8   complied with because the agent had the opportunity to challenge the subpoenas

9   but chose not to.  *Id*. at 118-19.

10      The distinction Plaintiff attempts to draw between voluntary compliance

11   within the terms of the Stored Communications Act and within its plain meaning

12   and as defined by the above authority is misplaced.  Plaintiff attempts to equate

13   Yahoo!'s voluntary compliance with a valid court order with impermissible

14   voluntary compliance of an informal request under the Stored Communications

15   Act.

16                              **CONCLUSION**

17      Subpoenas are an integral part of the investigative and prosecutorial process

18   to detect and prosecute all crimes, particularity those against children.  Quite often,

19    as is the case here, the necessary information for those prosecutions rests with out

9

1  of state companies holding information not otherwise available to law

2  enforcement.  Yahoo! has adopted and communicated a policy regarding subpoena

3  requests by law enforcement.  Yahoo! and Yahoo! alone, as the recipient of these

4  subpoenas, can determine how they will receive them and are obligated to respond

5  to them according to the various applicable laws.  Yahoo! is in a position to

6  challenge the subpoenas if they deem it proper and a civil plaintiff cannot complain

7  that Yahoo! has failed to do so to collaterally attack a criminal conviction.

8      Consequently, *amicus* NDAA urges the Court to grant Yahoo!'s Amended

9  Motion to Dismiss.

10 DATED:  February 15, 2011

11                      By:_____
                             Michael Testerman
12                           CA Bar No.
                             Executive Director, Administrative Services,
13                           California District Attorneys Association
                             921 11th St., Suite 300
14                           Sacramento, CA  95814
                             (916) 443-2017
15

16                           Attorney for *Amicus Curiae*
                             National District Attorneys Association
17

18

19

20

10

1    <u>Certificate of Compliance with Circuit Rule 32-1</u>

2    Pursuant to Rules 29(c)(5) and 32(a)(7)(C) of the Federal Rules of

3    Appellate Procedure and Ninth Circuit Rule 32-1, I hereby certify that the

4    foregoing brief uses 14-point Times New Roman spaced type; the text is double-

5    spaced; and footnotes are single-spaced. This brief complies with the type-volume

6    limitations of Federal Rules of Appellate Procedure 29(d) and 32(a)(7)(B) because

7    there are no limits on the length of party briefs in support of motions to dismiss in

8    criminal cases under Rule 12. This brief contains approximately 2,000 words.

9

10   DATED: February 15, 2011

11                    By _____
                         Michael Testerman
12                       For *Amicus Curiae* NDAA

11