1  Laurence D. King (SBN 206423)
   Mario M. Choi (SBN 243409)
2  KAPLAN FOX & KILSHEIMER LLP
   350 Sansome Street, Suite 400
3  San Francisco, CA 94104
   Telephone: 415-772-4700
4  Facsimile: 415-772-4707
   lking@kaplanfox.com
5  mchoi@kaplanfox.com

6  Joshua A. Millican (*pro hac vice*)
   LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
7  The Grant Building, Suite 607
   44 Broad Street, N.W.
8  Atlanta, GA 30303
   Telephone:  404-522-1152
9  Facsimile:  404-522-1133
   joshua.millican@lawofficepc.com
10
   Counsel for Plaintiff and the Proposed Class
11
   [Additional Counsel listed on signature page]
12

13              **UNITED STATES DISTRICT COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15

16  FAYELYNN SAMS, on behalf of herself and      Case No. 5:10-CV-05897-JF
    all others similarly situated,
17                                               **PLAINTIFF'S OPPOSITION TO**
                      Plaintiff,                 **MOTION TO DISMISS BY**
18                                               **DEFENDANT YAHOO! INC.**
          v.
19                                               Date:      April 29, 2011
    YAHOO! INC.,                                 Time:      9:00 a.m.
20                                               Courtroom: 3
                      Defendant.                 Judge:     Hon. Jeremy Fogel
21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................... 1

II.    STATEMENT OF FACTS ................................................................................. 1

III.   PROCEDURAL HISTORY ................................................................................ 4

IV.    ARGUMENT ...................................................................................................... 5

      A.    Because Defendant Has Failed To Timely Respond To Plaintiff's
           Amended Complaint, Defendant Is In Default And The Court
           Should Enter A Default Judgment ................................................................. 5

      B.    Standard For Motion To Dismiss .................................................................. 7

      C.    Defendant's Motion To Dismiss Improperly Considers Matters
           Outside The Pleadings .................................................................................. 7

      D.    The SCA Protects Important Privacy Interests .......................................... 10

      E.    The SCA's Defenses Are Not Available To Yahoo! ................................. 12

           1.    18 U.S.C. §2703(e) Requires that Disclosure be Made
                   Pursuant to a Subpoena Issued in Accordance with the SCA ....... 13

                a.    There as no prior notice; therefore the subpoena did
                     not comply with 18 U.S.C. § 2703(b)(1)(B)(i) ................ 15

                b.    The subpoenas in question were facially invalid as
                     they failed to comply with The Uniform Act to
                     Secure the Attendance of Witnesses from Without a
                     State in Criminal Proceedings (the "Uniform Act") ........ 15

                    i.    The subpoenas in question were facially
                         invalid as they failed to comply with The
                         Uniform Act to Secure the Attendance of
                         Witnesses from Without a State in Criminal
                         Proceedings (the "Uniform Act") ......................... 16

                    ii.    Nonparty witnesses in California are not
                         subject to subpoenas of another state ................... 17

                    iii.    The subpoenas faxed to Yahoo! required the
                         attendance of a witness in Georgia ...................... 18

                  c.    Neither California nor Georgia permit free-standing
                     interstate subpoenas *duces tecum* ..................................... 18

            2.    18 U.S.C. §2703(e) Requires that Disclosure be Made
                     Pursuant to a Subpoena Issued in Accordance with the SCA ....... 19

5:10-CV-05897-JF

1

**TABLE OF CONTENTS**
**(continued)**

2
**Page**

3            3.    Defendant's voluntary production of documents prevents it
              from asserting its affirmative defenses ......................................... 21

4

      F.    Plaintiff Has Standing To Contest Yahoo!'s Voluntary Production......... 21

5

6       G.    Plaintiff Has Standing To Bring Claims On Behalf Of All Yahoo!
          Users Who Have Had Their Contents And Other Personal And
          Private Information And Data Disclosed By Yahoo! In Violation Of
7           The SCA.................................................................................................. 22

8    V.    CONCLUSION .................................................................................................... 24

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        5:10-CV-05897-JF

PLTF'S OPPOSITION TO MOTION TO DISMISS BY DEF. YAHOO! INC.

1

## TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4

*Amoco Chemical Co. v. Certain Underwriters at Lloyd's of London*,

5
    34 Cal. App. 4th 554 (1995) ........................................................................................... 17, 18

6
*Ashcroft v. Iqbal*,
    __ U.S. __, 129 S.Ct. 1937 (2009) ..................................................................................... 7

7
*Bailey v. Patterson*,
    369 U.S. 31 (1962) ......................................................................................................... 22

8

9
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................................... 7

10
*Booker v. Dominion Virginia Power*,
    No. 3:09-cv-759, 2010 WL 1848474 (E.D. Va. May 7, 2010) ...................................... 14

11

12
*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir. 1994) ............................................................................................. 9

13
*Carter v. Deutsche Bank Nat'l Trust Co.*,
    No. C09-3033 BZ, 2010 U.S. Dist. LEXIS 6473 (N.D. Cal. Jan. 27, 2010) ............... 9

14

15
*Chasten v. Franklin*,
    No. C10-80205 MISC JW (HRL), 2010 U.S. Dist. LEXIS 113284 (N.D. Cal.
    Oct. 14, 2010)................................................................................................................. 22

16

17
*Crispin v. Christian Audigier, Inc.*,
    717 F. Supp. 2d 965 (C.D. Cal. 2010) ..................................................................... 12, 22

18
*Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*,
    226 F.3d 160 (2d Cir. 2000) ........................................................................................... 6

19

20
*Davenport v. State*,
    303 Ga. App. 401, 693 S.E.2d 510 (2010) ................................................................... 18

21
*Delta Mechanical, Inc. v. Garden City Group, Inc.*,
    No. 2:06-cv-01095 JWS, 2010 U.S. Dist. LEXIS 75551 (D. Ariz. June 28, 2010).................. 22

22

23
*Firetrace USA, LLC v. Jesclard*,
    No. CV-07-2001-PHX-ROS, 2008 U.S. Dist. LEXIS 101838 (D. Ariz. Dec. 8, 2008) ........... 22

24
*Freedman v. Am. Online, Inc.*,
    325 F. Supp. 2d 638 (E.D. Va. 2004).................................................................. 12, 14, 18, 19

25

26
*Gen. Mills, Inc. v. Kraft Foods Global, Inc.*,
    495 F.3d 1378 (Fed. Cir. 2007).......................................................................................... 7

27

28

    

**TABLE OF AUTHORITIES**
(continued)

Page

*In re Application of the United States for a Nunc Pro Tunc Order for
Disclosure of Telecomms. Records,*
352 F. Supp. 2d. 45 (D. Mass. 2005) ................................................................. 20

*In re Cathode Ray Tube (CRT) Antitrust Litig.,*
738 F. Supp. 2d 1011 (N.D. Cal. 2010) ................................................................ 7

*In re Easysaver Rewards Litig.,*
737 F. Supp. 2d 1159 (S.D. Cal. 2010) ............................................................. 7, 8

*In re Silicon Graphics Inc. Sec. Litig.,*
183 F.3d 970 (9th Cir. 1999) ................................................................................ 8

*Jayne v. Sprint PCS,*
No. CIV S-07-2522 LKK GGH, 2009 U.S. Dist. LEXIS 13080
(E.D. Cal. Feb. 20, 2009) .................................................................................. 20

*Jenkins v. H&R Block, Inc.,*
No. 4:06-cv-00365GTE, 2006 U.S. Dist. LEXIS 35112 (E.D. Ark. May 17, 2006) ................. 6

*Lee v. Am. Nat'l Ins. Co.,*
260 F.3d 997 (9th Cir. 2001) .............................................................................. 22

*McReady v. eBay, Inc.,*
453 F.3d 882 (7th Cir. 2006) .............................................................................. 20

*People v. Cavanaugh,*
69 Cal. 2d 262 (1968) ........................................................................................ 17

*People v. Cogswell,*
48 Cal. 4th 467 (2010) ....................................................................................... 16

*People v. Superior Court (Jans),*
224 Cal. App. 3d 1405 (1990) ............................................................................ 17

*Perfect 10, Inc. v. Google, Inc.,*
No. CV-04-9484 AHM (SHx), 2008 U.S. Dist. LEXIS 79200 (C.D. Cal. July 16, 2008) ........ 19

*Quon v. Arch Wireless Operating Co.,*
529 F.3d 892 (9th Cir. 2008) .......................................................................... 1, 10

*Rivera v. Philip Morris,*
395 F.3d 1142 (9th Cir. 2005) .............................................................................. 8

*State v. Breeden,*
333 Md. 212 (Ct. App. 1993) .............................................................................. 17

*Townsend v. Columbia Operations,*
667 F.2d 844 (9th Cir. 1982) ............................................................................... 8

PLTF'S OPPOSITION TO MOTION TO DISMISS BY DEF. YAHOO! INC.

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page**

3
*United States v. Councilman,*
  418 F.3d 67 (1st Cir. 2005) ..................................................................................... 13

4

*Vannier* v. *Superior Court,*
5   32 Cal. 3d 163 (1982) ..................................................................................... 16, 17

6
*Warth v. Seldin,*
  422 U.S. 490 (1975) ................................................................................................ 22

7

*Yeary v. State,*
8   302 Ga. App. 535 690 S.E.2d 901 (2010) ............................................................. 18

9

**STATUTES**

10

11   18 U.S.C.
  §§ 2510, *et seq.* .................................................................................................. passim
  § 2520 ........................................................................................................................ 22
12   § 2520(d) ................................................................................................................... 13
  § 2702 ........................................................................................................................ 11
13   § 2702(c)(4) ............................................................................................................... 20
  § 2703 ................................................................................................................... 11, 14
14   § 2703(b)(1)(B)(i) ................................................................................................. 14, 15
  § 2703(b)(1)(B)(ii) .................................................................................................... 12
15   § 2703(c)(2) ............................................................................................................... 14
  § 2703(d) ................................................................................................................... 12
16   § 2703(e) .............................................................................................................. passim
  § 2706 .......................................................................................................................... 9
17   § 2707 ........................................................................................................... 14, 22, 23
  § 2707(e) ............................................................................................................... passim
18

19   42 Pa. Cons. Stat. Ann.
  §§ 5961 to 5965 ........................................................................................................ 17

20   47 United States Code
  § 230(c) ..................................................................................................................... 19

21

22   725 Ill. Comp. Stat.
  220/2 .......................................................................................................................... 17
  220/3 .......................................................................................................................... 17

23

24   Ala. Code,
  §§ 12-21-280 to 12-21-285 ...................................................................................... 17

25   Alaska Stat.
  12.50.010 to 12.50.080 ............................................................................................ 17

26

27   Ariz. Rev. Stat. Ann.
  §§ 13-4091 to 13-4096 ............................................................................................. 17

28

5:10-CV-05897-JF

### TABLE OF AUTHORITIES
(continued)

Page

Ark. Code Ann.
  §§ 16-43-402 to 16-43-409 ................................................................................. 17

Cal. Pen. Code
  §§ 1334-1334.6 ............................................................................... 16, 17, 18
  § 1334.2 ...................................................................................................... 16
  § 1334.3(b) ................................................................................................... 16
  § 1524.2(d) ................................................................................................... 23

Cal. Bus. & Prof. Code
  §§ 17200, *et seq.* ........................................................................................... 1

Colo. Rev. Stat.
  §§ 16-9-201 to 16-9-205 ................................................................................. 17

Conn. Gen. Stat.
  § 54-82i ...................................................................................................... 17

D.C. Code
  §§ 23-1501 to 23-1504 ................................................................................... 17

Del. Code Ann. tit. 11
  §§ 3521 to 3526 ............................................................................................ 17

Fla. Stat.
  §§ 942.01 to 942.06 ...................................................................................... 17

Ga. Code Ann.
  § 24-10-94(a) ............................................................................................... 16

Ga. Code Ann.
  §§ 24-10-90 to 24-10-97 ............................................................................ 17, 18

Haw. Rev. Stat.
  §§ 836-1 to 836-6 .......................................................................................... 17

Idaho Code Ann.
  § 19-3005 ..................................................................................................... 17

Ind. Code
  35-37-5-1 to 35-37-5-9 ................................................................................... 17

Iowa Code
  §§ 819.1 to 819.5 .......................................................................................... 17

Kan. Stat. Ann.
  22-4201 to 22-4206 ........................................................................................ 17

Ky. Rev. Stat. Ann.
  421.230 to 421.270 ........................................................................................ 17

5:10-CV-05897-JF

1

# TABLE OF AUTHORITIES
## (continued)

2

Page

3
La. Code Crim. Proc. Ann.
   arts. 741 to 745 ................................................................................ 17

4

5
Mass. Gen. Law
   c. 233, § 13A to 13D ...................................................................... 17

6
Md. Code Ann., Cts. & Jud. Proc.
   §§ 9-301 to 9-307 .......................................................................... 17

7

8
Me. Rev. Stat. Ann. tit. 15
   §§ 1411 to 1415 ............................................................................ 17

9
Mich. Comp. Laws
   §§ 767.91 to 767.95 ...................................................................... 17

10

11
Minn. Stat.
   §§ 634.06 to 634.09 ...................................................................... 17

12
Miss. Code Ann.
   §§ 99-9-27 to 99-9-35 .................................................................. 17

13

14
Mo. Rev. Stat.
   §§ 491.400 to 491.450 .................................................................. 17

15
Mont. Code Ann.
   46-15-112, 113, 120 ...................................................................... 17

16

17
N.C. Gen. Stat.
   §§ 15A-811 to 15A-816 ................................................................ 17

18
N.D. Cent. Code
   31-03-25 to 31-03-31 .................................................................... 17

19

20
N.H. Rev. Stat. Ann.
   613:l to 613:6 ................................................................................ 17

21
N.J. Stat. Ann.
   2A:81-18 to 2A:81-23 .................................................................. 17

22

23
N.M. Stat.
   §§ 31-8-1 to 31-8-6 ...................................................................... 17

24
N.Y. C.P.L.R.
   § 640.10 ........................................................................................ 17

25
Neb. Rev. Stat. 1943
   §§ 29-1906 to 29-1911 ................................................................ 17

26

27
Nev. Rev. Stat.
   §§ 174.395 to 174.445 .................................................................. 17

28

5:10-CV-05897-JF

PLTF'S OPPOSITION TO MOTION TO DISMISS BY DEF. YAHOO! INC.

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

Ohio Rev. Code Ann.
§§ 2939.25 to 2939.29 ........................................................................ 17

4

Okla. Stat. Ann., tit. 22
§ 721 to 727 ........................................................................................ 17

5

6

Or. Rev. Stat.
136.623 to 136.637 ............................................................................ 17

7

P.R. Laws Ann. tit. 34
§§ 1471 to 1475 ................................................................................... 17

8

9

R.I. Gen. Laws
§§ 12-16-1 to 12-16-13 ...................................................................... 17

10

S.C. Code Ann.
§§ 19-9-10 to 19-9-130 ...................................................................... 17

11

12

S.D. Codified Laws
23A-14-1 *et seq.* ............................................................................... 17

13

Tenn. Code Ann.
§§ 40-17-201 to 40-17-212 ................................................................ 17

14

15

Tex. Code Crim. Proc. Ann.
Art. 24.28 ............................................................................................ 17

16

Utah Code Ann.
77-21-1 to 77-21-5 ............................................................................ 17

17

18

V.I. Code Ann. tit. 5
§§ 3861 to 3865 ................................................................................... 17

19

Va. Code Ann.
§§ 19.2-272 to 19.2-282 .................................................................... 17

20

21

Vt. Stat. Ann. tit. 13
§§ 6641 to 6649 ................................................................................... 17

22

W. Va. Code
62-6A-1 to 62-6A-6 .......................................................................... 17

23

24

Wash. Rev. Code Ann.
10.55.010 to 10.55.130 ...................................................................... 17

25

Wis. Stat.
976.02 .................................................................................................. 17

26

27

Wyo. Stat. Ann.
§§ 7-11-404 to 7-11-406 .................................................................... 17

28

5:10-CV-05897-JF

1

## TABLE OF AUTHORITIES
**(continued)**

2
Page

3

## RULES

4
Fed. R. Civ. P

Rule 5(b)(3) ............................................................................................................ 4

5
Rule 12 ................................................................................................................... 6
Rule 12(a)(4) .......................................................................................................... 7

6
Rule 12(d) .............................................................................................................. 7
Rule 15 ................................................................................................................... 6

7
Rule 15(a)(3) ...................................................................................................... 4, 6
Rule 45(c) ............................................................................................................. 20

8
Rule 45(d) ............................................................................................................. 20

9

## TREATISES

10

6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*

11
§ 1476 (2d ed. 1990) ....................................................................................... 6

12
Marc J. Zwillinger & Christian S. Genetski, *Criminal Discovery of Internet Communications
Under the Stored Communications Act: It's Not a Level Playing Field,*

13
97 J. Crim. L. & Criminology 569 (2007). ................................................... 10

14
Nathaniel Gleicher, *Neither a Customer nor a Subscriber Be: Regulating the Release of User
Information on the World Wide Web,*

15
118 Yale L.J. 1945 (2009) ........................................................................... 10

16
Orin S. Kerr, *A User's Guide to the Stored Communications Act, and a Legislator's Guide to
Amending It,*

17
72 Geo. Wash. L. Rev. 1208 (2004) ...................................................... 10, 11

18
U.S. Internet Serv. Provider Ass'n, *Electronic Evidence Compliance—A Guide for Internet
Service Providers,*

19
18 Berkeley Tech. L.J. 945 (2003) ............................................................... 10

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     INTRODUCTION

In moving to dismiss, Defendant Yahoo! Inc. ("Yahoo!" or "Defendant") ignores the untimely nature of the Motion; pays lip service to the applicable standards and fails to cite seminal 9th Circuit precedent interpreting the Stored Communications Act. *See Quon v. Arch Wireless Operating Co.*, 529 F.3d 892 (9th Cir. 2008). Accordingly, Defendant's Motion should be denied.[1]

## II.    STATEMENT OF FACTS

This is a class action lawsuit against Yahoo! for improperly and voluntarily disclosing certain personal and private user information and data in violation of the privacy rights of users of Yahoo! products and services (hereinafter "Yahoo! Users"). (¶ 1.)[2] Yahoo! disclosed personal and private user information and data of Yahoo! Users to law enforcement and other government entities without the Yahoo! Users' knowledge or authorization and without valid and enforceable legal process. (¶ 2.) This impermissibly disclosed personal and private user information and data included, but was not limited to, some or all of the following: name, address, phone number, birth date, gender, social security number, date account created, account status, Yahoo! email address, alternate email address, the content of email communications, contact lists, photos, files, website posts, registration from Internet Protocol (IP), date IP registered, login IP addresses, and other IP address information. *Id.*

Plaintiff Fayelynn Sams ("Plaintiff") is a resident of the State of Georgia and a Yahoo! User. (¶ 5.) On or about December 2, 2008, and on or about December 15, 2008, Plaintiff had her personal and private user information and data disclosed by Yahoo! to law enforcement and other government entities without proper compliance with the provisions of the Stored Communications Act ("SCA"). *Id.* Enacted in 1986 as Title II of the Electronic

---

[1] If this Court does not enter a default judgment against Defendant, Plaintiff will voluntarily dismiss the following claims: Count 3 for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Count 4 for violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*; Count 6 for Breach of Contract; and Count 7 for Breach of Duty of Good Faith and Fair Dealing.

[2] "¶ __" refers to paragraphs of the Amended Complaint. (Doc 13.) "Doc. __" refers to the document listed on the docket of this litigation.

1   Communications Privacy Act of 1986  ("ECPA"), the SCA sets forth a system of statutory

2   privacy rights for customers, users and subscribers of internet businesses, consumer services and

3   computer network service providers such as Yahoo!.  (¶ 10.)

4       Defendant is a global Internet business and consumer services company that offers a

5   comprehensive branded network of properties and services, many of which are free, to more than

6   500 million unique users worldwide.  (¶ 9.)  Currently, Yahoo! has about 230 million registered

7   users and attracts hundreds of millions of users, making it one of the most visited Internet

8   destinations.  *Id.* Yahoo! profits by selling advertising, the value of which is dependent, at least in

9   part, on the number of users of its content and services.  *Id.*

10      In its Terms of Service and Yahoo! Privacy Policy (collectively the "Agreement"),

11  Yahoo! sets forth the contractual rights of Yahoo!'s Users concerning the collection, protection,

12  use and disclosure by Yahoo! of Yahoo! Users' personal and private user information and data.

13  (¶ 11.)  Defendant claims it protects Yahoo! Users' privacy as required by law and under

14  applicable privacy policies.  (¶ 12.)   Despite such claims, however, Yahoo! routinely and

15  unlawfully accepts invalid legal process from law enforcement and other government entities, as

16  it did with Plaintiff, where it accepted a facsimile transmission in California of a letter request for

17  disclosure and an out-of-state grand jury subpoena issued by a state court clerk in Georgia.

18  (¶ 13.)

19      Neither state grand jury or trial subpoenas nor state search warrants signed by magistrates

20  or other states' judges have any force and effect outside the territorial jurisdiction of the state of

21  issuance.  (¶¶ 14, 17.)  When faxed or sent out of that state, these documents are facially invalid

22  and unenforceable.  *Id.*  Even more so, mere letters from law enforcement and other government

23  entities requesting personal and private user information and data of Yahoo! Users do not and

24  cannot constitute valid or enforceable legal process that permit Yahoo! to disclose personal and

25  private user information and data to such entities.  (¶ 20.)  Defendant's disclosure of a Yahoo!

26  User's personal and private user information and data in response to facially invalid and

27  unenforceable foreign state warrants, foreign state grand jury or trial subpoenas, or in response to

28  letter requests, violates federal and state law.  (¶¶ 15, 18, 21.)

What Yahoo! did in this case is typical of its normal practice.  On December 2, 2008, Investigator Wendy Lain with the Lowndes County, Georgia District Attorney's Office, faxed a letter from Mr. Bradfield M. Sheely, Chief Assistant District Attorney, to the Yahoo! Legal Compliance Team in Sunnyvale, California (the "December 2 Letter").  (¶ 23.)  The December 2 Letter was accompanied by a grand jury subpoena purporting to require "Yahoo!'s Legal Compliance Team" to appear and give testimony and produce documents before a Lowndes County Grand Jury on January 28, 2009, in Valdosta, Georgia.  (¶ 24.)  The December 2 Letter expressly stated that the subpoena accompanying the letter required only that a witness attend and produce records to the Grand Jury on January 28, 2009, in Lowndes County.  (¶ 25.)  The December 2 Letter also suggested that Yahoo! might wish to "**<u>voluntarily</u>**" disclose the records in question and suggested that, as a convenience to Yahoo!, such production might obviate the need to respond to the subpoena.  (¶ 26.)

On December 15, 2008, Investigator Lain faxed another letter from Sheely to Christian Lee at Yahoo!'s Legal Compliance Team (the "December 15 Letter").  (¶ 27.)  The December 15 Letter was also accompanied by a grand jury subpoena purporting to require "Yahoo!'s Legal Compliance Team" to appear and give testimony and produce documents before a Lowndes County grand jury on January 29, 2009, in Valdosta, Georgia.  (¶ 28.)  The December 15 Letter expressly stated that the subpoena, which accompanied Sheely's letter, only required the attendance of a witness before the Grand Jury and production of records to the Grand Jury on January 28, 2009.  (¶ 29.)  The December 15 Letter again suggested that Yahoo! might wish to "**<u>voluntarily</u>**" disclose the records in question and suggested that, as a convenience to Yahoo!, such production might obviate the need to respond to the subpoena.  (¶ 30.)

The grand jury subpoenas attached to each of Sheely's letters were facially invalid and unenforceable, as they: (a) were not properly served on Yahoo!; (b) purported to compel a response from a witness outside the State of Georgia; and (c) were directed to "Yahoo!'s Legal Compliance Team," which is not a legal person or entity to whom a subpoena may be issued. (¶¶ 31-33.)  Notwithstanding Yahoo!'s actual knowledge that the subpoenas were both invalid

1  and unenforceable, Yahoo! **voluntarily** accessed, produced and disclosed the requested personal

2  and private user information and records.  (¶ 34.)

3  **III.    PROCEDURAL HISTORY**

4           This case was initially filed in the Superior Court of Fulton County, Georgia.  (Doc. 1.)

5  Defendant removed it to the United States District Court for the Northern District of Georgia and

6  moved to dismiss, in part, on the basis of improper venue.  (Doc. 5.)  Plaintiff agreed with

7  Defendant that the Northern District of California was the appropriate forum.  (Doc. 14.)

8           The parties also agreed to a briefing schedule, which allowed Plaintiff until November 26,

9  2010 to file an Amended Complaint.  (Doc. 12.)  Therein, the parties agreed that if an Amended

10 Complaint was filed, Defendant's Motion to Dismiss would be rendered moot.  Plaintiff timely

11 filed an Amended Complaint on November 26, 2010.  (Doc. 13.)  The Amended Complaint was

12 filed and served electronically pursuant to Fed. R. Civ. P. 5(b)(3).  Defendant would have been

13 required to respond to the Amended Complaint on or before December 13, 2010.  Fed. R. Civ.

14 P. 15(a)(3).

15          On December 2, 2010 the Georgia District Court signed an order, which established a

16 briefing schedule extending the deadline to respond to the Amended Complaint to on or before

17 December 15, 2010.  (Doc. 16.)  Eight days later, on December 10, 2010, the parties filed another

18 consent scheduling motion (the "Proposed Order") seeking to extend Defendant's deadline again,

19 until 14 days after the Court's ruling on the then-pending Motion to Transfer.  (Doc. 18, pp. 4-5.)

20 The Georgia District Court never ruled on the Proposed Order to extend Defendant's deadline

21 (Doc. 18); however, December 15 passed without Defendant filing an Answer or responsive

22 pleading.  On December 20, 2010, the Georgia District Court granted the Motion to Transfer, and

23 ordered the case transferred to this District.  (Doc. 19.)

24          As governed by the only scheduling order in this case (Doc. 12), Defendant's response to

25 the Amended Complaint was due on or before December 15, 2010.  Even if one were to consider

26 the Proposed Order to have been granted, which it was not, Defendant's Answer or Motion to

27 Dismiss would have been due at the latest on January 3, 2011, which is fourteen days after the

28 Court ruled on the Motion to Transfer as agreed upon by the parties. Fed. R. Civ. P. 15(a)(3).

1   Obviously recognizing its failure to timely respond, Defendant now argues that the Proposed

2   Order only extended the time for a Motion to Dismiss in the event the Motion to Transfer was

3   denied but remained silent as to what would happen if the motion was granted.  (Doc. 28, p. 2.)  If

4   that were the case, the deadline for the Motion to Dismiss would remain governed by the prior

5   Order and would have expired on December 15, 2010.  However, the Proposed Order clearly

6   states that the deadline for filing a "renewed motion to dismiss or otherwise answer Plaintiff's

7   Amended Complaint" was "stayed until 14 days after this Court ***issues a ruling*** on Plaintiff's

8   Motion to Transfer…"  (Doc. 18, pp. 4-5) (emphasis added).   The Court granted the Motion to

9   Transfer on December 20, 2010 and as such, even under the most liberal of calculations, any

10  motion to dismiss was due on or before January 3, 2011.

11       Defendant has not filed an Answer and its present Motion to Dismiss – which was due (at

12  the very latest) on January 3, 2011 (and, strictly speaking, on December 15, 2010) – was not filed

13  until January 10, 2011.  (Doc. 22.)  Defendant did not seek leave to file the Motion to Dismiss out

14  of time, as required under Local Rules 6-1, 6-3, and 7-1.  As such, Defendant's Motion to

15  Dismiss is untimely.

16  **IV.   ARGUMENT**

17       Because Defendant's Motion to Dismiss is untimely and because no responsive pleading

18  was properly filed in response to Plaintiff's Amended Complaint, the Court should deny

19  Defendant's Motion to Dismiss, find Defendant to be in default and direct the clerk to enter a

20  default against it.  Alternatively, the Court should deny Defendant's Motion as Defendant

21  inappropriately relies on "facts" not contained in the Complaint, on documents which are

22  unauthenticated and outside the pleadings, and on inapposite and incorrect legal arguments.

23       **A.   Because Defendant Has Failed To Timely Respond To Plaintiff's Amended
            Complaint, Defendant Is In Default And The Court Should Enter A Default
24          Judgment**

25       Defendant improperly claims that its Motion to Dismiss was timely filed on January 10,

26  2011 (Doc. 22), based on a claim that its deadline to file pleadings responsive to the Amended

27  Complaint only began to run from the date on which this case was docketed in this Court.

28  Defendant offers no authority for the proposition that the deadline to file a responsive pleading is

- 5 -

5:10-CV-05897-JF

1   automatically extended or altered by the transfer of an action from one District to another.  There

2   is none.  The deadlines to file responsive pleadings are set in Fed. R. Civ. P. 12 and 15; there are

3   no exceptions or extensions based on the date a transferred case is docketed.  *Jenkins v. H&R*

4   *Block, Inc.*, No. 4:06-cv-00365GTE, 2006 U.S. Dist. LEXIS 35112, at *7-8 (E.D. Ark. May 17,

5   2006) (refusing to grant open-ended stay of deadline to file responsive pleadings, noting that "If

6   additional time is needed or desired, Defendant may seek an additional extension from the

7   transferee court").  In this case, Defendant did not timely request an extension or seek leave of

8   Court to file this motion out of time.

9       It is clear that Defendant's time to file a Motion to Dismiss – or, for that matter, file an

10  Answer – has elapsed.  Plaintiff's Amended Complaint superseded the original Complaint.

11  *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d

12  160, 162 (2d Cir. 2000); *see* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal*

13  *Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes

14  the pleading it modifies….  Once an amended pleading is interposed, the original pleading no

15  longer performs any function in the case….").  Thus, Defendant's original Motion to Dismiss was

16  mooted upon Plaintiff's filing of the Amended Complaint, and Defendant was obligated to file a

17  new Motion to Dismiss or otherwise answer the Amended Complaint by December 15, pursuant

18  to the Court's December 2 Order.  (Doc. 16.)  Defendant did not do so.

19      Here, Defendant's Motion to Dismiss is untimely.  Even if the Court were to consider the

20  non-granted Proposed Order as though it were granted (*see* Doc. 18, pp. 4-5), Defendant's Motion

21  to Dismiss is still untimely because the Motion to Transfer was granted on December 20, 2010.

22  (Doc. 19.)  Thus, Defendant's Answer or responsive pleading would have been due – at the

23  latest – on January3, 2011, fourteen days after the Court ruled on the Motion to Transfer.  Fed. R.

24  Civ. P. 15(a)(3).  Defendant's deadline to file elapsed.

25      Indeed, Defendant still has not filed an Answer to Plaintiff's Amended Complaint.

26  Because Defendant's initial Motion to Dismiss was denied as moot and the present Motion to

27  Dismiss is with respect to an Amended Complaint, Defendant's deadline to file an Answer has

28  not been tolled.  *Gen. Mills, Inc. v. Kraft Foods Global, Inc.*, 495 F.3d 1378, 1379 (Fed. Cir.

- 6 -

1   2007) (Rule 12(a)(4) does not toll the time to file an Answer to an Amended Complaint where the

2   time to file a responsive pleading has elapsed).  Thus, Defendant's Motion to Dismiss is untimely

3   and Yahoo! was in default when it filed the Motion to Dismiss.  Defendant remains in default,

4   and the Court should enter a default judgment against Defendant.

5           **B.**     <u>**Standard For Motion To Dismiss**</u>

6           "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

7   accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* __ U.S.

8   __, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted).  "A claim has facial plausibility

9   when the plaintiff pleads factual content that allows the court to draw the reasonable inference

10  that the defendant is liable for the misconduct alleged."  *Id.*  "The issue is not whether a plaintiff

11  will ultimately prevail but whether the claimant is entitled to offer evidence to support the

12  claims."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).  A plaintiff need not allege

13  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

14  relief."  *Id.* at 570.  Only where a plaintiff has failed to "nudge [his or her] claims across the line

15  from conceivable to plausible," is the complaint properly dismissed.  *Iqbal*, 129 S.Ct. at 1952.

16  Here, the Amended Complaint provides Yahoo! with "fair notice" of Plaintiff's claims.  *In re*

17  *Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1017 (N.D. Cal. 2010)

18  ("'Specific facts are not necessary; the statement need only give the defendant[s] fair notice of

19  what … the claim is and the grounds upon which it rests.'") (citation omitted).  Accordingly, the

20  motion to dismiss must be denied.

21          **C.**     <u>**Defendant's Motion To Dismiss Improperly Considers Matters Outside The**</u>
22                  <u>**Pleadings**</u>

23          Defendant's Motion to Dismiss is improper in that it considers matters outside the

24  pleadings in violation of Fed. R. Civ. P. 12(d). Defendant claims that matters outside the

25  pleadings may be considered based on two exceptions to the rule.  However, the exceptions apply

26  to "**authenticated** documents **attached to** or **incorporated by reference** into **the complaint**."  *In*

27  *re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1166 (S.D. Cal. 2010) (emphasis added)

28  (citing *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003)); *see also, In re Silicon*

1    *Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *superseded by statute on other*

2    *grounds*; *Townsend v. Columbia Operations*, 667 F.2d 844, 848 (9th Cir. 1982).  Defendant's

3    materials should be stricken.

4         Here, Defendant claims the Court should take judicial notice of Yahoo!'s Terms of

5    Service (hereinafter "TOS") based on a reference to a web site contained in a footnote in its brief.

6    (Doc. 28, p. 8. fn. 2.)  This citation – to a website under Defendant's exclusive control, which

7    could have been changed at any point up to and including the present – is hardly sufficient to

8    permit the Court to take judicial notice of the content of the TOS.  *See In re Easysaver Rewards*,

9    737 F. Supp. 2d at 1116 (denying request to take judicial notice of screenshots of a website, on

10   the basis that it "would be inappropriate for the Court to compare and contrast the several

11   versions of the webpages to determine if there are any material differences in the language")

12   (citing *In re Poirier*, 346 B.R. 585, 588 (D. Mass. 2006) (taking judicial notice of fact that party

13   maintained website, but not of changing content on webpage)); *Rivera v. Philip Morris*, 395 F.3d

14   1142, 1151 (9th Cir. 2005) ("Because the effect of judicial notice is to deprive a party of an

15   opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary

16   evidence, caution must be used in determining that a fact is beyond controversy under

17   Rule 201(b).") (quotation and citation omitted)).

18        Moreover, according to www.archive.org, the website in question –

19   http://info.yahoo.com/legal/us/yahoo/utos/utos-173.html – has been updated at least ninety-nine

20   times since the actions at issue in this case.  (*See* Declaration of Joshua A. Millican, dated April 8,

21   2011, Ex. A.)  Oddly, archive.org does not show any updates on or about November 24, 2008,

22   which is the date which appears at the bottom of the exhibit presented by Defendant as the date

23   the TOS were last updated.[3]

24        As to the "click through" agreement screenshot presented by Defendant, the only date on

25   Doc. 5, Ex. D is a 2010 copyright date.  Defendant has not even alleged, much less produced

26   matters of which the Court must take judicial notice, showing the date that subscribers were given

27   _____

28   [3] The same Exhibit contains a copyright date of 2010 which is, at least, anachronistic.

1   notice of updates to the TOS.  Defendant has not shown that – between November 24, 2008, and

2   the date it produced the documents at issue in this lawsuit – Plaintiff agreed to the new TOS, by

3   "click through agreement" or otherwise.  There is nothing to indicate that the exhibit is even

4   relevant to the claims or defenses presented by Defendant's Motion, let alone so beyond dispute

5   that it can be considered on a Motion to Dismiss.  Thus, this Court cannot take judicial notice that

6   these unauthenticated documents and screenshots are authentic, unaltered, or otherwise relevant

7   to this proceeding.  *Carter v. Deutsche Bank Nat'l Trust Co.*, No. C09-3033 BZ, 2010 U.S. Dist.

8   LEXIS 6473, at *4-5 (N.D. Cal. Jan. 27, 2010); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.

9   1994) (the rule is limited to a document "whose authenticity no party questions.").

10          Defendant also makes factual arguments unsupported by any evidence.  For example,

11  Defendant claims that "Yahoo! would be in no position to insist on proper service because it has

12  previously communicated to state and local law enforcement that it is willing to waive service and

13  accept service by fax for subpoenas from state and local law enforcement seeking documents only

14  (and not testimony)."  No such allegation is contained in Plaintiff's Amended Complaint nor is

15  there any evidence supporting this contention.  Defendant also claims that "in accordance with the

16  SCA, the information disclosed was non-content information."  (Doc. 28, p. 22.)  However, the

17  Amended Complaint alleges that Yahoo! "impermissibly disclosed personal and private data and

18  information" and that Yahoo! "knowingly, willfully, unlawfully, intentionally and without

19  authorization divulged the contents of communications of Yahoo!'s Users to persons other than

20  the intended recipients" in violation of the ECPA and SCA.  (¶¶ 2, 54, 56, 58, 85, 89, and 93-94.)

21  Defendant also asserts that it would be burdened by costs associated with actual compliance with

22  actual subpoenas which were actually and properly served, but it cites no evidence for that

23  proposition.  In fact, 18 U.S.C. § 2706 requires law enforcement to reimburse providers like

24  Yahoo! for costs incurred responding to subpoena requests, court orders, or search warrants.

25  Moreover, Plaintiff anticipates that discovery will reveal that Defendant charges and seeks

26  reimbursement from law enforcement for its costs of responding to such subpoenas.  As for the

27  costs to law enforcement, such costs would not be borne by Yahoo! and are, in fact, crucial

28  procedural safeguards against an abuse of power by law enforcement and other government

- 9 -

5:10-CV-05897-JF

1   entities seeking to trample the privacy rights of Yahoo! Users.  These are not facts upon which

2   Yahoo! may rely upon in moving to dismiss the Amended Complaint.

3   **D.      The SCA Protects Important Privacy Interests**

4         Congress passed the SCA as part of the ECPA,[4] "because the advent of the Internet

5   presented a host of potential privacy breaches that the Fourth Amendment does not address."

6   *Quon,* 529 F.3d at 900 (citing Orin S. Kerr, *A User's Guide to the Stored Communications Act,*

7   *and a Legislator's Guide to Amending It,* 72 GEO. WASH. L. REV. 1208, 1209-13 (2004)).[5]  Its

8   creation was necessary because "two established lines of Fourth Amendment doctrine . . .

9   strongly suggested that if the Constitution was the sole source of protection for remotely-stored

10  electronic communications, then third parties, including the government, would face no obstacle

11  to compelling disclosure." *See* Marc J. Zwillinger & Christian S. Genetski, *Criminal Discovery of*

12  *Internet Communications Under the Stored Communications Act: It's Not a Level Playing Field*,

13  97 J. CRIM. L. & CRIMINOLOGY 569, 574 (2007).  Accordingly, the ECPA embodies Congress'

14  belief that new federal statutes were necessary to ensure that privacy interests in new forms of

15  electronic communication were protected by well established constitutional standards.  *Id.* at 573.

16        Thus, the SCA is meant to bridge the gap between the Fourth Amendment's more general

17  prohibition on illegal search and seizure and the unforeseen privacy concerns borne by the

18  Internet age.  It is intended to prevent providers of remote computing services or electronic

19  communication services ("Providers"), like Yahoo!, from divulging private information and

20  communications to the government.  Kerr, *supra,* at 1213.  The SCA "creates a set of Fourth

21

22  ---

[4] Pub. L. No. 99-508, 100 Stat. 1848 (codified as amended at 18 U.S.C. §§ 2232, 2510–21, 2701–11, 3117 and 3121–26 (2000 & Supp. 2003)).  *See generally* U.S. Internet Serv. Provider Ass'n, *Electronic Evidence Compliance—A Guide for Internet Service Providers*, 18 BERKELEY TECH. L.J. 945 (2003) (providing "general guidelines for Internet service provider compliance with law enforcement and national security evidence gathering authorities.").

23

24  [5] *See also* Nathaniel Gleicher, *Neither a Customer nor a Subscriber Be: Regulating the Release of User Information on the World Wide Web,* 118 YALE L.J. 1945, 1945 (2009) ("Although the SCA was not intended to be 'a catch-all statute designed to protect the privacy of stored Internet communications,' it has been pressed into this role.  Without the SCA to balance the interests of users, law enforcement, and private industry, communications will be subjected to a tug-of-war between the private companies that transmit them and the government agencies that seek to access them. Internet users will find themselves with little protection," *quoting* Kerr, *supra,* at 1214 (footnote omitted)).

25

26

27

28

Amendment-like privacy protections by statute, regulating the relationship between government investigators and service providers in possession of users' private information." *Id.* at 1212.

Congress sought to "ensure the continued vitality of the Fourth Amendment" and prevent the "gradual erosion" of privacy rights, but equally to avoid a situation where "[t]he lack of clear standards may expose law enforcement officers to liability and may endanger the admissibility of evidence." *Id.* The statute's framework reflects the twin goals of constraining private Internet Service Providers ("ISPs") from vitiating privacy interests through voluntary disclosures, and ensuring that these constraints provide a clear mechanism for law enforcement to compel disclosure in appropriate circumstances within appropriate procedural safeguards.

First, the SCA prohibits voluntary disclosure of information about customers and subscribers to any third party, including law enforcement. 18 U.S.C. § 2702. This prohibition ensures that Providers cannot, *via* a private search and voluntary disclosure, circumvent the Fourth Amendment. Second, the SCA imposes a series of "exceptions" to this prohibition limiting the government's right to compel Providers to disclose private information and only permits disclosure to law enforcement pursuant to specified legal process. 18 U.S.C. § 2703. "Although the Fourth Amendment may require no more than a subpoena to obtain e-mails, the statute confers greater privacy protection." Kerr*, supra,* at 1212-13.

To protect the array of privacy interests of customers and subscribers, the SCA offers varying degrees of legal protection depending on the perceived importance of the privacy interest involved. Some information can be obtained from providers with a subpoena; other information requires a special court order; and still other information requires a search warrant. 18 U.S.C. § 2703. In addition, some types of legal process require notice to the subscriber, while other types do not. Law enforcement and the providers must apply the various classifications set forth in the SCA to the facts of each case to determine the proper procedure for obtaining the information sought.

The SCA further articulates the steps that the government must take to compel Providers to disclose the contents of stored wire or electronic communications and other information such as account records and basic subscriber and session information. 18 U.S.C. § 2703. It provides

1   five (5) mechanisms that a "government entity" can use to compel a provider to disclose certain

2   kinds of information: (1) subpoena; (2) subpoena with prior notice to the subscriber or customer;

3   (3) 18 U.S.C. § 2703(d) court order; (4) 18 U.S.C. § 2703(d) court order with prior notice to the

4   subscriber or customer; and (5) search warrant. *Id.*

5          One feature of the compelled disclosure provisions of the SCA is that greater process

6   generally includes access to information that cannot be obtained with lesser process. Thus, an

7   18 U.S.C. § 2703(d) court order can compel everything that a subpoena can compel (plus

8   additional information), and a search warrant can compel the production of everything that a

9   18 U.S.C. § 2703(d) order can compel (and then some). As a result, law enforcement and

10  Providers are restricted by the procedural safeguards of the SCA with respect to permissible

11  disclosures.

12          **E.      The SCA's Defenses Are Not Available To Yahoo!**

13          The SCA provides two affirmative defenses to liability, neither of which affords

14  protection to Yahoo!. First, the SCA requires the Defendant to show that it "provid(ed)

15  information, facilities, or assistance *in accordance with the terms of* a court order, warrant,

16  subpoena, statutory authorization, or certification *under this chapter* [18 U.S.C. § 2701, *et seq.*]"

17  *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 974 (C.D. Cal. 2010) (emphasis added);

18  18 U.S.C. § 2703(e). This defense requires Yahoo! to show that it provided information: (a) in

19  accordance with the terms of (b) a subpoena issued under 18 U.S.C. §§ 2701, *et seq.* Since

20  Defendant did not act in accordance with the terms of the grand jury subpoena issued here, it

21  cannot rely on the defense. As to disclosure of content (which Defendant so far denies), the

22  absence of notice renders the subpoena invalid, as the subpoena did not meet the requirements of

23  18 U.S.C. § 2703(b)(1)(B)(ii). Finally, the subpoena was facially invalid in all respects, as it

24  sought to compel the attendance of a California witness in Georgia.

25          Alternatively, 18 U.S.C. § 2707(e) permits a Defendant to invoke a "good faith" defense,

26  containing both a subjective component and an objective component. *Freedman v. Am. Online,*

27  *Inc.*, 325 F. Supp. 2d 638, 648 (E.D. Va. 2004) (citing *Jacobson v Rose*, 592 F.2d 515, 522-24

28  (9th Cir 1978)). The "good faith" defense requires Defendant to show that it both believed it was

1   acting pursuant to a valid and properly served grand jury subpoena and that its belief was

2   reasonable based on the specific circumstances (*i.e.,* the extent of defendant's knowledge about

3   the legality of the process). *Id.*[6]

4          Relying on factual assertions and other factual claims contrary to both the Amended

5   Complaint and the indisputable factual record, Defendant claims an entitlement to what it calls

6   "immunity" from liability for its voluntary disclosures under the SCA.  However, neither the

7   word "immunity" nor any derivation thereof appears in the text of the SCA and its use represents

8   a mischaracterization of the statute by Yahoo!.  To the contrary, both 18 U.S.C. § 2703(e) and

9   18 U.S.C. § 2707(e) are fact-based affirmative defenses, which Defendant bears the burden of

10  proving. *United States v. Councilman*, 418 F.3d 67, 83 (1st Cir. 2005) ("We may neither expand

11  the good faith defense's scope, nor convert it from a fact-based affirmative defense to a basis for

12  dismissing an indictment on legal grounds.").

13         In addition, the facts do not support these defenses.  In order to train its compliance

14  personnel, Yahoo! admittedly champions bright-line rules that can be administered by non-

15  lawyers to respond to legal requests to avoid civil liability.  (*See* Declaration of Joshua A.

16  Millican, Ex. B.)  Considering the lengths Yahoo! has gone to portray itself as an adherent to

17  federal law, it is at least a question of fact as to how much Yahoo! knew when it accepted a

18  facially invalid subpoena and voluntarily produced documents.  Consequently, its Motion to

19  Dismiss should be denied.

20                **1.      18 U.S.C. §2703(e) Requires that Disclosure be Made Pursuant to a
                           Subpoena Issued in Accordance with the SCA**
21

22         18 U.S.C. § 2703(e) provides a defense to Providers disclosing information protected by

23  the SCA where the disclosure is "***in accordance with the terms of*** a court order, warrant,

24  subpoena, statutory authorization, or certification ***under this chapter***."  Thus, as it relates to grand

25  jury subpoenas, 18 U.S.C. § 2703(e) only provides a defense for the disclosure of content if the

26

27  _____
    [6] Similarly, pursuant to disclosures under the Wiretap Act, 18 U.S.C. § 2520(d) provides a good
    faith defense that is parallel to that under 18 U.S.C. § 2707(e).

28

1   user was given advance notice under 18 U.S.C. § 2703(b)(1)(B)(i) or, if without notice, for

2   disclosure of directory information under 18 U.S.C. § 2703(c)(2).

3       In an attempt to make out an 18 U.S.C. § 2703(e) defense, Defendant cites *Booker v.*

4   *Dominion Virginia Power*, No. 3:09-cv-759, 2010 WL 1848474 (E.D. Va. May 7, 2010).  *Booker*

5   is distinguishable.  In *Booker*, unlike the state grand jury subpoena in the instant matter, the

6   subpoena in question was a federal administrative subpoena issued by the Department of Justice

7   on behalf of the DEA.  In its mischaracterization of the holding in *Booker*, Yahoo! fails to

8   mention that the Plaintiff agreed to dismiss its claims against TDS Telecommunications

9   Corporation and in fact submitted an order of dismissal to the state court, which was granted, but

10   improperly, as the state court lost jurisdiction over the matter as the case had already been

11   removed to federal court.  *Id.* at *7.  Moreover, in *Booker* the court made no factual

12   determinations concerning a possible 18 U.S.C. § 2703(e) defense as it was unnecessary to do so.

13   Finally, in claiming *Booker* stands for the proposition that Plaintiff lacks standing to challenge the

14   service of the subpoenas in the instant matter, Yahoo! failed to mention *Booker* found "there is no

15   express or implied private right of action to challenge administrative subpoenas under 21 U.S.C.

16   § 876," *id.* at *5, something that is distinguishable from and completely irrelevant to the case at

17   bar, in which there is an express private right of action.  18 U.S.C. § 2707.

18       18 U.S.C. § 2703(e) is not a complete bar to claims under the SCA.  Instead, that

19   provision must be read in the context of 18 U.S.C. § 2703 as a whole, which requires at bare

20   minimum, a valid subpoena for a government entity to compel a Provider to disclose any

21   information.[7]  Defendant baldly asserts – contrary to the specific allegations of the Amended

22   Complaint (¶¶ 19-21 and 25-30) – that "Yahoo! complied with the terms of two grand jury

23   subpoenas" in producing the documents at issue in this case.  (Doc. 28, p. 6.)  However, on their

24   face the subpoenas clearly indicated "You are required to be and appear… and to bring with you

25   into said Grand Jury certain <u>evidence</u> in a certain case…"  (Doc. 5, Ex. B and C.)  Moreover, as

26   _____

[7] The existence of the 18 U.S.C. § 2707(e) "good faith" defense itself demonstrates that the 18 U.S.C. § 2703(e) defense requires valid process; after all, what need would there be for a "good faith" defense if the validity of the legal process did not matter?  *See Freedman*, 325 F. Supp. 2d at 646.

detailed *supra*, the letters transmitting those subpoenas clearly stated that Defendant may "**voluntarily provide copies**" and that they were "**only required to appear and produce the evidence directly to the Grand Jury as commanded by the subpoena.**" *Id.* (emphasis in original).

Yahoo! did not "appear and produce evidence directly to the Grand Jury as commanded by the subpoena." (Doc. 28, p. 8, fn. 4.)   Thus, Yahoo!'s actions were not in accordance with the terms of a court order, warrant, subpoena, statutory authorization, or certification under the SCA. Therefore, the 18 U.S.C. § 2703(e) defense does not apply.  Instead, Yahoo! accepted the invitation to voluntarily produce the documents in question.

> **a.      There as no prior notice; therefore the subpoena did not comply with 18 U.S.C. § 2703(b)(1)(B)(i)**

Defendant does not claim that the subpoena in question was an adequate basis for the production of "content," as Defendant did not provide notice to Plaintiff that it had received the subpoena as required by 18 U.S.C. § 2703(b)(1)(B)(i).  Instead, Defendant asserts that it did not disclose "content."  This assertion is unsupported, however, and is further contrary to the facts alleged in the Amended Complaint.  (¶¶ 49, 54, 56, 58, 85, 89, 94, and 94.)  At a minimum, these factual assertions cannot be resolved on a Motion to Dismiss.

> **b.      The subpoenas in question were facially invalid as they failed to comply with The Uniform Act to Secure the Attendance of Witnesses from Without a State in Criminal Proceedings (the "Uniform Act")**

Defendant falsely contends that the subpoenas faxed to it were facially valid subpoenas, requiring only the production of documents, and authorizing Defendant to respond by producing documents.  Nothing could be further from the truth.  The subpoenas at issue here were issued in Georgia and sought to compel a California witness to appear, testify, and produce documents in Georgia.  As a result, they were facially invalid for failing to comply with the Uniform Act.

1

**i.      The subpoenas in question were facially invalid as they**
**failed to comply with The Uniform Act to Secure the**
**Attendance of Witnesses from Without a State in**
**Criminal Proceedings (the "Uniform Act")**

2

3

4        The Uniform Act enables prosecuting authorities in one State to obtain an order from a

5   court in another State compelling a witness' appearance to testify in court.  California adopted the

6   Uniform Act in 1937 and is codified in California Penal Code sections 1334-1334.6.  *People v.*

7   *Cogswell*, 48 Cal. 4th 467, 474-75 (2010).  Pursuant to the Uniform Act, each state has made a

8   reciprocal legislative commitment to other jurisdictions that it will afford out-of-state witnesses a

9   reasonable opportunity to be heard in their home state regarding issues that necessitate their

10  testimony in a different state's court before being hailed into a foreign state's court to give

11  evidence there.  *Id.*

12       The Uniform Act "provides that a person shall be required to appear at a hearing upon

13  receipt of a certificate of a court of another state, which has similar legislation, asserting that the

14  person is a material witness in a criminal prosecution or grand jury investigation."  *Vannier* v.

15  *Superior Court*, 32 Cal. 3d 163, 169 (1982); *see* Cal. Pen. Code, § 1334.2.  When a person

16  located in a sister state that has also adopted the Uniform Act is a material witness in a

17  prosecution or grand jury investigation pending in a different sister state, the judge of the court in

18  which the prosecution is pending "may issue a certificate . . . specifying the number of days the

19  witness will be required," which "shall be presented to a judge of a court of record in the county

20  of such other state in which the witness is found."  *Cogswell*, 48 Cal. 4th at 475 (quoting Cal.

21  Pen. Code, § 1334.3(a)); *see also* Ga. Code Ann. § 24-10-94(a).  The judge of the court of record

22  where the witness is found then shall issue a subpoena, with a copy of the requesting state

23  certificate attached, directing the witness to attend and testify in the court where the prosecution

24  is pending, or where the grand jury investigation is, at a time and place specified in the subpoena.

25  *See* Cal. Pen. Code, § 1334.3(b).

26

27

28

ii.     **Nonparty witnesses in California are not subject to subpoenas of another state**

"The essence of the Uniform Act is to create a community of jurisdictions which will honor the request of fellow members for the appearance of witnesses at criminal proceedings under the conditions specified in the Act." *People* v. *Superior Court (Jans)*, 224 Cal. App. 3d 1405, 1410 (1990); *Vannier* 32 Cal. 3d at 172. To date, the Uniform Act, or some variation of it, has been adopted by every state in the Union, the District of Columbia, Puerto Rico, and the Virgin Islands. *State* v. *Breeden*, 333 Md. 212, 222-23 (Ct. App. 1993).[8] Nonparty witnesses in California are not subject to subpoenas issued by the courts of another state. *People* v. *Cavanaugh*, 69 Cal. 2d 262, 265-66 (1968); *Amoco Chemical Co. v. Certain Underwriters at Lloyd's of London*, 34 Cal. App. 4th 554, 559 (1995). Thus, a subpoena issued from a jurisdiction in Georgia to a witness in California is facially invalid. The subpoenas at issue in this case were issued from Georgia, faxed to California, and sought to compel the attendance of a representative of Yahoo! to appear and produce evidence in Georgia. These subpoenas were invalid on their face and any disclosure by Defendant allegedly in response thereto was not compulsory, but simply voluntary and violative of the SCA.

---

[8] *See* Ala. Code, §§ 12-21-280 to 12-21-285; Alaska Stat. 12.50.010 to 12.50.080; Ariz. Rev. Stat. Ann. §§ 13-4091 to 13-4096; Ark. Code Ann. §§ 16-43-402 to 16-43-409; Cal. Pen. Code, §§ 1334 to 1334.6; Colo. Rev. Stat. §§ 16-9-201 to 16-9-205; Conn. Gen. Stat. § 54-82i; Del. Code Ann. tit. 11, §§ 3521 to 3526; D.C. Code §§ 23-1501 to 23-1504; Fla. Stat. §§ 942.01 to 942.06; Ga. Code Ann. §§ 24-10-90 to 24-10-97; Haw. Rev. Stat. §§ 836-1 to 836-6; Idaho Code Ann. § 19-3005; 725 Ill. Comp. Stat. and 725 ILCS 220/3; Ind. Code 35-37-5-1 to 35-37-5-9; Iowa Code §§ 819.1 to 819.5; Kan. Stat. Ann. 22-4201 to 22-4206; Ky. Rev. Stat. Ann. 421.230 to 421.270; La. Code Crim. Proc. Ann. arts. 741 to 745; Me. Rev. Stat. Ann. tit. 15 §§ 1411 to 1415; Md. Code Ann., Cts. & Jud. Proc. §§ 9-301 to 9-307; Mass. Gen. Law 233, § 13A to 13D; Mich. Comp. Laws §§ 767.91 to 767.95; Minn. Stat. §§ 634.06 to 634.09; Miss. Code Ann. §§ 99-9-27 to 99-9-35; Mo. Rev. Stat. §§ 491.400 to 491.450; Mont. Code Ann. 46-15-112, 113, 120; Neb. Rev. Stat. 1943, §§ 29-1906 to 29-1911; Nev. Rev. Stat. §§ 174.395 to 174.445; N.H. Rev. Stat. Ann. 613:l to 613:6; N.J. Stat. Ann. 2A:81-18 to 2A:81-23; N.M. Stat., §§ 31-8-1 to 31-8-6; N.Y. C.P.L.R. § 640.10; N.C. Gen. Stat. §§ 15A-811 to 15A-816; N.D. Cent. Code 31-03-25 to 31-03-31; Ohio Rev. Code Ann. §§ 2939.25 to 2939.29; Okla. Stat. Ann., tit. 22, § 721 to 727; Or. Rev. Stat. 136.623 to 136.637; 42 Pa. Cons. Stat. Ann. §§ 5961 to 5965; P.R. Laws Ann. tit. 34, §§ 1471 to 1475; R.I. Gen. Laws, §§ 12-16-1 to 12-16-13; S.C. Code Ann., §§ 19-9-10 to 19-9-130; S.D. Codified Laws 23A-14-1 *et seq.*; Tenn. Code Ann. §§ 40-17-201 to 40-17-212; Tex. Code Crim. Proc. Ann., Art. 24.28; Utah Code Ann., 77-21-1 to 77-21-5; Vt. Stat. Ann. tit. 13, §§ 6641 to 6649; V.I. Code Ann. tit. 5, §§ 3861 to 3865; Va. Code Ann. §§ 19.2-272 to 19.2-282; Wash. Rev. Code Ann. 10.55.010 to 10.55.130; W. Va. Code, 62-6A-1 to 62-6A-6; Wis. Stat. 976.02; and Wyo. Stat. Ann. §§ 7-11-404 to 7-11-406.

iii.     **The subpoenas faxed to Yahoo! required the attendance of a witness in Georgia**

Apparently recognizing that there is no possibility of claiming that a subpoena issued in Georgia could compel a California witness to appear before a Georgia Grand Jury, Defendant claims that these subpoenas were standalone subpoenas *duces tecum*, requiring (and only requiring) the production of documents unrelated to the attendance of a witness.  This is untrue. On their face the subpoenas clearly indicated that "You are required to be and <u>appear</u>… and <u>to bring with you into said Grand Jury</u> certain evidence in a certain case…"  (Doc. 5, Ex. B and C.) Moreover, the letters accompanying the subpoenas – in the words of the Lowndes County, Georgia District Attorney's Office – "**only required [Yahoo!] to appear and produce the evidence directly to the Grand Jury as commanded by the subpoena.**"  *Id*. (emphasis in original).

There is good reason for this caveat:  Neither Georgia nor California permit the issuance of interstate standalone subpoenas *duces tecum*.  Had the Lowndes County District Attorney actually issued the subpoena that Yahoo! now claims it issued, it is the Lowndes County District Attorney who would have violated the SCA.  *Freedman*, 303 F. Supp. 2d at 125-26.  Thus, as a factual matter, Defendant's claim is simply false.  As a legal matter, it is equally wrong.

c.     **Neither California nor Georgia permit free-standing interstate subpoenas *duces tecum***

As set forth *supra*, both California and Georgia have passed a version of the Uniform Act. *See* Cal. Pen. Code, §§ 1334-1334.6; Ga. Code Ann. §§ 24-10-90-97.  Georgia Courts have held that, while the Uniform Act authorizes the issuance of a subpoena for the production of documents, it does not support a stand-alone request for production, or subpoena *duces tecum*, for out-of-state documents.  *Davenport v. State*, 303 Ga. App. 401, 402, 693 S.E.2d 510, 512 (2010). Rather, a request for documents and like things under the Act must be made ancillary to a request for testimony from an out-of-state witness.  *Yeary v. State*, 302 Ga. App. 535, 537, 690 S.E.2d 901, 903 (2010).  California follows the same rule.  *Amoco Chemical Co.*, 34 Cal. App. 4th 554, 559-60 (1995). Under both Georgia and California law, standalone subpoenas *duces tecum cannot*

1   be issued to compel the production of documents for a proceeding in an out-of-state jurisdiction,

2   which happened here.  Thus, Defendant's claim that the subpoenas *were* standalone subpoenas

3   *duces tecum* must fail.

### 2.   18 U.S.C. §2703(e) Requires that Disclosure be Made Pursuant to a Subpoena Issued in Accordance with the SCA

6       The 18 U.S.C. § 2707(e) "good faith" defense requires Defendant to show: "(1) that [it]

7   had a subjective good faith belief that [it] acted legally pursuant to a court order, [warrant or a

8   subpoena]; and (2) that this belief was reasonable."  *Freedman*, 303 F. Supp. 2d at 648.  In

9   *Freedman*, the Court granted partial summary judgment for the plaintiff, finding that he met the

10  subjective component by showing that defendant acted knowingly in disclosing the prohibited

11  personal information. *Id.* at 646.  The court, however, denied the parties' cross motions for

12  summary judgment on the issue of reasonableness "because there [was] a genuine issue of fact as

13  to the objective reasonableness of [defendant]'s belief." *Id*. at 650.

14      The facts in this matter are clear.  Given (a) the existence and applicability of the Uniform

15  Act and (b) the well settled law as to the invalidity of a free standing out-of-state subpoena *duces*

16  *tecum*, it is unreasonable for Defendant to claim it did not know the subpoenas were invalid.

17  Instead, Defendant argues that Plaintiff failed to allege facts demonstrating that Defendant lacked

18  a good faith belief that it acted lawfully in response to legal process.  For one, as a question of

19  fact this is untrue.  (¶¶ 14, 31-34.)  More importantly, because this is an affirmative defense,

20  Plaintiff is not required to plead its absence.  *See, e.g.*, *Perfect 10, Inc. v. Google, Inc.*, No. CV-

21  04-9484 AHM (SHx), 2008 U.S. Dist. LEXIS 79200, at *22 (C.D. Cal. July 16, 2008)

22  ("preemption under the CDA is an affirmative defense that is not proper to raise in a Rule

23  12(b)(6) motion") (citing *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003) (immunity under

24  47 U.S.C. § 230(c) is an affirmative defense that a plaintiff is not required to plead around)).

25      In an attempt to support its claim to an 18 U.S.C. § 2707(e) good faith defense, Defendant

26  cites three cases, all of which are easily distinguishable.  This case deals with a Georgia state

27  court subpoena purporting to compel the Defendant in California to disclose information.  None

28  of the cases cited by Defendant involve a state court subpoena, state search warrant or state court

1    order.  In both *In re Application of the United States for a Nunc Pro Tunc Order for Disclosure of*

2    *Telecomms. Records*, 352 F. Supp. 2d. 45 (D. Mass. 2005), and *Jayne v. Sprint PCS*, No. CIV S-

3    07-2522 LKK GGH, 2009 U.S. Dist. LEXIS 13080 (E.D. Cal. Feb. 20, 2009), the Courts

4    addressed the 18 U.S.C. § 2703(e) defense, *not* the 18 U.S.C. § 2707(e) defense alleged by

5    Defendant, and found the providers in each of those cases were entitled to the defense under

6    18 U.S.C. § 2703(e) because of the statutory authorization for emergency circumstances

7    disclosure contained in 18 U.S.C. § 2702(c)(4).  Defendant does not and cannot contend the

8    emergency circumstances exception applies in the instant matter.

9         In *McReady v. eBay, Inc.*, 453 F.3d 882 (7th Cir. 2006), the Seventh Circuit addressed the

10    § 2707(e) good faith defense concerning a federal subpoena.  There, unlike the state subpoena in

11    the instant matter, the subpoena in question was purportedly issued by a federal district court on

12    behalf of a defendant in a pending civil lawsuit, seeking information about a party opponent

13    which related to the case, included the title of the action and the case number, and quoted on its

14    face the entirety of Fed. R. Civ. P. 45(c) and (d), and was served on the opposing party.  *Id.* at

15    892.  The *McReady* court was careful to note that "[n]othing else gives any indication of

16    irregularity sufficient to put eBay on notice that the subpoena was 'phony.'"  *Id.*

17         The same cannot be said here.  First, Defendant did not actually produce documents and

18    information in response to the subpoenas; it produced such information and documents in

19    response to a request that it ***voluntarily*** make such production.  Second, these subpoenas were

20    facially invalid, as they were issued by a state court in Georgia and purported to require

21    California witnesses to appear and produce documents in Georgia.  Neither Defendant's reliance

22    on facsimile coversheets from the District Attorney's office, nor its contention that the facsimile

23    number for that DA's office was accurate, changes these essential facts.

24         Because Defendant did not actually rely on the subpoenas in making the production at

25    issue and the flaws in the subpoenas were apparent from the face of the documents, Defendant's

26    "good faith" defense under 18 U.S.C. § 2707(e) is inapposite.  The Motion must be denied.

27

28

3.   **Defendant's voluntary production of documents prevents it from asserting its affirmative defenses**

The subpoenas required Defendant to send a witness to appear and produce evidence directly to the Grand Jury.  (Doc. 5, Ex. B and C.)  Instead, Defendant **voluntarily** produced documents, after discussions with the issuing party (and pursuant to what appears to be a collusive agreement with law enforcement agencies generally), in order to relieve the issuing party and Yahoo! of the burdens associated with actually obtaining, serving, and responding to valid process.  Defendant admits as much.  (Doc. 28, pp. 9, 11-12.)

Defendant's desire to mollify law enforcement at the expense of the privacy of Yahoo! Users is not a basis to avoid liability.  It is much easier for local law enforcement to send a letter – or even to get a subpoena issued from its local grand jury and fax it to a recipient – than to actually go through the inconvenience of complying with the legal processes required under the Uniform Act.  Thus, the procedural safeguards and disincentives that are naturally a part of the procedure for issuing, serving, and responding to an out-of-state subpoena – part and parcel of the defense at issue – are entirely evaded by Defendant's machinations.  However, neither the SCA nor the Wiretap Act provide a defense based on a claim that it is more convenient to produce documents voluntarily, than it is to produce documents only as required by a valid and properly served warrant or subpoena.

F.   **Plaintiff Has Standing To Contest Yahoo!'s Voluntary Production**

Defendant repeatedly ignores Plaintiff's allegations that Defendant voluntarily disclosed personal and private user information and data in violation of the SCA.  Instead of addressing Plaintiff's actual allegations, Defendant seeks to misdirect this Court by arguing that Plaintiff's claims relate solely to the method of service of the subpoena.  This is incorrect.  Plaintiff's claims do not depend on the method of service, but rather arise from the fact that Defendant produced information voluntarily, after receiving a facially invalid subpoena.  Defendant apparently could neither be bothered to require valid process or even to act "in accordance with the terms" of the invalid process.

While Plaintiff cannot contest that production at the time (being unaware of it), she clearly has standing to pursue such claims regarding that production now.  The maxim that a party *lacks* standing to challenge a subpoena absent a claim of a "personal right or privilege" in the subject matter of the subpoena carries with it the converse proposition as well, *i.e.*, a party *has* standing to challenge a subpoena where it would invade a "personal right or privilege."  *See Delta Mechanical, Inc. v. Garden City Group, Inc.*, No. 2:06-cv-01095 JWS, 2010 U.S. Dist. LEXIS 75551, at *5 (D. Ariz. June 28, 2010); *Firetrace USA, LLC v. Jesclard*, No. CV-07-2001-PHX-ROS, 2008 U.S. Dist. LEXIS 101838, at *4 (D. Ariz. Dec. 8, 2008).  Here, Plaintiff has standing by virtue of the personal right of the privacy protections afforded by the SCA and ECPA.

It is clear that, if Plaintiff had received notice of the subpoena, she would have had standing to seek to quash it.  *Chasten v. Franklin*, No. C10-80205 MISC JW (HRL), 2010 U.S. Dist. LEXIS 113284, at *3-6 (N.D. Cal. Oct. 14, 2010); *see also Crispin,* 717 F. Supp. 2d at 973-76 (plaintiff had standing because he had a personal right with regard to subscriber information and communications subpoenaed by defendants).  Thus, Plaintiff clearly has standing to bring a claim against Yahoo! pursuant to 18 U.S.C. §§ 2520 and 2707.

**G.**     **Plaintiff Has Standing To Bring Claims On Behalf Of All Yahoo! Users Who Have Had Their Contents And Other Personal And Private Information And Data Disclosed By Yahoo! In Violation Of The SCA**

A class representative must have standing on the issues as to which he/she seeks adjudication. *Bailey v. Patterson*, 369 U.S. 31, 32 (1962).  A plaintiff may not seek relief for any putative class member unless he/she alone can establish the requisite case or controversy. *Warth v. Seldin*, 422 U.S. 490, 502 (1975). A plaintiff must show that she has actually been injured by the defendant's challenged conduct.  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1001 (9th Cir. 2001) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180 (2000)).  Plaintiff satisfies each element required to allow her to serve as a class representative.

Plaintiff filed her Amended Class Action Complaint on behalf of all Yahoo! Users who had their contents and other personal and private information and data disclosed by Yahoo! to law enforcement without proper legal process in violation of the SCA.  Whether the disclosure was made allegedly in response to a facially invalid and unenforceable foreign state warrant, foreign

- 22 -

1    state grand jury or trial subpoena or voluntarily in response to letter requests, any such response

2    without valid and enforceable legal process is still violative of the SCA.  Accordingly Plaintiff

3    clearly has standing to bring such claims.[9]  Furthermore, Plaintiff was damaged by the disclosure

4    and such damages are statutorily recognized in the SCA.  18 U.S.C. § 2707.  Additionally,

5    although Yahoo! claims it did not disclose to law enforcement any of the content of Plaintiff's

6    communications, it provides no factual or evidentiary support therefore and Plaintiff has alleged

7    contrary facts.  Instead, Yahoo! asks this Court to assume because it was served with what it

8    contends were valid subpoenas (Doc. 5, Ex. B and C), it only provided law enforcement non-

9    content information.  Such assumptions are improper at this juncture, especially given Yahoo!'s

10   clear violation of the SCA.

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   _____

21   [9] Defendant disingenuously argues that even if Plaintiff had standing, its unlawful conduct should
     be excused because California allows acceptance of out of state faxed warrants.  (Doc. 28, p. 17,
     fn. 16.)  Yahoo! misinterprets Cal. Penal Code § 1524.2(d). While Yahoo! is correct that

22   California has a law that requires Providers incorporated in California to disclose and produce
     information and records in response to warrants issued in other states, Cal. Pen. Code

23   § 1524.2(d), that statute specifically delineates what actions immunize California corporations
     and foreign corporations, respectively, and does not immunize foreign corporations from

24   accepting warrants issued by another state.  Unfortunately for Yahoo!, it is not a California
     corporation, but rather is a foreign corporation incorporated in Delaware.  Moreover, California's

25   statute expressly requiring Providers incorporated therein to disclose and produce to law
     enforcement information and records in response to warrants issued in other states, is proof in and

26   of itself that the SCA prohibits disclosure in response to legal process from other states.
     Otherwise, California would have no need for that disclosure statute.  As such, despite Yahoo!'s

27   claim otherwise, Cal. Pen. Code § 1524.2(d) does not give it "immunity" from violating the SCA
     by its accepting out-of-states warrants by facsimile.

28

1    **V.      <u>CONCLUSION</u>**

2           For the aforementioned reasons, Plaintiff respectfully requests this Court deny

3    Defendant's Motion to Dismiss.

4                                          Respectfully submitted,

5    Dated:  April 8, 2011                 KAPLAN FOX & KILSHEIMER, LLP

6
                                           By:  _____*/s/ Laurence D. King*_____
7                                                    Laurence D. King

8                                          Laurence D. King (SBN 206423)
                                           Mario M. Choi (SBN 243409)
9                                          350 Sansome Street, Suite 400
                                           San Francisco, CA 94104
10                                         Telephone: 415-772-4700
                                           Facsimile: 415-772-4707
11                                         lking@kaplanfox.com
                                           mchoi@kaplanfox.com
12
                                           Joshua A. Millican (*pro hac vice*)
13                                         LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
                                           607 The Grant Building
14                                         44 Broad Street, N.W.
                                           Atlanta, GA 30303
15                                         Telephone: (404) 522-1152
                                           Facsimile: (404) 522-1133
16                                         joshua.millican@lawofficpc.com

17                                         Matthew C. Billips (*pro hac vice*)
                                           BILLIPS & BENJAMIN LLP
18                                         One Tower Creek
                                           3101 Towercreek Parkway, Suite 190
19                                         Atlanta, GA 30339
                                           Telephone:  770-859-0751
20                                         Facsimile:  770-859-0752
                                           billips@bandblawyers.com
21
                                           Lisa T. Millican (*pro hac vice*)
22                                         GREENFIELD MILLICAN P.C.
                                           607 The Grant Building
23                                         44 Broad Street, N.W.
                                           Atlanta, GA 30303
24                                         Telephone: (404) 522-1122
                                           Facsimile: (404) 522-1133
25                                         lisa.millican@lawofficepc.com

26

27

28

1

Anthony J. Morgese
MORGESE LAW FIRM
3233 S. Cherokee Lane, Building 1000
Woodstock, GA 30188
Telephone:  770-517-6711
Facsimile:  770-517-6715
lawpair@aol.com

2

3

4

5    Counsel for Plaintiff and the Proposed Class

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28