Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

Joshua A. Millican (*pro hac vice*)
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
The Grant Building, Suite 607
44 Broad Street, N.W.
Atlanta, GA 30303
Telephone:  404-522-1152
Facsimile:  404-522-1133
joshua.millican@lawofficepc.com

Counsel for Plaintiff and the Proposed Class

[Additional Counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAYELYNN SAMS, on behalf of herself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>YAHOO! INC.,<br><br>                    Defendant. | Case No. 5:10-CV-05897-JF<br><br>**PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO FILE BRIEF BY NON-PARTY PUTATIVE *AMICUS CURIAE* NATIONAL DISTRICT ATTORNEYS ASSOCIATION IN SUPPORT OF DEFENDANT YAHOO! INC.'S MOTION TO DISMISS**<br><br>Date:         April 29, 2011<br>Time:        9:00 a.m.<br>Courtroom: 3<br>Judge:       Hon. Jeremy Fogel |

5:10-CV-05897-JF

**I.      INTRODUCTION**

The National District Attorneys' Association (hereinafter "NDAA") has moved the Court for permission to file a brief as *amicus curiae*.[1] However, leave to file *amicus curiae* briefs should not be granted without due consideration. Here, the Court should reject the Motion, as the NDAA's brief demonstrates a complete misapprehension of the claims at issue in this case, misstates the applicable law,[2] and was filed in an untimely manner.[3]

**II.     SUMMARY OF ARGUMENT**

The NDAA claims that this case is merely about the method of service – *i.e.*, whether fax is sufficient – as opposed to the voluntary production of information protected by the Stored Communications Act ("SCA") and Electronic Communications Privacy Act of 1986 ("ECPA") after receipt – but not in accordance with the terms – of a facially invalid subpoena. Rather than relying on the clear allegations of Plaintiff's Amended Complaint, it appears that the NDAA instead relied on portions of flawed arguments made by Defendant Yahoo! Inc. ("Yahoo!" or "Defendant").

The NDAA next leaps to the proposition that this case is an invalid collateral attack on a criminal conviction, which is simply incorrect. Plaintiff is an individual who was not even criminally charged, must less convicted. The NDAA's argument in support of that position is at best, irrelevant.

Finally, the NDAA argues that the disclosure was not voluntary even though: (a) it was termed "voluntary" by the Lowndes County District Attorney (Doc. 5, Exs. B and C);[4] (b) it did

---

[1] NDAA's counsel has failed to sign its motion papers (Doc. 37), including the Brief (Doc. 37-1), Amended Motion (Doc. 42), or Amended Brief (Doc. 42-1), as required under Fed. R. Civ. P. 11.

[2] For example, the NDAA captions its motion as motion for leave to file brief in "Support of Defendant Yahoo! Inc.'s Motion for Summary Judgment."

[3] While there is no Federal Rule of Civil Procedure or Local Rule on point, the Federal Rules of Appellate Procedure are helpful as Fed. R. App. P. 29(e) provides that an amicus curiae brief must be filed no later than seven (7) days after the principal brief of the party being support is filed. Yahoo!'s principal "Motion to Dismiss" was filed January 10, 2011, and it then filed an Amended Brief on January 13, 2011. The NDAA filed its Motion for Leave to file its Amicus Curiae brief in support of Yahoo!'s Motion to Dismiss (Doc. 37) on February 7, 2011, twenty-eight days after the principal brief was filed. The NDAA amended its motion on February 16, 2011. Both submissions by the NDAA should be deemed untimely.

[4] "Doc.__" refers to the document listed in the docket of this litigation.

1  not meet any exception to the general prohibition against "Voluntary disclosures" contained in the
2  SCA, *see* 18 U.S.C. § 2702(a); and (c) while the disclosure followed receipt of a facially invalid
3  subpoena unenforceable under any circumstances, it still was not in accordance with the terms of
4  even that document.  The Court should reject the NDAA's motion out of hand.

5  **III.    ARGUMENT**

6  The NDAA's motion is premised on the notion that the Court should not interfere in a
7  "partnership" between law enforcement and "Internet Companies such as Yahoo!, Internet
8  Service Providers, financial institutions, hospitals and other medical care facilities, and other
9  entities keeping and maintaining records that may be required in a criminal investigation."
10 (Doc. 37-1, p. 2 and 42-1, p. 2.)  Given that the partnership has led to the unlawful production of
11 personal and private information, data, records and contents of electronic communications, which
12 are protected by the SCA and ECPA, the Court should carefully scrutinize this so-called
13 partnership.  Indeed, had Congress intended Yahoo! and other electronic communication services
14 ("ECS") and remote computing services ("RCS") to have such a close relationship with law
15 enforcement, it need not have passed the SCA and ECPA and could have simply left the Fourth
16 Amendment as an individual's sole protection from search and seizure of information in the
17 possession of ECS and RCS providers.

18 **A.    Plaintiff's Claims Are Not Just About Service Methods**

19 The NDAA claims that Plaintiff's Amended Complaint is solely about the method of
20 service of subpoenas.  This is simply wrong.

21 Plaintiff's claims arise from the fact that Defendant produced information voluntarily,
22 after receiving a facially invalid subpoena. Defendant apparently could neither be bothered to
23 require valid process nor even to act "in accordance with the terms" of the invalid process.
24 Instead, Defendant received a subpoena, which was: (a) a facially invalid attempt to require a
25 California witness to appear and give testimony before a grand jury in Georgia; (b) not issued
26 pursuant to the terms of the Uniform Act to Secure the Attendance of Witnesses from Without a
27 State in Criminal Proceedings, O.C.G.A. §§ 24-10-90-97 and Cal. Pen. Code §§ 1334-1334.6;
28 and (c) instead of producing documents and information "in accordance with the terms" of the

subpoena, Yahoo! voluntarily produced SCA and ECPA protected material to save itself (and, presumably, the requesting agency) the inconvenience of actually complying with the law. As shown in Plaintiff's Opposition to Defendant's Motion to Dismiss (Doc. 48), incorporated herein by reference, this is clearly a violation of the SCA and ECPA and has nothing to do with service by fax.

### B. Plaintiff's Claims Do Not Collaterally Attack A Conviction

The NDAA's next argument is that Plaintiff's claims are improper because they constitute a collateral attack on a criminal conviction. This argument is equally unavailing. Plaintiff here was never ***charged*** with a crime, much less ***convicted*** of one, rendering this argument entirely frivolous. However, even had she been charged and convicted, the NDAA's argument would still be incorrect.

The SCA prohibits private entities from voluntarily producing protected information to law enforcement and provides a statutory remedy of damages of various types. *See* 18 U.S.C. § 2707. The remedies and sanctions described in the SCA are the only judicial remedies and sanctions for non-constitutional violations of the SCA. 18 U.S.C. § 2708. It does not provide for the suppression in a criminal case of evidence produced in violation of its terms. *United States v. Smith*, 155 F.3d 1051, 1056 (9th Cir. 1998).

In *Smith*, the Ninth Circuit concluded that, in light of the express remedies provided for by the SCA, *see* 18 U.S.C. § 2701 (criminal penalties), 18 U.S.C. § 2707 (civil damages), and the SCA's exclusivity of remedies provision, 18 U.S.C. § 2708, the SCA "expressly rules out exclusion [of evidence] as a remedy." *Id.* at 1056 ("If the voicemail message at issue is subject to the strictures of the Stored Communications Act, then suppression is not an available remedy."); *see also United States v. Ferguson*, 508 F. Supp. 2d 7, 10 (D.D.C. 2007) ("Even if Defendant was correct that the Government did not comply with the SCA, the statute does not provide for a suppression remedy.") (citations omitted); *Bansal v. Russ*, 513 F. Supp. 2d 264, 282 (E.D. Pa. 2007) (purpose of 18 U.S.C. § 2708 is "to establish that the exclusionary rule is not a remedy provided for by the [SCA]"). Thus, the effect of proving that a disclosure was a violation of the SCA is that it permits a recovery against Yahoo!; it would have no effect on a criminal conviction

(which has not occurred in this case).

In addition, even were there an exclusionary remedy, the NDAA would still be wrong. In order to constitute an impermissible collateral attack on a conviction, "a judgment in favor of the plaintiff [must] necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Obviously, that is not the case here, as there never was a conviction or sentence. Moreover, even in the cases cited by the NDAA – again, if there were an exclusionary rule, which there is not – the *Heck* doctrine would only apply if the wrongfully produced evidence was a necessary linchpin for the conviction. Since there was neither a conviction nor is there an exclusionary rule under the SCA, the NDAA's arguments are inapplicable here.

### C. The Production Was Voluntary

The NDAA's final argument wholly ignores the allegations in Plaintiff's Amended Complaint, including the letters from the Lowndes County District Attorney, the terms of the subpoena at issue in this case, and other essential facts of the case. The NDAA argues that the use of the word "voluntary" to describe the production at issue in this case is inaccurate, even though it is the description used by the Lowndes County DA in the cover letter accompanying the subpoena in question, and it precisely describes the nature of Defendant's production.

In attempting to define voluntary for purposes of the SCA, the NDAA looks at everything but the statute itself. 18 U.S.C. § 2702(a) – "Voluntary disclosure of customer communications and records" – prohibits all knowing disclosures other than those specifically permitted by 18 U.S.C. § 2702(b) and (c). Thus, any knowing disclosure not included in the specific exceptions is a "voluntary" disclosure, which is prohibited. As Plaintiff has more fully detailed in her opposition to Defendant's Motion to Dismiss, the disclosures at issue here do not fall within any exception and, thus, were "voluntary" disclosures prohibited by 18 U.S.C. § 2702(a).

The letters transmitting the subpoenas in question even state that the production at issue would be "voluntary" and not in accordance with the terms of the subpoenas. They state:

> Prior to your appearance, **you may wish to voluntarily provide copies of this evidence** to Inv, Wendy Lain at the District Attorney's Office, Southern Judicial Circuit, P.O. Box 99, Valdosta, GA 31601 or fax to 229·245·5281.

- 4 -                                                                                       5:10-CV-05897-JF

> By **voluntarily providing us with copies** prior to your scheduled appearance, you will make it possible for us to review the evidence in your possession in advance. This should expedite your appearance before the Grand Jury and **may make it possible for us to put you on call**. If you are willing to do this, please indicate this when you call concerning this subpoena so that we can schedule an appointment for someone familiar with the case to meet with you. <u>**You are only required to appear and produce the evidence directly to the Grand Jury as commanded by the subpoena.**</u>

(Doc. 5, Exs. B and C) (emphasis in original). This is exactly what Yahoo! did: It produced the copies voluntarily and not in accordance with the terms of the subpoenas. Not even Yahoo! claims that it appeared and produced evidence directly to the Grand Jury as commanded by the subpoena. (Doc. 28, p. 8 n. 4.) Thus, Yahoo!'s actions were not in accordance with the terms of the subpoena or a good faith response, and, therefore, were "voluntary" as defined by 18 U.S.C. § 2702.

## IV. CONCLUSION

The brief which the NDAA proposes to file does not advance the issues before the Court on Yahoo!'s motion to dismiss. The Court should, accordingly, reject the NDAA's request to appear as *amicus*. For the aforementioned reasons, Plaintiff respectfully requests that the Court deny the NDAA's Motion for Leave to File Brief of *Amicus Curiae*.

Respectfully submitted,

Dated: April 8, 2011        KAPLAN FOX & KILSHEIMER, LLP

By:  */s/ Laurence D. King*
         Laurence D. King

Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
mchoi@kaplanfox.com

Joshua A. Millican (*pro hac vice*)
LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
607 The Grant Building
44 Broad Street, N.W.
Atlanta, GA 30303
Telephone: (404) 522-1152
Facsimile: (404) 522-1133
joshua.millican@lawofficpc.com

Matthew C. Billips (*pro hac vice*)
BILLIPS & BENJAMIN LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, GA 30339
Telephone: 770-859-0751
Facsimile: 770-859-0752
billips@bandblawyers.com

Lisa T. Millican (*pro hac vice*)
GREENFIELD MILLICAN P.C.
607 The Grant Building
44 Broad Street, N.W.
Atlanta, GA 30303
Telephone: (404) 522-1122
Facsimile: (404) 522-1133
lisa.millican@lawofficepc.com

Anthony J. Morgese
MORGESE LAW FIRM
3233 S. Cherokee Lane, Building 1000
Woodstock, GA 30188
Telephone: 770-517-6711
Facsimile: 770-517-6715
lawpair@aol.com

Counsel for Plaintiff and the Proposed Class